## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SHIRLEY WILLIAMS,           )
                                 )
                Plaintiff,      )
                                 )
    vs.                           )     Case No. 03-2200 ____
                                 )
SPRINT/UNITED MANAGEMENT COMPANY,  )
                                 )
                Defendant.   )

### COMPLAINT

**COMES NOW** Plaintiff Shirley Williams, by and through counsel, and for her causes of action against Defendant Sprint/United Management Company, alleges and avers as follows:

### GENERAL ALLEGATIONS

1. Plaintiff Shirley Williams (hereinafter "Plaintiff" or "Williams") is a 61-year-old citizen and resident of the State of Kansas.

2. Defendant Sprint/United Management Company (hereinafter "Defendant" or "Sprint") is a corporation which is currently in good standing and which is duly registered to do business in the State of Kansas and which was doing business in the State of Kansas at all times relevant to this lawsuit. Defendant may be served by and through its registered agent, Corporation Service Company, 200 S.W. 30th Street, Topeka, KS 66611.

3. This Court has jurisdiction over this action by virtue of 28 U.S.C. § 1331, in that it arises under the laws of the United States of America, namely, the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. and the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 (b) by virtue of the fact that a substantial part of the events or omissions giving rise to the claims set forth herein occurred

in the State of Kansas and that Defendant is registered to do and is doing business in the State of Kansas, subjecting it to personal jurisdiction in this action and making it a "resident" of this judicial district pursuant to 28 U.S.C. § 1391(c).

5.      Defendant Sprint/United Management Company, constitutes, and constituted at all times relevant to this action, an "employer" as defined in 29 U.S.C. § 630(b) and 42 U.S.C. §§ 12111.

6.      Plaintiff began her employment with Sprint in or about November of 1998 as an associate analyst.

7.      Plaintiff worked for Sprint from November of 1998 to and including March 13, 2002.

8.      During her employment with Sprint, Plaintiff performed her job duties satisfactorily, received numerous satisfactory performance appraisals and received periodic raises in pay.

9.      In August of 1999, Plaintiff was promoted to the position of analyst.

10.     In September of 2001, Williams received a satisfactory performance appraisal and was designated to receive a five (5) percent pay increase as a result of her job performance.

11.     Shortly after this satisfactory performance appraisal, Williams learned that she had been listed as a potential witness in a disability discrimination lawsuit brought by a former co-worker of Williams against Defendant.

12.     On or about November 28, 2001, Plaintiff was interviewed by counsel representing Defendant in connection with the disability discrimination lawsuit brought by a former co-worker of Williams against Defendant.

13.     During this interview, Williams disclosed information that was generally supportive of the former co-worker and disclosed the existence of a memo she wrote to her supervisor, Lorrie McCurdy (who was also a supervisor of the person bringing the other legal action against

-2-

Defendant).

14.     Shortly after her participation in this interview with counsel for Defendant, Williams began to receive unwarranted negative comments about her work performance.

15.     On at least two occasions after her participation in the interview with counsel for Defendant concerning the co-worker's legal action, Williams applied for analyst positions, but was denied these promotions (in favor of younger, less-qualified candidates).

16.     In December of 2001, Williams was given a verbal warning for conduct which younger employees had engaged in with impunity.

17.     In February of 2002, a new "subjective" grading system was introduced and Williams was improperly given a low rating.

18.     On March 1, 2002, two men under the age of 40, Darin Collins and Pat Paden, were promoted to analyst positions in Williams' department.

19.     On March 13, 2002, Williams and at least one other person over the age of 40 were informed that their analyst positions had been eliminated as part of a reduction in force.

20.     Defendant discriminated against plaintiff on the basis of her age with respect to the terms and conditions of her employment, by denying her promotional opportunities, and by terminating her employment on March 13, 2002.

21.     Upon plaintiff's termination, her position was filled by and/or her former job duties were assumed by one or more younger employees.

22.     Plaintiff was treated less favorably than similarly situated younger employees in the layoff.

23.     Plaintiff's age was a motivating and/or determining factor in the decision to terminate her employment.

24.     Defendant's stated reasons for plaintiff's termination were a pretext for discrimination on the basis of her age.

