IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Shirley Williams,**

       **Plaintiff,**

**v.**                                                                                Case No. 03-2200-JWL

**Sprint/United Management Company,**

       **Defendant.**

## MEMORANDUM & ORDER

Plaintiff Shirley Williams filed this suit on behalf of herself and others similarly situated asserting that her age was a determining factor in defendant's decision to terminate her employment during a reduction-in-force. This case has been provisionally certified as a collective action pursuant to 29 U.S.C. § 216(b) and the parties are presently engaged in discovery concerning the merits of plaintiffs' pattern and practice allegations.

This matter is presently before the court on plaintiffs' objections to a portion of the magistrate judge's March 15, 2005 order denying plaintiffs' motion to compel discovery. The court has scheduled a hearing with the parties for Thursday, March 31, 2005 at 2:00p.m. for the purpose of resolving plaintiffs' motion. In preparing for the hearing, however, the court has reviewed the record as it relates to plaintiffs' motion and readily concludes (without the need for oral argument) that the magistrate judge's order is contrary to law to the extent it places on the movant in the context of a motion to compel the initial burden of addressing each and every objection lodged by the party resisting discovery.

The court has decided to issue a written order on this subject to clarify for these parties and parties that appear before the court in other cases what this court believes are the respective burdens appropriately born by the parties in the context of a motion to compel discovery. Moreover, while the court typically would remand the motion back to the magistrate judge for the purpose of resolving the motion on the merits, the court in this case will address the merits of plaintiffs' motion to compel (or, more accurately, the merits of defendant's objections) in light of the need for expedited discovery rulings in this multi-plaintiff collective action. Thus, the court will conduct the motion hearing on Thursday, March 31, 2005 at 2:00pm for the purpose of addressing the merits of defendant's objections to Plaintiffs' Fifth Interrogatory No. 12.

*Background*

Plaintiffs object to that portion of the magistrate judge's order denying plaintiffs' motion to compel defendant's complete response to Plaintiffs' Fifth Interrogatory No. 12. That particular interrogatory states as follows:

> Is Sprint, as a government contractor, required to follow the "Uniform Guidelines on Employee Selection Procedures," 28 CFR § 1607.1 *et seq*.? If the answer is "yes," identify the three (3) employees of Sprint's who are best able to testify concerning the requirements for doing "impact" analysis for selection procedures used as a basis for any employment decision, including retention and termination. Also, identify all "impact" documents and data maintained by Sprint under the "Uniform Guidelines on Employee Selection Procedures" for the listed years: 2000; 2001; 2002; 2003; 2004.

Sprint objected to the interrogatory on numerous grounds. Specifically, Sprint objected on the grounds that the interrogatory seeks irrelevant information in that the Guidelines expressly state

that they do not apply to responsibilities under the ADEA; that the interrogatory "misrepresents" the nature of the Guidelines because the regulations do not require employers to follow the Guidelines; that the interrogatory is cumulative and duplicative of prior discovery requests which sought documents that the court has already adjudicated are not discoverable and, thus, the interrogatory is oppressive, vexatious, burdensome and without justification; and that the interrogatory seeks to invade the attorney-client privilege and the work-product doctrine.

After satisfying the district's "meet and confer" requirements, *see* D. Kan. R. 37.2, plaintiffs filed a motion to compel, among other things, defendant's complete response to their Fifth Interrogatory No. 12. The magistrate judge summarily denied the motion with respect to Interrogatory No. 12, ruling that defendant's objections "stand" because plaintiffs did not meet "their initial burden of addressing all of Defendant's objections to Interrogatory No. 12." Thereafter, plaintiffs filed their objections to this portion of the magistrate judge's order.

*Applicable Standard*

Magistrate judges may issue orders as to non-dispositive pretrial matters and district courts review such orders under a "clearly erroneous or contrary to law" standard of review. *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard applies to factual findings, *see* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3069, at 355 (2d ed.1997) (and cases cited therein), and requires that the district court affirm unless it is left

with the "definite and firm conviction that a mistake has been committed." *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). By contrast, the "contrary to law" standard permits "plenary review as to matters of law." *See* Wright, Miller & Marcus, *supra*, § 3069, at 355; *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3rd Cir. 1992); *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999) ("contrary to law" standard permits independent review of purely legal determinations by a magistrate judge); *Weekoty v. United States*, 30 F. Supp. 2d 1343, 1344 (D.N.M. 1998) (when reviewing legal determinations made by magistrate judge, standard of review is de novo). The magistrate judge in this case denied plaintiffs' motion to compel with respect to Interrogatory No. 12 based on a rule of law. Thus, the court reviews that order under the more lenient "contrary to law" standard.

*Discussion*

In their objections to the magistrate judge's order, plaintiffs do not expressly challenge the magistrate judge's conclusion that the initial burden was on plaintiffs, as the movants, to address each objection asserted by defendant. However, plaintiffs do challenge the magistrate judge's denial of their request to provide further briefing with respect to Interrogatory No. 12–a request that plaintiffs made in their February 28, 2005 status report. The magistrate judge did not permit further briefing and, instead, issued an order on March 15, 2005 denying the motion to compel with respect to Interrogatory No. 12. Because plaintiffs' status report reflects that their proposed additional briefing with respect to Interrogatory No. 12 would have addressed several (if not all)

4

of defendant's objections to the interrogatory, the court concludes that plaintiffs, by expressly challenging the magistrate judge's denial of their request to provide additional briefing, have opened the door to a review of the magistrate judge's decision that plaintiffs had (and failed to satisfy) the burden of addressing each objection raised by defendant.

