## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Shirley Williams et al.,**

           **Plaintiffs,**

**v.**                                     **Case No. 03-2200-JWL**

**Sprint/United Management Company,**


           **Defendant.**


### MEMORANDUM & ORDER

Plaintiff Shirley Williams filed this suit on behalf of herself and others similarly situated asserting that her age was a determining factor in defendant's decision to terminate her employment during a reduction-in-force.  This case has been provisionally certified as a collective action pursuant to 29 U.S.C. § 216(b) and the parties are presently engaged in discovery concerning the merits of plaintiff's pattern and practice allegations.  This matter is presently before the court on plaintiffs' motion for leave to consolidate actions and to file a second amended complaint (doc. 2902).  Specifically, plaintiffs move to have ten plaintiffs who have filed separate actions joined as plaintiffs in this action pursuant to Federal Rule of Civil Procedure 20(a); seek to add a disparate impact claim in light of the Supreme Court's decision in *Smith v. City of Jackson, Mississippi*, 125 S. Ct. 1536 (2005); and seek to expand the definition of the class.  Oral argument was held on July 26, 2005.  As explained below, the court now grants in part and denies in part plaintiffs' motion.

The court begins with plaintiffs' request to have ten plaintiffs joined as named plaintiffs in

this action.   During the motion hearing, the court and the parties reached a consensus that the benefits plaintiffs desired to obtain through joinder could be achieved by simply permitting the plaintiffs in the separately filed actions to opt in to this case.   Indeed, five of these plaintiffs (Sharon S. Miller; Yvonne Wood; David C. Molz; Carol L. Kippes; Sharon Herren) have already opted in to this case.   Thus, the court denies without prejudice plaintiffs' motion as to the joinder issue (subject to refiling if appropriate after the pattern and practice phase of the case) and will permit the remaining five plaintiffs in the separately filed cases, *Cocherl v. Sprint*, 04-2273-JWL; *Selberg v. Sprint*, 04-2238-JWL; *Borel v. Sprint*, 04-2008-JWL; *Constance v. Sprint*, 03-2510-CM; and *Sturgess v. Sprint*, 03-2449-JWL, to opt in to this case.[1]   These plaintiffs shall file their consent to join forms no later than Friday, August 12, 2005 and they must provide to defendant completed questionnaires no later than Friday, August 26, 2005.

The court turns, then, to plaintiffs' request to add a disparate impact claim based on defendant's use of the "alpha rating" or "forced ranking" performance review system.   Defendant opposes this amendment on the grounds that it is futile.   *See E.spire Communications, Inc. v. New Mexico Public Regulation Commission*, 392 F.3d 1204, 1211 (10th Cir. 2004) ("A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment.").   Specifically, defendant contends that plaintiffs have failed to identify the "specific part" of the alpha rating system that allegedly has a disparate impact on older workers;

---

[1]*Constance v. Sprint*, 03-2510-CM will be transferred from Judge Murguia to this court at the same time that this order is filed.

that the alpha rating system, as a matter of law, could not have a disparate impact on older workers; that plaintiffs have misstated the "reasonable factor other than age" requirement and the rating system, as a matter of law, is reasonable; and that plaintiffs have failed to exhaust their administrative remedies with respect to a disparate impact claim. Each of these arguments is rejected and the court will permit plaintiffs to assert a disparate impact claim.

Defendant contends that plaintiffs have failed to identify a "specific part" of the alpha rating system that has a disparate impact on older workers.  This argument is based on the Supreme Court's statement in *City of Jackson* that an employee is responsible for "isolating and identifying the *specific* employment practices that are allegedly responsible for any observed statistical disparities."  125 S. Ct. at 1545 (emphasis in original).  The Supreme Court criticized the employees in *City of Jackson* for failing to "identify any specific test, requirement, or practice within the pay plan that has an adverse impact on older workers" and noted that the employees did "little more than point out that the pay plan at issue is relatively less generous to older workers than to younger workers."  *Id*.  The *City of Jackson* case does not suggest that the plaintiffs here must identify a "specific part" of the alpha rating system.  Rather, the alpha rating system itself is a specific employment practice that plaintiffs have identified within the context of the RIF that allegedly has an adverse impact on older workers and causes older workers to be disproportionately affected by the RIF.  Contrary to defendant's argument, then, plaintiffs have done far more than point out a "generalized policy" that leads to disparate impact.  *See Finch v. Hercules, Inc.*, 865 F. Supp. 1104, 1128 (D. Del. 1994) (plaintiff who challenged RIF's forced ranking process sufficiently identified "specific employment practice" for purposes of

establishing a prima facie case of disparate impact).

Defendant's second argument is that there is simply no component of the alpha rating system which could operate to result in a disproportionate negative impact on older workers. According to defendant, although the review system incorporates subjective performance criteria, nothing inherent in the use of such criteria would have a disparate impact on older workers; at the most, the use of subjective criteria would enable decisionmakers to mask their age-bias and, thus, would support a claim for intentional discrimination. This argument is rejected. First, the use of subjective criteria is a proper subject for a disparate impact analysis. *See Watson v. Fort Worth Bank and Trust*, 487 U.S. 977, 990 (1988) (disparate impact analysis is in principle no less applicable to subjective employment criteria than to objective or standardized tests). Second, plaintiffs are certainly allowed to plead in the alternative and the court cannot say at this juncture that plaintiffs can prove no set of facts that would entitle them to relief under a disparate impact theory. While the Second Circuit has suggested (and defendant urges) that the same policy or practice cannot be the focus of both a disparate impact claim and a disparate treatment claim, *see Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 115 (2d Cir. 1992), plaintiffs here have alleged facts that would support both theories.

Defendant also contends that the amendment should be denied because the proposed complaint "does not correctly allege the 'reasonable factor other than age' component of an ADEA disparate impact claim." In their proposed complaint, plaintiffs state that the "alpha rating system had a disparate impact on persons age 40 and over, and Defendant has no reasonable factor other than age to explain that disparate impact." According to defendant, the key is whether the decision

4

to utilize the challenged practice was based on reasonable factors other than age (RFOA). Regardless of whether plaintiffs misstated the issue, the amendment will not be denied on that basis.  Plaintiffs have no obligation to plead anything at all with respect to the RFOA defense–a defense that is defendant's burden to plead and prove.  *See Palochko v. Manville Corp.*, 21 F.3d 981 (10th Cir. 1994) (suggesting that RFOA defense is an affirmative defense).  Defendant also contends that its decision to utilize the alpha rating system is reasonable as a matter of law and, thus, the amendment should be denied.  This argument is simply not appropriate at this juncture. *See Bloom v. Ruhnke*, 2002 WL 1472236 (10th Cir. July 10, 2002) (issue of whether defendant had reasonable justification for instituting policy could not be resolved on motion to dismiss; reasonableness had to be demonstrated at trial or through a motion for summary judgment).

Finally, defendant claims that the amendment should be denied because plaintiffs have not exhausted their administrative remedies with respect to a disparate impact claim.  This argument is rejected for two alternative reasons.  First, prior to the Supreme Court's ruling in *City of Jackson*, the Tenth Circuit had expressly held that disparate impact claims are not cognizable under the ADEA.  *See Ellis v. United Airlines Inc.*, 73 F.3d 999, 1007 (10th Cir. 1996).  While the court's research has not uncovered any authority in this context or a sufficiently analogous context, the court simply does not believe that plaintiffs would have been required to exhaust a disparate impact claim when, at the time that plaintiffs were pursuing their administrative remedies, the Circuit had expressly rejected the viability of that claim and the Supreme Court simply had not addressed the issue.  Because the Circuit did not recognize the claim at all, there was simply no remedy for the claim that plaintiffs could exhaust.  Second, several of the

5

underlying EEOC charges in this case reference the performance review system.  Thus, because the facts underlying plaintiffs' disparate impact claim appear in the administrative charge, a disparate impact claim is reasonably related to the disparate treatment claims asserted by plaintiffs.  *See Brown v. Coach Stores, Inc.*, 163 F.3d 706, 712 (2d Cir. 1998) (disparate impact claim was reasonably related to failure-to-promote disparate treatment claim where EEOC investigation would have included investigation of promotion policies and their effect on minority employees); *Gomes v. Avco Corp.*, 964 F.2d 1330 (2d Cir. 1992) (same, where investigation of disparate impact claim would reasonably have flowed from an investigation of disparate treatment claim; complaint simply asserted two different theories of relief to remedy particular incidents of discrimination described in EEOC charge).

Having rejected each of defendant's arguments concerning the addition of a disparate impact claim, the court will permit plaintiffs to amend their complaint to assert this claim.  *See Townsend v. Weyerhaeuser Co.*, 2005 WL 1389197 (W.D. Wis. June 13, 2005) (in light of *City of Jackson*, permitting plaintiff to advance disparate impact claim for the first time in response to defendant's motion for summary judgment); *Lit v. Infinity Broadcasting Corp.*, 2005 WL 1377842 (E.D. Pa. June 8, 2005) (granting motion to amend complaint to include disparate impact claim in light of *City of Jackson* case, extending discovery on that issue and delaying summary judgment briefing on that claim).

The final issue raised by plaintiffs' motion is their efforts to expand the class to include those employees whose employment was terminated beginning in late July 2001 (the class is presently limited to those employees who, among other things, were terminated on or after

October 1, 2001) and to include certain employees who were classified as "E grade" (executive level) employees (the class is presently limited to those employees who were assigned to job grades 71 through 79). The court will not permit plaintiffs to expand the class definition at this juncture as it finds the request to do so untimely. *See Moore v. Reynolds*, 153 F.3d 1086, 1116 (10th Cir. 1998) (district court may deny a motion to amend when the request is untimely or a result of undue delay). Plaintiffs have been on notice since at least August 2004 that the reduction in force may have started earlier than October 2001. For example, Linda Ford, a former employee of defendant, filed her consent to join form on August 13, 2004 and she indicated on the form that her employment was terminated on July 21, 2001. Similarly, Rebecca Castro filed a consent to join form on August 27, 2004 indicating that her employment was terminated on July 21, 2001. Plaintiffs made no attempt to expand the class definition at any time after receiving these consent to join forms. While it is less certain when plaintiffs became aware that certain individuals terminated in the reduction in force were "E grade" employees, the court is nonetheless convinced that plaintiffs' attempt to expand the class definition to include executive-level employees for the first time after nearly two years of discovery simply comes too late.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiffs' motion for leave to consolidate actions and to file second amended complaint (doc. 2902) is granted in part and denied in part. Plaintiffs shall file their second amended complaint, consistent with this order, no later than Friday, August 12, 2005.

**IT IS FURTHER ORDERED BY THE COURT** that Terry Lee Cocherl; Carolyn Selberg; John Borel; Steve Constance; and Peggy Sturgess shall file their consent to join forms no later than Friday, August 12, 2005 if they desire to opt in to this collective action and they must provide to defendant completed questionnaires no later than Friday, August 26, 2005.

**IT IS SO ORDERED.**

Dated this 29th day of July, 2005, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

8