## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

Shirley Williams,

        Plaintiff,

v.                                         Case No. 03-2200-JWL

Sprint/United Management Company,


        Defendant.


### MEMORANDUM & ORDER

Plaintiff Shirley Williams filed this suit on behalf of herself and others similarly situated asserting that her age was a determining factor in defendant's decision to terminate her employment during a reduction-in-force (RIF). This case has been provisionally certified as a collective action pursuant to 29 U.S.C. § 216(b) and the parties are presently engaged in discovery concerning the merits of plaintiffs' pattern and practice allegations.

This matter is presently before the court on plaintiffs' motion to review and objections to the magistrate judge's July 12, 2005 order granting defendant's motion for protective order regarding advertising and marketing discovery. As set forth in more detail below, plaintiffs' motion is denied as the magistrate judge did not abuse his discretion in granting the protective order.

*Background*

On April 21, 2005, plaintiffs filed a deposition notice duces tecum under Federal Rule of Civil Procedure 30(b)(6) seeking to depose Sprint's designated representative to give testimony on Sprint's behalf "concerning its public relations, advertising and/or marketing programs designed to [sic] its brand and/or public image during the years 2001, 2002 and 2003." The notice also requested that the designated individual bring to the deposition various advertising and marketing materials, including documents relating to internal policy decisions regarding what Sprint's image was and/or should be and documents provided to or received by any professional advertising or marketing organization concerning Sprint's brand and/or image.

On June 8, 2005, Sprint filed a motion for protective order under Rule 26(c), asserting that information and documents concerning Sprint's advertising and marketing efforts are wholly irrelevant to plaintiffs' claims.[1]    On July 12, 2005, the magistrate judge granted defendant's motion, concluding that "plaintiffs have not shown that their discovery request for information concerning Defendant's public relations, advertising and marketing programs designed for its brand and public image is reasonably calculated to lead to the discovery of admissible evidence based upon the current claims in this case." Plaintiffs object to the magistrate judge's order, contending that the requested discovery is relevant as it will likely show that "senior level managers wanted Sprint's marketing efforts and its image or brand to reflect a culture of youth,

---

[1] While defendant's initial objections to plaintiff's notice included objections in addition to relevance, defendant's motion for protective order focused solely on defendant's relevance objection.

just as they wanted the Sprint workforce to be a culture of youth."

*Applicable Standard*

Magistrate judges may issue orders as to non-dispositive pretrial matters and district courts review such orders under a "clearly erroneous or contrary to law" standard of review.  *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

In the context of nondispositive discovery disputes, including the decision to grant a protective order pursuant to Federal Rule of Civil Procedure 26(c), a district court will review the magistrate judge's order for an abuse of discretion.  *See Microsoft v. MBC Enterprises*, 2004 WL 3007078, at *8 (10th Cir. Dec. 29, 2004) (district court reviews magistrate judge's discovery order for abuse of discretion; expressing "some concern whether the district court afforded the proper degree of deference to the magistrate judge's discovery order") (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3069 (2d ed. 1997) (noting that discovery disputes "might better be characterized as suitable for an abuse-of-discretion analysis")); *Cummings v. General Motors Corp.*, 365 F.3d 944, 954 (10th Cir. 2004) ("It is the unusual or exceptional case where the reviewing court will vacate a protective order entered by a trial court under Fed. R. Civ. P.  26(c)."); *LaFleur v. Teen Help*, 342 F.3d 1145, 1152-53 (10th Cir. 2003) (reviewing magistrate judge's grant of discovery protective order for abuse of discretion).

3

*Discussion*

Plaintiffs seek discovery of marketing and advertising materials relating to Sprint's "brand or public image." According to plaintiffs, such information will "likely show that senior level managers wanted Sprint's marketing efforts and its image or brand to reflect a culture of youth, just as they wanted the Sprint workforce to be a culture of youth." In support of their motion, plaintiffs rely in large part on the Tenth Circuit's decision in *Minshall v. McGraw Hill Broadcasting Co.*, 323 F.3d 1273 (10th Cir. 2003). According to plaintiffs, *Minshall* supports the principle that an employer's attempt to project a youthful image is relevant and admissible to demonstrate an impermissible age animus in a discriminatory discharge case. The magistrate judge disagreed with plaintiffs, concluded that *Minshall* was distinguishable and granted the protective order on the grounds that the discovery sought was not relevant to plaintiffs' claims. Plaintiffs have not shown that the magistrate judge abused his discretion in this regard.

In *Minshall*, the plaintiff, a former on-air investigative reporter for the defendant's television news program, was terminated and he sued the defendant for age discrimination. 323 F.3d at 1277-78. At trial, evidence was introduced showing that the defendant's news director–the person who made the decision to terminate the plaintiff's employment–made various changes to the program in an effort to reach a younger demographic. *See id.* at 1278, 1281. These changes included presenting "sexier stories" in the news, endeavoring to achieve a "more youthful presentation," and making overall changes to the news format. *See id.* at 1281. The Circuit held that the news director's comments about wanting to reach a younger demographic and desiring a "more youthful presentation" were sufficient to permit a jury to infer that the plaintiff's

4

employment was terminated based on his age.  *See id.* at 1282.  Specifically, the Circuit held that there was a nexus between the new director's comments and her decision to terminate plaintiff's employment because, under the "youthful" news format developed by the news director, the news director did not want to utilize on-air reporters over the age of 40.  *See id.*

In *Minshall*, then, a clear link existed between the defendant's "public image" and its decision to terminate the plaintiff's employment; that is, the defendant, in an effort to portray a youthful image in the hopes of reaching a younger audience, wanted to utilize younger on-air reporters who would promote the "youthful" image necessary (or perceived to be necessary) to reach the desired audience.  By contrast, there is no obvious link between Sprint's public image and its workforce or, more specifically, the RIF decisions in this case.  Even assuming that Sprint's advertising and marketing campaigns were designed to reach a younger demographic, the mere fact that Sprint is attempting to sell its products to young customers would not tend to show that Sprint terminated the employment of these plaintiffs based on age or that it bore any animus against older workers.  As Judge Waxse concluded, then, *Minshall* is readily distinguishable from the facts presented here.

Thus, while plaintiffs assert that Sprint's attempt to target younger customers (if, in fact, it is targeting such customers) necessarily means that Sprint wanted a younger workforce, they have no evidence suggesting such a link.  Plaintiffs attempt to establish a nexus between Sprint's public image and its workforce through the deposition testimony of Len Lauer, Sprint's Chief Operating Officer.  Mr. Lauer acknowledged in his deposition the importance of having a workforce that reflects the market.  Plaintiffs contend that Mr. Lauer's testimony concerning the

5

workforce and the market suggests that Sprint, through its advertising and marketing, was targeting a young market and therefore wanted its workforce to be young to appeal to the target market. The court disagrees with plaintiffs' conclusion.

Mr. Lauer does not remotely suggest in his deposition that Sprint was targeting a young market. In fact, Mr. Lauer's testimony clearly reflects that Sprint, in certain circumstances, was seeking a workforce that reflected a multicultural market. Mr. Lauer explained, by way of example, that Sprint would like to have a number of Hispanic people working in its marketing department because those individuals would be more sensitive to the needs and desires of a growing Hispanic market, including the need for Spanish-language materials and Spanish-speaking employees at Sprint's call centers. Moreover, even assuming that Sprint was targeting a young customer base, it does not necessarily follow that Sprint would not want older people in the workforce or that Sprint has an animus against older workers. Unlike the facts of *Minshall*, where the plaintiff appeared on television and was, in effect, the "image" or "face" of the employer, here there is no evidence that plaintiffs were the "face" of Sprint or otherwise represented Sprint to the outside world. Neither is there evidence that the ages of Sprint's employees would have any bearing on customer attitudes or that Sprint's customers, for whatever reason, would be more likely to purchase Sprint products if Sprint had youthful employees. In short, plaintiffs have not shown that Sprint's efforts to target young customers are relevant to their employment discrimination claims.

For the foregoing reasons, the court readily concludes that the magistrate judge properly exercised his discretion in granting defendant's motion for protective order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion to review and objections to the magistrate judge's July 12, 2005 order (doc. 3106) is denied.

**IT IS SO ORDERED.**

Dated this 31st  day of August, 2005, at Kansas City, Kansas.

s/ John W. Lungstrum      
John W. Lungstrum
United States District Judge
