IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Shirley Williams et al.,

    **Plaintiffs,**

v.                  Case No. 03-2200-JWL

Sprint/United Management Company,

    **Defendant.**

## MEMORANDUM & ORDER

  Plaintiff Shirley Williams filed this suit on behalf of herself and others similarly situated asserting that her age was a determining factor in defendant's decision to terminate her employment during a reduction-in-force. This case has been provisionally certified as a collective action pursuant to 29 U.S.C. § 216(b) and the parties are presently engaged in discovery concerning the merits of plaintiff's pattern and practice allegations.

  On July 29, 2005, the court issued an order denying in part and granting in part plaintiffs' motion for leave to consolidate actions and to file a second amended complaint. Specifically, the court granted plaintiffs' motion to the extent plaintiffs sought to assert a disparate impact claim in the light of the Supreme Court's decision in *Smith v. City of Jackson, Mississippi*, 125 S. Ct. 1536 (2005); denied plaintiffs' motion to the extent plaintiffs sought to have ten plaintiffs who had filed separate actions joined as named plaintiffs in this action; and denied plaintiffs' motion to the extent plaintiffs sought to expand the definition of the class.

  This matter is presently before the court on two motions related to the court's July 29,

2005 order. Plaintiffs have filed a motion to reconsider (doc. 3161) that portion of the court's order precluding plaintiffs from expanding the definition of the class. Defendant has filed a motion to strike (doc. 3184) portions of plaintiffs' second amended complaint. For the reasons explained below, both motions are granted.

**Plaintiff's Motion to Reconsider**

In their motion for leave to consolidate actions and to file a second amended complaint, plaintiffs represented to the court that their proposed second amended complaint reflected the joinder of ten individuals as named plaintiffs; adds a claim for disparate impact; identifies "Sprint Corporation" as an additional defendant; and "expands on factual details based on discovery to date." Nowhere in plaintiffs' motion did they specify what "factual details" were added in the proposed amended complaint and plaintiffs did not highlight any factual allegations that had been changed by the proposed amendment. Subsequent briefing on the motion, then focused solely on the joinder issue and the disparate impact claim. Consequently, the court, in preparing for oral argument on the motion, focused solely on the joinder issue and the disparate impact claim.

Consistent with the issues highlighted by plaintiffs in their motion, the parties' oral argument focused almost entirely on joinder and disparate impact. In wrapping up his argument to the court, plaintiff's counsel summarized the motion to amend as follows:

> The other things this complaint does besides add disparate impact is to add Sprint Corp. as a defendant and do some basic factual updates. Those are logistical things, given some of the wholly-owned nature of the subsidiaries that we learned of as we moved on in this case.

2

Plaintiffs' counsel, then, never advised the court that the proposed amended complaint sought to expand the scope of "similarly situated" employees by including, for the first time, E-grade or executive level employees (previously, "similarly situated" employees were defined as those employees in job grades 71 through 79) and by including, for the first time, those employees terminated through reduction in force beginning in July 2001 (previously, "similarly situated" employees were defined as those employees terminated through reduction in force beginning October 1, 2001). Indeed, the court was made aware of the proposed changes by defendant's counsel, who apparently noticed the changes while preparing for oral argument.[1] Defendant, then, asserted that plaintiffs were belatedly attempting to expand the definition of the class. While plaintiffs argued that they should be permitted to make the proposed amendment, they failed to present any focused arguments to the court[2] and the court, ultimately persuaded by defendant's argument, denied the proposed amendment.

Plaintiffs now move the court to reconsider its ruling. Ignoring their own deficiencies in identifying and explaining the proposed changes, plaintiffs recite a myriad of ways in which the court has committed clear error, best summarized by plaintiffs' statement that the court has

---

[1]The proposed amendments concerning E-grade employees and those employees terminated as early as July 2001 were hardly noticeable in terms of additional or modified language to the complaint.

[2]Indeed, the nature of plaintiffs' argument led the court to believe that plaintiffs would not be aggrieved if the court denied the proposed amendment. For example, plaintiffs' counsel stated that plaintiffs were prepared to simply use the October 1, 2001 deadline if the court denied the motion and that plaintiffs would follow the court's order "on whether [the proposed changes] should stay or not." Had plaintiffs been more candid in their communications to the court to begin with and better prepared to address the issue at oral argument, this procedural skirmish would have been avoided.

"handed defendant a procedurally (and substantively) defective 'dispositive motion' victory when defendant has shown **nothing** to deserve the windfall of wholesale and preemptive eradication of claims." (emphasis in original). Plaintiffs' basic argument is that the court's premise–that plaintiffs were attempting to expand the definition of the class–is erroneous because, while the "class definition" concept is critical in the Rule 23 context in the sense that it delineates those individuals who are members of the class and, as such, who will be bound by any judgment unless they affirmatively opt out of the class, any concept of "class definition" in the collective action context is largely inapplicable except to the extent that some defined group of "similarly situated" persons are notified of the action and invited to file consents to join. Stated another way, plaintiffs assert that the only limitation on a "class" in the collective action context is that putative plaintiffs be similarly situated to the named plaintiff and file consents to join, both of which are present with respect to the E-grade employees and those employees who were terminated prior to October 1, 2001. According to plaintiffs, then, their proposed changes did not expand the "class definition" but simply clarified the group of individuals who were already class members by virtue of having timely filed consents to join and being similarly situated to Ms. Williams.

Defendant tacitly concedes that the class definition concept is not pertinent in the collective action context. Nonetheless, defendant urges that the court's order was entirely appropriate because plaintiffs are belatedly attempting to expand the scope of their claims by including new classifications of individuals who are "similarly situated" to Ms. Williams.[3] The

---

[3]Defendant states in its response that plaintiffs have not shown any "exceptional circumstances" under Federal Rule of Civil Procedure 60(b) that would entitle them to the

problem with defendant's argument, however, is that these individuals are not "new" to the case. As plaintiffs highlight, all of the E-grade employees and those employees who were terminated prior to October 1, 2001 timely filed their consent to join forms and have been participating in this case for many months. Plaintiffs, then, are not belatedly seeking to add additional plaintiffs. At most, they are belatedly seeking to "update" their complaint to reflect the true scope of this case as it has existed for many months.

The court also finds it significant that defendant does not allege that it will suffer any prejudice if plaintiffs are permitted to amend their complaint to include reference to the E-grade employees and to those employees terminated prior to October 1, 2001. Because defendant has known about the existence of these plaintiffs for many months, certainly there is no surprise or prejudice in having the complaint reflect the presence of those parties. The court's conclusion that plaintiffs have not delayed in updating their complaint, coupled with the lack of prejudice to defendant, counsels in favor of permitting plaintiffs to amend their complaint. *See Calderon v. Kansas Dept. of Social and Rehab. Servs.*, 181 F.3d 1180, 1185-86 (10th Cir. 1999) ("The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits.").

For the foregoing reasons, plaintiffs' motion to reconsider is granted and they will be

---

relief they seek. Because plaintiffs filed their motion within 10 days of the court's order on their motion to amend, the motion for reconsideration is governed by Rule 59(e) rather than Rule 60(b). *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). In their motion, plaintiffs assert the need to correct clear error and prevent manifest injustice–appropriate bases for a Rule 59(e) motion. *See id.* (citing *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995)).

permitted to revise their second amended complaint to include references to E-grade employees and to those employees terminated as early as July 2001.[4]

**Defendant's Motion to Strike**

In their motion for leave to consolidate actions and to file a second amended complaint, plaintiffs sought to have ten individuals joined as named plaintiffs in this action. Plaintiffs proposed second amended complaint reflected this effort by setting forth nearly 200 new paragraphs of factual allegations regarding these ten individuals. The court denied plaintiffs' motion to the extent plaintiffs sought to join these individuals as named plaintiffs, noting that the benefits plaintiffs desired to obtain through joinder could be achieved by simply permitting the plaintiffs in the separately filed actions to opt in to this case (five of whom already had opted in to the case). The court, however, granted plaintiffs' motion in other respects unrelated to the ten individuals and directed plaintiffs to file their second amended complaint, consistent with the court's order, no later than August 12, 2005. Despite the court's denial of plaintiffs' motion on the joinder issue, the second amended complaint filed by plaintiffs on August 12, 2005 contains each of the nearly 200 new paragraphs of factual allegations regarding the ten individuals whom plaintiffs sought to have joined as named plaintiffs. Defendant now moves to strike each of these paragraphs on the grounds that plaintiffs did not seek or receive leave to include these paragraphs

---

[4]Nothing in this order precludes defendant from filing a motion seeking to have the claims of some or all of these plaintiffs dismissed if those plaintiffs' claims are untimely, have been waived by virtue of a release or otherwise fail.

6

in their second amended complaint. The motion is granted.

After the permissive filing period, Federal Rule of Civil Procedure 15(a) allows a plaintiff to amend the complaint "only by leave of court or by written consent of the adverse party." Plaintiffs had neither leave of court nor written consent of defendant to assert the additional allegations in their second amended complaint. Significantly, none of the paragraphs that defendant seeks to strike relate to the sole issue on which plaintiff was granted leave to amend–the assertion of a disparate impact claim (aside from those paragraphs stating that each of the ten individuals sustained damages as a result of defendant's conduct that had a disparate impact based on age). Plaintiffs suggest that the court's decision to permit these ten individuals to opt in to the case justifies plaintiffs' retention of the paragraphs containing factual allegations specific to these ten opt-in plaintiffs. The court disagrees. The court in no way suggested that plaintiffs had permission to amend their complaint by offering factual detail about these ten individuals. The court simply directed plaintiffs to file consent to join forms for the individuals who had not yet opted in and directed plaintiffs to submit their completed questionnaires to defendant. The court expressly denied the motion to amend as it related to the ten individuals. Defendant's motion to strike, then, is granted.

**IT IS THEREFORE ORDERED BY THE COURT** plaintiffs motion to reconsider (doc. 3161) is granted and defendant's motion to strike (doc. 3184) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** plaintiffs' second amended

complaint is stricken in its entirety and plaintiffs shall file a revised second amended complaint, reflecting the rulings set forth herein, no later than November 15, 2005.

**IT IS SO ORDERED.**

Dated this 1st day of November, 2005, at Kansas City, Kansas.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge