**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

SHIRLEY WILLIAMS, et al.,

        Plaintiffs,

v.                                                      Case No.  03-2200-JWL-DJW

SPRINT/UNITED MANAGEMENT CO.,

        Defendant.

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiffs' Motion to Declare Defendant Has Waived Any Asserted Privilege With Regard to Certain Documents and Electronic Spreadsheets (doc. 3192).  In support of the Motion, Plaintiffs assert Defendant waived any protection from disclosure with regard to documents and electronic spreadsheets for which a privilege log entry was not timely produced.

It is true that Fed. R. Civ. P. 26(b)(5) requires the objecting party to expressly make a claim of privilege and to describe the nature of the documents, communications, or things not produced in a manner that, without revealing information itself privileged or protected, will enable the other party to assess the applicability of the privilege.  It also is true that failure to follow the Federal Rules of Civil Procedure may result in waiver of attorney-client privilege and/or work-product protection.[1]  Although this result is not mandated by the federal rules, the Advisory Committee contemplated the sanction: "[t]o withhold materials without [providing notice as described in Rule 26(b)(5)] is contrary to the rule, subjects the party to sanctions under Rule 37(b)(2), and may be viewed as a waiver of the privilege."[2]

---

[1] 8 Charles Alan Wright, Federal Practice and Procedure § 2016.1, at 228-29 (2d ed.1994).

[2] Fed. R. Civ. P. 26(b)(5) advisory committee's note (1993).

Acknowledging the harshness of a waiver sanction, however, courts have reserved such a penalty for only those cases where the offending party committed unjustified delay in responding to discovery.[3] Minor procedural violations, good faith attempts at compliance and other such mitigating circumstances bear against finding waiver.[4]

Here, there is no evidence that Defendant acted in bad faith. In fact, the evidence suggests Defendant was actively engaged in efforts to locate and produce a vast number of documents responsive to broad requests and, at several status conferences held during this time period, updated the Court on the status of its privilege log. In addition, both sides of this case have had situations where additional time was needed to either to initiate or complete certain steps in the discovery process. In general the Court has granted the additional time and not sanctioned the party that may have missed the deadline. In light of Defendant's good faith attempts at compliance, as well as the considerable number of hard copy and electronic documents involved in this case, the Court finds a sanction of waiver too harsh; thus, Defendant is not deemed to have waived any protection for the documents listed in its privilege log based on the untimely submission of its log.

For these reasons, Plaintiffs' Motion to Declare Defendant Has Waived Any Asserted Privilege With Regard to Certain Documents and Electronic Spreadsheets (doc. 3192) is denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 2nd day of February, 2006.

---

[3]*See First Sav. Bank, F.S.B. v. First Bank Sys., Inc.*, 902 F. Supp. 1356, 1361-63 (D. Kan.1995) (collecting cases), *rev'd on other grounds*, 101 F.3d 645 (10th Cir. 1996).

[4]*Id.*

                                                  <u>s/ David J. Waxse</u>
                                                  David J. Waxse
                                                  United States Magistrate Judge

cc:     All counsel and *pro se* parties