IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Shirley Williams et al.,

          Plaintiffs,

v.                                        Case No. 03-2200-JWL

Sprint/United Management Company,

          Defendant.

## MEMORANDUM & ORDER

Plaintiff Shirley Williams filed this suit on behalf of herself and others similarly situated asserting that her age was a determining factor in defendant's decision to terminate her employment during a reduction-in-force (RIF), that defendant engaged in a pattern and practice of age discrimination in implementing the RIF and that defendant's forced-ranking performance review system had a disparate impact on older workers. This case has been provisionally certified as a collective action pursuant to 29 U.S.C. § 216(b) and the parties are presently engaged in discovery concerning the merits of plaintiff's pattern and practice allegations. This matter is now before the court on defendant's motion to dismiss opt-in plaintiff Davis Shikles (doc. 3511). For the reasons explained below, the motion is granted.

*Background*

The facts pertinent to defendant's motion to dismiss are not disputed. Davis Shikles began working in defendant's billing department in 1997, when he was fifty-six years old. *See Shikles*

*v. Sprint/United Management Co.*, 426 F.3d 1304, 1306 (10th Cir. 2005).   In March 2002, defendant terminated Mr. Shikles' employment as part of a reduction in force.   *Id*.   In May 2002, Mr. Shikles filed a charge with the EEOC alleging that his termination constituted unlawful age discrimination and in October 2002, he filed suit against defendant in this district asserting claims under the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.   *Id*. at 1306-07.   The case was assigned to Judge Vratil.   Defendant moved for summary judgment, asserting that Mr. Shikles' "failure to cooperate in the EEOC's investigation of his charge constituted a failure to exhaust administrative remedies that deprived the district court of subject matter jurisdiction."   *Id*. at 1307.   Judge Vratil granted defendant's motion, concluding that the court lacked subject matter jurisdiction over Mr.   Shikles' claims as he had not cooperated with the EEOC and, thus, had not exhausted his administrative remedies.   *Id*.   On appeal, the Tenth Circuit agreed with Judge Vratil that Mr. Shikles failed to exhaust his administrative remedies because he failed to cooperate in the EEOC's investigation of his charge.   *See id.* at 1317.   The Circuit, however, vacated the grant of summary judgment and directed the district court to dismiss Mr. Shikles' claims for lack of subject matter jurisdiction.   *See id.* at 1318.

While his appeal with the Tenth Circuit was pending, Mr. Shikles filed his consent to join this collective action as an opt-in plaintiff.   It is undisputed that this action and Mr. Shikles' prior action allege the same claim and arise from the same set of facts.   Defendant now moves to dismiss Mr. Shikles as an opt-in plaintiff in this case.

*Discussion*

2

In support of its motion to dismiss, defendant contends that the court lacks subject matter jurisdiction over plaintiff's claims and that plaintiff is barred from relitigating the issue of jurisdiction and exhaustion of remedies.[1]   Defendant is correct that issue preclusion prevents Mr. Shikles from relitigating the question of subject matter jurisdiction as that issue has been fully litigated and decided.   *See Cory v. Fahlstrom*, 2005 WL 1526135 (10th Cir. June 29, 2005) ("Issue preclusion prevents a party from relitigating a jurisdictional question when the party had a full and fair opportunity to litigate the matter in the prior case and the party is reasserting an identical jurisdictional claim."); *see also Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) ("[A] dismissal without prejudice for, say, lack of subject-matter jurisdiction, would still preclude relitigation of the issue of subject-matter jurisdiction in the absence of newly arising facts or law.") (J. Hartz, concurring).

Mr. Shikles, however, does not seek to relitigate the issue of whether he exhausted his administrative remedies.   According to Mr. Shikles, he must be allowed to proceed as an opt-in plaintiff in this case–regardless of his failure to exhaust–pursuant to the "single-filing rule" or the

---

[1]Defendant also asserts that dismissal is mandated based on res judicata principles.  This argument is readily rejected as it is well settled that a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits for purposes of res judicata.  *See, e.g., Cory v. Fahlstrom*, 2005 WL 1526135 (10th Cir. June 29, 2005) (dismissal on res judicata grounds was improper where prior suit did not end with a judgment on the merits; instead, court dismissed prior suit for lack of subject matter jurisdiction); *Hollander v. Sandoz Pharmaceuticals Corp.*, 289 F.3d 1193, 1216-17 (10th Cir. 2002) (court's jurisdictional ruling did not address the merits of the plaintiffs' claims); *accord Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1188 (11th Cir. 2003) (a dismissal for lack of subject matter jurisdiction "plainly is not an adjudication on the merits that would give rise to a viable res judicata defense."); *St. Pierre v. Dyer*, 208 F.3d 394, 400 (2d Cir. 2000) (a dismissal for lack of subject matter jurisdiction is not an adjudication of the merits and has no res judicata effect).

"piggybacking rule" as reaffirmed by the Tenth Circuit in *Foster v. Ruhrpumpen*, 365 F.3d 1191

(10th Cir. 2004).   In *Foster*, the Circuit described the "piggybacking" or single filing" exception

to the EEOC individual filing requirement as follows:

> Generally speaking, each plaintiff must exhaust his or her administrative
> remedies by filing a timely EEOC charge prior to bringing suit.  However, given the
> widespread concern over discriminatory employment practices and the
> congressional intent behind Title VII and the ADEA, the federal courts have
> universally recognized an exception to the individual filing rule which provides that
> "in a multiple-plaintiff, non-class action suit, if one plaintiff has filed a timely
> EEOC complaint as to that plaintiff's individual claim, then co-plaintiffs with
> individual claims arising out of similar discriminatory treatment in the same time
> frame need not have satisfied the filing requirement."   This exception to the
> individual filing requirement is known alternatively as the "single filing rule" or
> "piggybacking."

*Id*. at 1197 (citations and quotation omitted).   Ultimately, in *Foster*, the Circuit applied the single-

filing doctrine to permit four plaintiffs who had not filed charges of discrimination to "piggyback"

their claims on to the filings made by other plaintiffs and held that the district court erred in

dismissing their claims.   *See id.* at 1198-99.   Mr. Shikles asserts that he "is in no different

position" than the plaintiffs in *Foster* who "failed to exhaust their administrative remedies."

As defendant highlights, however, Mr. Shikles is in a markedly different position than the

plaintiffs in *Foster*.   Of course, in *Foster*, the plaintiffs who were permitted to piggyback had not

filed charges of discrimination.   Mr. Shikles has filed his own charge of discrimination and this

distinction is fatal to Mr. Shikles' attempt to piggyback on the filings of other plaintiffs in this

action.   As the Circuit has clarified in other cases, the single-filing rule "allows a plaintiff, *who*

*did not file an EEOC charge*, to piggyback on the EEOC complaint filed by another person who

is similarly situated."   *Thiessen v. General Elec. Cap. Corp.*, 267 F.3d 1095, 1110 (10th Cir.

4

2001) (citations omitted) (emphasis added).   In *O'Neal v. Thompson*, 2002 WL 31862689 (10th Cir. Dec. 23, 2002), the Tenth Circuit, albeit in an unpublished decision, expressly declined to extend the single-filing rule to permit a plaintiff who had filed an individual charge to predicate her claim on the administrative complaint of another plaintiff.   In that case, one plaintiff, Beverly Wilkins, filed an administrative complaint but did not pursue her claims in federal court until long after the 90-day period triggered by the right-to-sue notice that she had received.   *See id.*   The district court dismissed her claims for failure to exhaust administrative remedies.   *See id*.   On appeal, Ms. Wilkins argued that she should have been permitted to rely on the administrative charge of one of her co-plaintiffs.   *See id.*   The Tenth Circuit rejected this argument, stating that "a plaintiff who filed an individual charge may not invoke the single-filing rule," and held that the district court properly dismissed Ms. Wilkins' claims.   *See id.*   In doing so, the Circuit cited to other federal courts of appeals that had similarly concluded that a plaintiff who filed an individual charge of discrimination "should be required to rely upon his or her own . . . charge and cannot reasonably rely upon [an]other claimant's charge."   *See id.* (quoting *Gitlitz v. Compagnie Nationale Air France*, 129 F.3d 554, 558 (11th Cir. 1997) and citing *Anderson v. Unisys Corp.*, 47 F.3d 302, 309 (8th Cir. 1995)).

Based on the Circuit's opinion in *O'Neal*, as well as the opinions of other courts addressing this issue, the court concludes that Mr. Shikles' decision to file his own administrative charge precludes him from now relying on the administrative charges of other plaintiffs in this collective action.   *See Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1223-24 (5th Cir. 1995) (where the party wishing to piggyback has filed his own EEOC charge, he is bound by the parameters of his

5

own charge and cannot subsequently utilize the single-filing rule); *Flemming v. United Parcel Serv.*, 2004 WL 2314962, at *2 (N.D. Ill. Oct. 12, 2004) (predicting that the Seventh Circuit, if faced with the issue, would prohibit a claimant who had filed an administrative charge from piggybacking onto the claims of similarly situated claimants); *Smith v. HealthSouth Rehabilitation Center of Memphis, Ltd.*, 234 F. Supp. 2d 812, 816 (W.D. Tenn. 2002) (predicting that the Sixth Circuit, if faced with the issue, would prohibit a plaintiff who had filed his or her own charge from benefitting from the single-filing rule).[2]   For the foregoing reasons, defendant's motion to dismiss opt-in plaintiff Davis Shikles is granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to dismiss opt-in plaintiff Davis Shikles (doc. 3511) is granted.

**IT IS SO ORDERED.**

Dated this 3rd day of February, 2006, at Kansas City, Kansas.

---

[2]While the court recognizes that the majority of these cases, including the cases cited by the Tenth Circuit in *O'Neal*, stem from the plaintiff's failure to file a lawsuit within 90 days of receiving a notice of right-to-sue on his or her own charge, the fact remains that those plaintiffs, like Mr. Shikles, failed to exhaust their administrative remedies by failing to diligently pursue their own charges.  Thus, the court sees no reason why the principle espoused in those cases–that a plaintiff who has filed his own charge cannot benefit from the single-filing rule–would not apply to the facts presented here.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

7