DJW/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**SHIRLEY WILLIAMS, et al.,**

                         **Plaintiffs,**

                                                 **CIVIL ACTION**

**v.**

                                                   **No. 03-2200-JWL-DJW**

**SPRINT/UNITED MANAGEMENT COMPANY,**

                         **Defendant.**

## MEMORANDUM AND ORDER

On February 6, 2006, the Court conducted two telephone status conferences in this case regarding the upcoming deposition of Defendant's employee, John St. Angelo. Plaintiffs appeared through counsel, Martin M. Meyers and John M. Klamann. Defendant appeared through counsel, Phillip Dupont. This order memorializes and supplements the Court's rulings at the conferences.

The present dispute before the Court is Defendant's refusal to produce Mr. St. Angelo for deposition as previously agreed by the parties. Defendant objects to producing Mr. St. Angelo on the grounds that Plaintiffs have previously deposed him as a Rule 30(b)(6) witness. Defendant argues that Plaintiffs must obtain leave of court to depose Mr. St. Angelo a second time. In response, Plaintiffs assert that they need not seek leave to depose Mr. St. Angelo because the prior Rule 30(b)(6) deposition notice was directed to Defendant, as a corporate entity, and Defendant designated the individuals who would testify on its behalf. Plaintiffs state they seek to depose Mr. St. Angelo individually to inquire about documents that contain his name that had not been produced by

Defendant at the time of his earlier Rule 30(b)(6) deposition. They request that the Court compel Defendant to produce him for deposition as previously agreed by the parties.

As stated by the Court during the first conference call, a Rule 30(b)(6) deposition is not the deposition of a person but rather of an entity.[1] Because Plaintiffs seek to depose Mr. St. Angelo in his individual capacity and he was previously deposed in his capacity as Rule 30(b)(6) representative of Defendant corporation, the Court finds that the requirement that a party must obtain leave of court when the person to be examined has already been deposed, contained within Rule 30(a)(2)(B),[2] does not apply to Mr. St. Angelo. This does not mean, however, that Plaintiffs can ask Mr. St. Angelo questions that they previously asked during his Rule 30(b)(6) deposition in that such questions would be unreasonably duplicative and thus subject to the limitation of Rule 26(b)(2).

As stated by the Court during the second conference call, if the deposition of Mr. St. Angelo was set by agreement of the parties rather than by notice, then the Court has no authority to enforce the parties' agreement and therefore cannot compel Mr. St. Angelo to attend the deposition set by

---

[1] *See Sabre v.. First Dominion Capital, LLC*, 01 Civ. 2145(BSJ)(HBP), 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001), citing 8A Charles A. Wright, Arthur R. Miller, Richard L. Marcus, Federal Practice & Procedure § 2103 (2d ed. 1994) (A deposition pursuant to Rule 30(b)(6) is substantially different from the deposition of a witness as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity); *U.S. v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996) (The testimony elicited at a Rule 30(b)(6) deposition represents the knowledge of the corporation and not of the individual deponents. The designated witness is "speaking for the corporation," and this testimony must be distinguished from that of a "mere corporate employee" whose deposition is not considered that of the corporation and whose presence must be obtained by subpoena.).

[2] Fed. R. Civ. P. 30(a)(2)(B) provides that "[a] party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), . . . if, without the stipulation of the parties, the person to be deposed already has been deposed in the case."

agreement. Under the circumstances presented to the Court, it appears that Plaintiffs would be permitted to notice this individual for his deposition within the appropriate time frame under the Rules. If Plaintiffs seek to depose Mr. St. Angelo either by future agreement or by deposition notice, they shall provide him with the specific documents they intend to inquire about sufficiently in advance of his deposition so that he may determine whether he has already been questioned about those documents. Counsel are again reminded that cooperation in these matters would better advance the purpose of the Rules "to secure the just, speedy, and inexpensive determination of every action."[3]

**IT IS THEREFORE ORDERED** that Plaintiffs' request to compel Defendant to produce Mr. St. Angelo for deposition in accordance with the parties' previous agreement is denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 8th day of February, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel

---

[3] Fed. R. Civ. P. 1.