IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHIRLEY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 03-2200-JWL |
| ) | |
| SPRINT/UNITED MANAGEMENT COMPANY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY (COURT DOC. #3626)**

I.   Introduction

Plaintiffs' Motion to Compel should be denied. In fact, Plaintiffs' primary request – for production of Sprint's Workforce Planning hard drive – has already been correctly denied by this Court as overbroad. Plaintiffs' alternative request for "Workforce Planning databases created by Terry York that relate to the Candidate Selection Worksheets" should be denied as moot. There is no such database. Moreover, Sprint has already produced all the Candidate Selection Worksheets it has pursuant to other discovery requests.

II.   Argument

   A.   Plaintiffs' Request For The Workforce Planning Hard Drive Has Been Denied

In their Motion to Compel, Plaintiffs request "a complete copy of the hard drive on which the data for defendant's 'Workforce Planning' group resides." Motion, (Court Doc. #3626), , p. 1. Although Plaintiffs fill their Motion and Memorandum with pages of irrelevancies regarding Sprint's "Workforce Planning" group, Plaintiffs manage to omit from their discussion the fact that the relief they seek has already been denied by this Court.[1] The Court was hardly unclear – it repeated the ruling three times.

---

[1] Sprint reasserts its objections to the various discovery requests referenced in Plaintiffs' Motion.

2288292.01

On July 7, 2005, in front of this Court, Plaintiffs made the following request:

> Mr. Meyers:   . . . "[W]e have asked for is the **entire drive** of Work Force Planning documents because it's so relevant to what's going on here. . . . I think the easiest thing is say just give us the **drive**.

Transcript of July 7, 2005 Status Conference (Court Doc. #3147), pp. 10:24-11:1, p. 12:14-15 (emphasis added).

Sprint's counsel explained that the parties had reached an agreement that certain Work Force Planning documents would be produced. Counsel also expressed concern about Plaintiffs' tendency to begin with one discovery request, and then to start stretching that discovery request until it has "morphed" into something else.

> Mr. Hulla:   Back on April 12, 2005, counsel for the parties met and conferred regarding the specific discovery request for all Work Force Planning documents and we agreed to only produce the documents that had to do with age at that point. That was in light of the overbreadth argument that was made. That has somehow morphed as we've talked about before in discovery briefs into a specific request for all documents in the data base, so thinking we had an agreement on that front apparently the request has changed now not just from all Work Force Planning documents but to the entire data base.
> We don't believe, again, that these are relevant . . .

Id. at pp. 15:15-16:2.

The Court then rejected Plaintiffs' request for the hard drive and/or the entire database, although it did find that a particular topic of information regarding "this effort to resolve whether job titles have the same skill sets" – a topic not at issue here – probably would be discoverable. The Court also indicated that "I know we have problems with terms when we do this stuff orally" (Id. at pp. 18:24-19:1) and Mr. Hulla agreed.

> Mr. Hulla: That is the point, Your Honor. Most of this has never been requested formally in writing but for a letter to which we responded by E-mail and perhaps a formal request specifically identifying what it is that they are asking for would alleviate a lot of these problems that we continue to have in this case . . .

Id. at p. 19:2-8.

>    The Court:  Why don't to get you started I will tell you that it appears to me that it would – any effort made by Sprint to figure out what job titles or codes have the same skill sets would be discoverable.
>    Now, how you figure out what that is I think your suggestion is well taken that plaintiffs need to do a narrow request, because **I'm not going to say that you'll get everything on a hard drive** . . .
>
> \*     \*     \*
>
> **I'm not saying they should get the hard drive or the whole data base**. I'm saying they should get the data or electronic information that relates to this effort to figure out which job titles or codes have the same skill sets.

Id. at p. 19:11-19 and p. 21:6-10 (emphasis added).

> \*     \*     \*
>
> I think we're going to have to do this in segments, and the segment at this point is give them that information.  **Now, that doesn't say that you get everything on the hard drive or everything in the data base** but you do get the information that relates to that process of trying to tie job codes to families or skill sets or whatever these terms are that haven't been defined.

Id. at pp. 22:20-23:2 (emphasis added).

Plaintiffs never asked the Court to reconsider its ruling, and never sought review of that ruling.  Plaintiffs also never served the narrow formal discovery as the Court directed.  In any event, the Court has already denied Plaintiffs' current request.  Plaintiffs' Motion to Compel, filed more than seven months after the Court's July 7, 2005 ruling, is nothing but Plaintiffs' attempt to have a second bite at the apple (without mentioning the fact that they already had a first bite).  Plaintiffs' Motion to Compel "a complete copy of the hard drive on which the data for defendant's 'Workforce Planning' group resides" should be denied.

      B.      <u>Plaintiffs' Alternative Request Should Be Denied As Moot</u>

Plaintiffs also request, "at a minimum," that Sprint be required "to provide all 'Workforce Planning' databases created by Terry York that relate to the Candidate Selection Worksheets." First, Plaintiffs have asked for this alternative relief in their Motion to Compel, despite the fact they never propounded the narrow formal discovery as the Court had directed.

See above.  Second, there are no "'Workforce Planning' databases created by Terry York that relate to the Candidate Selection Worksheets.'"  Moreover, Sprint has already produced all the Candidate Selection Worksheets it has pursuant to other discovery requests.  Plaintiffs' alternative request for relief should be denied as moot.

      C.     <u>Plaintiffs Cannot Move To Compel Discovery That Has Not Been Requested</u>

As indicated above, Plaintiffs in this case have a propensity for misusing the meet and confer process.  Instead of using the process to resolve disputes over actual discovery requests, Plaintiffs use the process as a way to propound new discovery outside the procedures set forth in the Federal Rules.  The Court has already instructed that Sprint is within its rights to insist upon formal discovery requests:

> Ms. Miller:  If we'd gotten a request, then they'd probably have the documents by now.  So we'd really prefer that we know exactly what it is they're asking for and we do it that way.
>
> The Court:  Okay.  Well, obviously that's what the rules provide.  Plaintiffs know what to do.

Transcript of February 16, 2006 Status Conference (Court Doc. #3629), p. 21:15-21.

Even as regards the Workforce Planning issue itself, the Court has specifically instructed Plaintiffs to serve formal discovery:

> If you don't make progress, file the appropriate legal pleading or interrogatory or something to get what you need.

<u>Id</u>. at p. 40:14-16.

By its own terms, a Rule 37 motion to compel responses to requests that were never formally made is not an appropriate legal pleading.  Fed. R. Civ. P. 37(a)(2)(b).  To the extent that Plaintiffs attempt to "morph" their actual discovery requests, regarding "Workforce Planning" or any other topic, into a request for something else altogether, those attempts should

2288292.01             4

be rejected by this Court. If Plaintiffs want to discover something from Sprint, they can use the same procedures set forth in the Federal Rules of Civil Procedure that every other party in the federal courts is required to use.

III.	Conclusion

For the foregoing reasons, Plaintiffs' Motion to Compel should be denied.

<div style="margin-left:3em">

Respectfully submitted,

HUSCH & EPPENBERGER, LLC

By:    /s/ Philip R. Dupont
John J. "Jack" Yates, KS Fed. 70085
Philip R. Dupont, KS #14269
1200 Main Street, Suite 1700
Kansas City, MO 64105
Telephone: (816) 421-4800
Facsimile: (816) 421-0596

Christine F. Miller
Harry B. Wilson
James F. Monafo
Joseph H. Guffey
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone: (314) 480-1500
Facsimile: (314) 480-1505

SPRINT CORPORATION
Chris R. Pace, KS #17178
Stephany J. Newport, KS #14464
6450 Sprint Parkway
Overland Park, KS 66251
Telephone: (913) 315-9786
Facsimile: (913) 315-0764

</div>

                                              BAKER STERCHI COWDEN & RICE, LLC
David M. Eisenberg, KS 77845
2400 Pershing Road, Suite 500
Kansas City, Missouri 64108-2533
Telephone:  (816) 448-9343
Facsimile:  (816) 472-0288

**ATTORNEYS FOR DEFENDANT**
**SPRINT/UNITED MANAGEMENT COMPANY**

2288292.01                                           6

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 9, 2006, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

| | |
|---|---|
| Dennis E. Egan<br>Stephen J. Dennis<br>Bert S. Braud<br>The Popham Law Firm, P.C.<br>323 West 8th Street, Suite 200<br>Kansas City, MO 64105 | Martin M. Meyers<br>Andrew H. McCue<br>The Meyers Law Firm, LC<br>222 W. Gregory Boulevard, Ste. 340<br>Kansas City, MO 64114 |
| Gene P. Graham Jr.<br>Deborah J. Blakely<br>White, Allinder, Graham & Buckley, L.L.C.<br>19049 E. Valley View Parkway, Suite C<br>Independence, MO 64055 | Thomas William Osborne<br>Daniel B. Kohrman<br>Laurie A. McCann<br>AARP Foundation Litigation<br>601 E Street, NW<br>Washington, DC 20049 |
| John M. Klamann<br>Dirk L. Hubbard<br>Klamann & Hubbard, P.A.<br>7101 College Blvd., Suite 120<br>Overland Park, KS 66210 | Sarah A. Brown<br>Randles, Mata & Brown, LLC<br>406 W. 34th Street, Suite 623<br>Kansas City, MO 64111 |
| Kenneth B. McClain<br>221 West Lexington, Suite 400<br>P. O. Box 900<br>Independence, MO 64051 | |

**ATTORNEYS FOR PLAINTIFFS**

                                                                         /s/ Philip R. Dupont
                                        Attorney for Defendant Sprint/United Management Company