25.     Based upon defendant's discrimination against her, plaintiff filed a timely charge of age discrimination with the Equal Employment Opportunity Commission (EEOC) on or about May 21, 2002.

26.     Plaintiff has received a notice of right to sue from the EEOC.

27.     Plaintiff has fulfilled all conditions precedent to the filing of this action.

## COUNT 1--AGE DISCRIMINATION

28.     Plaintiff Williams hereby incorporates by reference each and every allegation and averment in her General Allegations as though fully set forth herein.

29.     Defendant Sprint discriminated against Plaintiff on the basis of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623.

30.     Defendant Sprint, by and through its officers, employees and agents, engaged in a continuing pattern and practice of discrimination against or disparate treatment of Plaintiff based upon Plaintiff's age, denying Plaintiff opportunities for promotions and ultimately terminating Plaintiff.

31.     As a direct and proximate result of the continuing pattern and practice of discrimination directed toward Plaintiff, or of the disparate treatment of Plaintiff, Plaintiff suffered actual damages in the form of lost wages, lost fringe benefits, loss of earning capacity, and in other respects, all in an amount yet to be determined, but not less than Seventy-Five Thousand Dollars ($75,000.00).

32.     Defendant Sprint's actions were willful, entitling Plaintiff to liquidated damages in an amount equal to the actual damages referred to in the preceding paragraph.

33.     Plaintiff has already incurred and will in the future incur substantial attorney's fees and expenses in prosecuting his claim of discrimination to which fees and expenses he is entitled pursuant 29 U.S.C. §§ 626(b) and 216(b).

**WHEREFORE**, Plaintiff respectfully prays judgment in her favor and against defendant Sprint/United Management Company in the form of the order of this Court: (1) permanently restraining defendant from ever again discriminating against Plaintiff or any other individual on the basis of that individual's age; (2) reinstating Plaintiff to her position with any promotions and pay increases she would have received in the interim; (3) awarding her back pay in an amount yet to be determined; (4) in the alternative to reinstatement, awarding her front pay in an amount yet to be determined; (5) awarding her lost fringe benefits in an amount yet to be determined; (6) awarding her liquidated damages in an amount equal to her actual damages; (7) awarding her the costs and expenses, including attorney's and expert witness fees, incurred in prosecuting her claims of discrimination; and (8) awarding such other and further relief as the Court deems just and proper.

## COUNT II–ADA RETALIATION

34.     Plaintiff Williams hereby incorporates by reference each and every allegation and averment in her General Allegations and in Count I above as though fully set forth herein.

35.     Defendant retaliated against Williams, in violation of 42 U.S.C. § 12203, after she "participated... in an investigation" by being interviewed by counsel for Defendant in connection with a disability discrimination lawsuit filed by a former co-worker, by (a) denying Williams promotions; (b) giving Williams an unfavorable performance appraisal; (c) targeting Williams for termination and/or layoff; and (d) terminating Williams on March 13, 2002.

36.     Defendant's actions were intended to coerce, intimidate, threaten or interfere with the exercise or enjoyment by Williams of rights granted her and/or protected by the Americans

with Disabilities Act, 42 U.S.C. §§ 12101 et seq. in violation of the provisions of 42 U.S.C. § 12203.

37.     As a direct and proximate result of the continuing pattern and practice of retaliation directed toward her or disparate treatment of her and of Defendant's termination of her, Plaintiff has suffered actual damages in the form of lost wages, lost fringe benefits, loss of earning capacity, loss of career opportunity, costs of seeking alternate income, expenses incurred in obtaining alternate income, pain and suffering, future medical expense, mental anguish, emotional distress, loss of enjoyment of life, and in other respects, all in an amount yet to be determined but not less than Seventy-Five Thousand Dollars ($75,000.00).

38.     Defendant's actions were wilful, wanton, malicious and in reckless disregard of Williams' rights; were motivated by evil motive or reckless indifference to the harm that they might inflict upon Williams or amounted to gross negligence.

39.     Williams has already incurred and will incur in the future substantial attorney's fees and expenses incurred in prosecuting this action, which fees and expenses are recoverable by virtue of 42 U.S.C. §§12117(a) and 12205, and 42 U.S.C. § 2000e-5(k).

**WHEREFORE**, Plaintiff respectfully prays judgment in her favor and against Defendant, in the form of the Order of this Court: (1) permanently restraining Defendant from ever again retaliating against Plaintiff or any other individual, for engaging in protected activity under the Americans with Disabilities Act; (2) reinstating Plaintiff to her former position; (3) awarding her back pay in an amount yet to be determined, but not less than Seventy-Five Thousand Dollars ($75,000.00); (4) in the alternative to reinstatement, awarding her front pay in an amount yet to be determined; (5) awarding her lost fringe benefits in an amount yet to be determined; (6) awarding her compensation for physical injury, pain and suffering, future

medical, mental anguish, emotional distress, loss of enjoyment of life, and other categories of actual damage, each in an amount yet to be determined but not less than Seventy-Five Thousand Dollars ($75,000.00);  (7) awarding her punitive damages in the amount of $1,000,000.00 (One Million Dollars) or such other amount as a jury may deem appropriate; (8) awarding her reasonable costs, including expenses and attorneys fees; and (9) awarding her such other and further relief as the Court deems just and proper.

**COUNT III-ADEA COLLECTIVE ACTION**

40.     Plaintiff Williams hereby incorporates by reference each and every allegation and averment in her General Allegations above as though fully set forth herein.

41.     Cumulatively or in the alternative, Defendant engaged in a pattern and practice of discrimination against Plaintiff and others similarly situated in the respects specified in Count I in violation of the Age Discrimination in Employment Act,  29 U.S.C. § 623 et seq.

42.     Plaintiff's charge of discrimination filed with the EEOC asserted claims on behalf of herself and others similarly situated.

43.     As a direct and proximate result of the continuing pattern and practice of discrimination and/or disparate treatment of Plaintiff and others similarly situated, Plaintiff and others similarly situated have suffered actual damages in the form of lost wages, lost fringe benefits, loss of earning capacity, loss of career opportunity, costs of seeking alternate income, expenses incurred in obtaining alternate income, and in other respects, all in an amount yet to be determined but not less than Seventy-Five Thousand Dollars ($75,000.00).

44.     Defendant's actions were wilful, wanton, malicious and in reckless disregard of Plaintiff's rights and those of others similarly situated.

45.     Plaintiff has already incurred and will incur in the future substantial attorney's

fees and expenses incurred in prosecuting this action, which fees and expenses are recoverable by virtue of 29 U.S.C. §§ 626(b) and 216(b).

**WHEREFORE**, Plaintiff respectfully prays judgment in her favor and against Defendant, in the form of the Order of this Court: (1) permanently restraining defendant Sprint/United Management Company from ever again discriminating against Plaintiff or any other individual on the basis of that individual's age; (2) reinstating Plaintiff and others similarly situated to their former positions; (3) awarding Plaintiff and others similarly situated back pay in an amount yet to be determined, but not less than Seventy-Five Thousand Dollars ($75,000.00); (4) in the alternative to reinstatement, awarding Plaintiff and others similarly situated front pay in an amount yet to be determined; (5) awarding Plaintiff and others similarly situated lost fringe benefits in an amount yet to be determined; (6) awarding Plaintiff and others similarly situated liquidated damages in an amount equal to their actual damages; (7) awarding Plaintiff and others similarly situated their reasonable costs, including expenses and attorneys fees; and (8) awarding Plaintiff and others similarly situated such other and further relief as the Court deems just and proper.

Respectfully submitted,

**THE POPHAM LAW FIRM, P.C.**

By:  /s/ Stephen J. Dennis
            DENNIS E. EGAN, Bar No. 70672
            STEPHEN J. DENNIS, Bar. No. 12453
            323 West 8th Street, Suite 200
            Kansas City, Missouri 64105
            (816) 221-2288
            Telecopier No. (816) 221-3999

**ATTORNEYS FOR PLAINTIFF**

-8-

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable as a matter of right.

/s/ Stephen J. Dennis
Attorney for Plaintiff

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place where this case should be tried.

/s/ Stephen J. Dennis
Attorney for Plaintiff