As noted above, in his order denying plaintiffs' motion to compel with respect to Interrogatory No. 12, the magistrate judge held that defendant's objections stand because plaintiffs "have not met their initial burden of addressing all of Defendant's objections to Interrogatory No. 12." In support of his ruling, the magistrate judge cited to a single case, *Sonnino v. University of Kansas Hospital Authority*, 221 F.R.D. 661, 671 n.37 (D. Kan. 2004), a decision also authored by the magistrate judge. In *Sonnino*, the magistrate judge stated, in dicta, that

> the party filing the motion to compel has the initial burden of addressing each boilerplate objection in its motion to compel. By doing so, that brings the objection "into play" and places the burden on the objecting party to support its objections. If the moving party fails to address an objection in its motion to compel, the objecting party need not raise it, and the objection will stand.

221 F.R.D. at 671 n.37. The magistrate judge did not cite to any authority for these statements. The court's research reveals that the magistrate judge, on two subsequent occasions, has reiterated his belief that the moving party has the initial burden to address all objections. In *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677 (D. Kan. 2004), the judge denied a motion to compel as to certain requests based on the moving party's failure to satisfy its burden of addressing each and every objection in the motion to compel. 224 F.R.D. at 691-92. In doing so, he relied solely on his previous opinion in *Sonnino*. *See id.* Similarly, in *Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658 (D. Kan. 2004), the magistrate judge referenced the moving party's burden to address

5

in its motion to compel each objection asserted by the party resisting discovery. 225 F.R.D. at 660. In doing so, he again relied solely on his prior decision in *Sonnino*. He clarified, however, that the objection "must have some merit on its face before the Court will uphold it." *Id*.

This court's own research has not uncovered any other cases–from the Tenth Circuit, this district, or any other courts–in which a court has placed the "initial burden" on the moving party to address each and every objection lodged by the party resisting discovery. In fact, courts have long held that the burden is on the objecting party to show why an interrogatory is improper and while the burden is on the moving party to seek court action, the burden of persuasion remains at all times with the objecting party. *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2173, at 291-93 (2d ed. 1994) (and cases cited therein). In *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 661 (D. Kan. 1999), for example, Magistrate Judge Rushfelt rejected the defendants' argument that their attorney-client privilege objection to a request for production of documents should stand because the plaintiffs did not raise the issue of privilege in their motion to compel. As Judge Rushfelt stated,

> That plaintiffs never raised the issue of privilege to the court has no materiality. The duty rested with defendants, not plaintiffs. If defendants intended to rely upon objections of privilege or work product, they had the burden to assert them in opposing the motion to compel.

*Id*. As another court has recently emphasized, a party resisting discovery is not entitled to prevail on its objection unless that party demonstrates "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each

6

question is overly broad, [unduly] burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *Ruran v. Beth El Temple of West Hartford, Inc.*, 226 F.R.D. 165, 167 (D. Conn. 2005). The court in *Ruran* further noted that proper focus is on the "opposition brief" rather than the motion itself, as the nonmoving party bears the burden of demonstrating why the discovery requests should be denied. *Id.* at 168; *accord PAS Communications, Inc. v. Sprint Corp.*, 139 F. Supp. 2d 1149, 1159 (D. Kan. 2001) (where discovery sought appears relevant, party resisting discovery bears the burden of establishing lack of relevance).

The court does not criticize the magistrate judge for adopting an approach that encourages the moving party to focus the court's attention on the specific objections asserted by the party resisting discovery. In fact, such an approach is particularly attractive in a case like this one where counsel for plaintiffs, the moving party, have a tendency to submit lengthy briefs that often address a myriad of issues but focus very little on the precise issue before the court. For this reason, the court strongly urges plaintiffs' counsel, in submitting briefs to the court, to concentrate their efforts on the specific issue at hand rather than "muddying" the waters with arguments and facts that appear to be only tangentially related to the particular motion before the court. That being said, however, a "per se" rule requiring the moving party in the motion to compel context to bear the initial burden of addressing each and every objection asserted by the party resisting discovery is not workable. In some instances, the moving party will simply not have the requisite knowledge to address the objection in a meaningful way. For example, if a party resists discovery on the grounds that providing the information would be too burdensome, the moving party often has no

knowledge as to how the information sought is maintained in the ordinary course of business. Clearly, the nonmoving party in that case is better able to address the objection in the first instance. Suffice it to say, the court does not believe that the rule espoused by the magistrate judge is a viable one.

For lawyers and parties appearing before this court, the court will continue to require the nonmoving party to bear the burden of showing specifically why the interrogatory or other discovery request is improper. In most cases, the moving party need only file its motion to compel and draw the court's attention to the relief the party seeks. At that point, the burden is on the nonmoving party to support its objections with specificity and, where appropriate, with reference to affidavits and other evidence.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion to review and objections to the magistrate judge's March 15, 2005 order (doc. 2779) is granted. The court will address the merits of defendant's objections to Interrogatory No. 12 at the motion hearing set for Thursday, March 31, at 2:00pm.

**IT IS SO ORDERED.**

Dated this 30th day of March, 2005, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge