IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHIRLEY WILLIAMS, et al.,

      Plaintiffs,       CIVIL ACTION

v.               No.  03-2200-JWL-DJW

SPRINT/UNITED MANAGEMENT
COMPANY,

      Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Shirley Williams filed this suit on behalf of herself and others similarly situated, asserting that her age was a determining factor in Defendant's decision to terminate her employment during a reduction-in-force (RIF).  This case has been provisionally certified as a collective action pursuant to 29 U.S.C. § 216(b) and the parties are presently engaged in discovery concerning the merits of Plaintiffs' pattern and practice allegations.  This matter is presently before the Court on Defendant's Motion to Compel (doc. 3353), which seeks to compel Plaintiffs to provide responsive answers to its Fourth Set of Interrogatories and produce responsive documents to its Fourth Request for Production of Documents. For the reasons set forth below, the motion is granted in part and denied in part.

**I.**   **Relevant Background**

Relevant to this motion, Defendant served its Fourth Request for Production of Documents Directed to Plaintiffs and Fourth Set of Interrogatories on June 30, 2005.[1]  After obtaining two extensions of time, Plaintiffs served their Responses and Objections to Defendant's Fourth Request for Production of Documents Directed to Plaintiffs and Fourth Set of Interrogatories Directed to Plaintiffs on September 23, 2005.[2]  After attempting to confer with Plaintiffs to resolve the issue without court action, as required by Fed. R. Civ. P. 37(a)(2)(A) and D. Kan. Rule 37.2, Defendant filed the instant Motion to Compel with regard to Interrogatory Nos. 1 - 11, 13 - 35, and Request for Production Nos. 28 - 31.

## II.    Discovery Requests at Issue

### A.        Fourth Interrogatory No. 1

Defendant's Fourth Interrogatory No. 1 asks Plaintiffs:

Do you contend that Sprint maintained one or more company-wide policies, practices, or procedures to engage in a pattern and practice of age discrimination between October 1, 2001 and March 31, 2003.  If your answer to this interrogatory is in the affirmative, identify every company-wide policy, practice, or procedure that You believe Defendant used to engage in a pattern and practice of age discrimination between October 1, 2001 and March 31, 2003.

Plaintiffs assert several objections to the interrogatory.  First, they object to the interrogatory on the grounds that it is  and unduly burdensome in that it calls for the itemization of evidence and trial strategy which goes beyond the scope of reasonable discovery.  Plaintiffs further object to the interrogatory to the extent that it would require them to disclose the opinions and conclusions of trial experts before the deadline established for such disclosures.  They further object to the interrogatory to the extent that it assumes a

---

[1]*See* Cert. of Service (doc. 2976).

[2]*See* Cert. of Service (doc. 3299).

burden of proof standard that does not apply, namely that Plaintiffs are required to prove "one or more

company-wide policies, practices, and procedures to engage in a pattern and practice of age

discrimination."  After asserting these objections, Plaintiffs answered Interrogatory No. 1 as follows:

> Without waiving these objections, Plaintiff states that she has identified, through both
> investigation and through ongoing discovery, several repeated, routine, and/or generalized
> policies, practices, and procedures which could lead the finder of fact in this case to
> conclude that Sprint engaged in a pattern and/or practice of age discriminatory decision-
> making and subjective, pretextual decision-making in connection with reductions in force
> which occurred between October 31, 2001 and March 31, 2003.  These repeated,
> routine, and /or generalized policies, practices, and procedures include (but are not
> necessarily limited to) the following:

> Yes. Sprint engaged in a pattern and practice of age discrimination in connection with the
> RIF for this time period, including the setting up a "sham" process for displaced workers
> for "reapply" for open positions within Sprint, resulting in situations where applicants 40
> years of age and older were not given the same consideration as younger employees and
> where applicants over 40 years of age were denied even the opportunity to interview for
> such open positions.  Sprint also engaged in a pattern and practice of age discrimination
> in hiring new employees into positions for which recently RIF'd employees were fully
> qualified.

> Also in connection with the RIF, Sprint engaged in a pattern or practice of age
> discrimination and otherwise treated younger employees more favorably than older
> employees, including (but not limited to) the following specific actions:

Plaintiffs' response thereafter continues with four pages of single-spaced text identifying Defendant's

specific actions.

   In its motion to compel, Defendant requests an order compelling Plaintiffs to provide a full,

complete, and non-evasive answer to this interrogatory.  Defendant claims that Plaintiffs' response is

evasive because it identifies "repeated, routine, and/or generalized policies, practices, and procedures"

rather than responding to what the interrogatory specifically sought, i.e., identification of every "company-

wide policy, practice, or procedure."  Defendant further claims that Plaintiffs fail to identify "every" policy,

practice, or procedure as sought by the interrogatory because they state in their interrogatory response that their listing of Defendant's alleged practices was "not necessarily limited" to the practices they disclosed. Lastly, Defendant points out that Plaintiffs' response fails to state whether the "repeated, routine, and/or generalized policies, practices, and procedures" identified in the response were company-wide.

Plaintiffs' main objection to this interrogatory, as well as all the interrogatories with references to Defendant's "company-wide policies, practices, or procedures," is that this language implies a burden of proof standard for Plaintiffs that does not apply at this phase of the litigation. They argue that wording of the question assumes Plaintiffs are required to prove "one or more company-wide policies, practices, or procedures to engage in a pattern and practice of age discrimination." Plaintiffs maintain that at the pattern and practice phase, they are only required to prove a denial of rights that consists of "something more than an isolated, sporadic incident, but [which] is repeated, routine, or of a generalized nature" as set forth by *International Brotherhood of Teamsters v. United States*.[3]  Based on this objection, after answering "yes" to the question "[d]o you contend that Sprint maintained one or more company-wide policies, practices, or procedures to engage in a pattern and practice of age discrimination between October 1, 2001 and March 31, 2002," Plaintiffs qualified their response with their listing of Defendant's alleged "repeated, routine, and/or generalized policies, practices, and procedures." Plaintiffs argue that they have adequately responded to the interrogatory by stating their objection to the interrogatory, along with legal citations to the pattern and practice standards they believe are applicable, and by providing the principal and material facts supporting the allegations that Defendant engaged in a pattern and practice of age

---

[3]431 U.S. 324, 336 (1977).

discrimination in connection with a RIF that took place over a twenty-one month time period between 2001 and 2003.

Other than Plaintiffs' inclusion of the phrase "not limited to," which will be discussed below, the Court finds that Plaintiffs' answer to Interrogatory No. 1 is sufficiently responsive. Plaintiffs clearly answer the first part of the interrogation with "Yes." With regard to the second part of the interrogatory that asks Plaintiffs to identify every "company-wide policy, practice, or procedure" that they believe Defendant used to engage in a pattern and practice of age discrimination, Plaintiffs' listing of Defendant's "repeated, routine, and/or generalized policies, practices and procedures" in its response rather than listing the "company-wide policies, practices, or procedures," the language set forth in the interrogatory, does not make the answer non-responsive. Plaintiffs set out their objection that Defendant's contention interrogatory presumes a burden that they contend they are not required to prove at the pattern and practice stage. Plaintiffs are not required to phrase their response with the exact language of the interrogatory for their answer to be considered responsive if they have indicated their objection to the language used by the contention interrogatory itself. Fed. R. Civ. P. 33(b)(1) contemplates the possibility of qualification by directing parties to answer interrogatories to the extent they are not objectionable. "Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable."[4]

Plaintiffs urge the Court to take a meaningful look at the substantive law regarding Plaintiffs' burden of proof at the pattern and practice stage of this litigation in order to rule on this motion. Plaintiffs contend that their burden of proof at the pattern and practice phase governs what is and is not discoverable. The

---

[4]Fed. R. Civ. P. 33(b)(1).

Court disagrees.  In complex litigation, courts often phase discovery to assist with managing the large volume of discovery to be produced.  This Court phased discovery in this case into two-parts: (1) discovery relating to pattern and practice, and (2) discovery relating to individual issues or "individualized discovery."  The Court finds that Defendant's interrogatory is relevant to Plaintiffs' pattern and practice allegations.  Defendant is entitled to ask whether Plaintiffs are contending that it maintained one or more company-wide policies, practices, or procedures to engage in a pattern and practice of age discrimination between October 1, 2001 and March 31, 2003, and to seek discovery that Plaintiffs may use to support that contention.  It is entitled to ask this regardless of what the Court may ultimately determine to be Plaintiffs' burden of proof.

Defendant further claims that Plaintiffs' interrogatory response improperly prefaces their listing of Defendant's alleged "repeated, routine, and/or generalized policies, practices and procedures" with the phrase "not limited to."  At least two cases have found interrogatories with similar language to be improper and constituted an insufficient answer.[5]  In this case, whether Plaintiffs' response is sufficient depends on Plaintiffs' intended meaning of the phrase.  If Plaintiffs are using the phrase "not limited to" to indicate that they are withholding disclosure of other known policies, practices, and procedures, then Plaintiffs' response would be insufficient.  On the other hand, if Plaintiffs are using the phase "not limited to" to indicate that there may be other policies, practices, and procedures of which they do not yet have knowledge and may be revealed through further discovery, then Plaintiffs' response would be sufficient, subject to their

_____

[5]*See Pulsecard, Inc. v. Discover Card Servs., Inc.*, No. CIV. A. 94-2304-EEO,1996 WL 397567, at *7-8 (D. Kan. July 11, 1996) (prefacing interrogatory answer with the phrase "including but not limited to"); *Audiotext Commc'ns Network, Inc. v. US Telecom*, Civ.A. No. 94-2395-GTV, 1995 WL 625953, at *6 (D. Kan. Oct. 5, 1995) (conditioning a list of specific documents with the phrase "including not but limited to").

continuing duty to supplement under Fed. R. Civ. P. 26(e).  Because the Court is unable to determine

Plaintiffs' intent in using the phrase "not limited to," the Court will therefore grant Defendant's Motion to

Compel as to Interrogatory No. 1 in part and require Plaintiffs to serve a supplemental response to

Interrogatory No. 1.  The supplemental response shall either refrain from prefacing any listing of policies,

practices, and procedures with the phrase "not limited to," or explain its usage.  Plaintiffs shall serve their

supplemental response to Interrogatory No. 1 **within thirty (30) days of the date of this Memorandum**

**and Order.**

**B.       Fourth Interrogatory No. 2**

Defendant's Fourth Interrogatory No. 2 asks Plaintiffs:

> For each policy, practice, or procedure identified in response to Interrogatory 1 above,
> identify the name of each individual who has filed a Consent to Join in this matter, and any
> individual who has sought to consolidate his or her case with this matter, who was
> terminated during a reduction in force as a direct result of the application of such policy,
> practice or procedure.

Plaintiffs object on the grounds that the interrogatory calls for the itemization of evidence and trial

strategy which goes beyond the scope of reasonable discovery, and that  it assumes a burden of proof

standard that does not apply, namely that they are required to prove "one or more company-wide policies,

practices, and procedures to engage in a pattern and practice of age discrimination."  Plaintiffs further

object to Interrogatory No. 2 as not relevant to phase one of a pattern and practice case.  After asserting

these objections, Plaintiffs state that all of the opt-in plaintiffs were subjected to some or all of the

"repeated, routine, and/or generalized policies, practices and procedures."

Plaintiffs contend they are not required in this phase to establish any causal connection between a

particular pattern or practice and all of the individual plaintiffs who were allegedly affected by such pattern

7

or practice.  They contend that under a pattern and practice theory they have no obligation to prove that all, or even a majority of, individuals in the protected category were subject to illegal discrimination.

The Court finds that Defendant's interrogatory is relevant to the pattern and practice phase of this case.  Defendant may properly ask Plaintiffs to identify individuals who were terminated during a RIF as a direct result of the application of the "repeated, routine, and/or generalized policies, practices and procedures" set forth in their response to Interrogatory No. 1.  It is entitled to ask this regardless of what the Court may ultimately determine to be Plaintiffs' burden of proof.

The Court finds that Plaintiffs' response that "all of the opt-in plaintiffs were subjected to some or all of the 'repeated, routine, and/or generalized policies, practices and procedures'" fails to adequately answer Interrogatory No. 2.  For Plaintiffs' answer to be responsive to Interrogatory No. 2, it must state that all of the opt-in plaintiffs were subjected to all of the identified "repeated, routine, and/or generalized policies, practices and procedures," or identify which policies, practices, or procedures were applied to each opt-in plaintiff.  Defendant's Motion to Compel Interrogatory No. 2 is therefore granted.  Plaintiffs shall serve their supplemental response to Interrogatory No. 2 **within thirty (30) days of the date of this Memorandum and Order.**

### C.      Fourth Interrogatory No. 3

Defendant's Fourth Interrogatory No. 3 asks Plaintiffs:

For each policy, practice or procedure identified in response to Interrogatory 1 above, state whether such policy, practice, or procedure was applied to all persons employed by Sprint who were 40 years of age or older at the time it was applied, and if not applied to all such persons, state the identity by job classification, business unit, geographic location or other identifier each employment unit of Sprint or other such other group(s) of persons who were 40 years of age or older that was/were directly affected by the application of such policy, practice, or procedure.

8

Plaintiffs again assert objections that the interrogatory is overly broad and unduly burdensome, assumes a burden of proof standard that does not apply, and seeks information not relevant to phase one of a pattern and practice case.   After asserting these objections, Plaintiffs incorporate the answers to Interrogatory Nos. 1 and 2 and refer Defendant to the pleadings filed in this case, the documents produced, the opt-in questionnaires, depositions of opt-in plaintiffs, and declarations of more than 100 opt-in plaintiffs. The response further states that the matters inquired into are more fully addressed in the Statement of Facts submitted with Plaintiffs' Motion for Conditional Certification.   Plaintiffs further state that discovery is ongoing and they will supplement this response as appropriate.

Plaintiffs may not answer the interrogatory by generally referring Defendant to the pleadings filed in this case, documents produced, opt-in questionnaires, depositions, or declarations.  Absent compliance with Rule 33(d) or attachment of the appropriate documents, a responding party may not answer an interrogatory by directing the party propounding the interrogatory to find answers from previously produced documents or identified witness lists.[6]   Plaintiffs are not permitted to answer interrogatories by generically referring to the pleadings filed in this case (which currently number in excess of 3700), the documents produced, the opt-in questionnaires, opt-in deposition testimony, opt-in declarations, or other broad classes of documents with no articulation of where this information may be found.  Plaintiffs must indicate with specificity where the information can be found.

Defendant's Motion to Compel Interrogatory No. 3 is granted.   Plaintiffs shall provide a supplemental response to Interrogatory No. 3 that answers the interrogatory.  Plaintiffs may not answer

_____

[6]*DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 680 (D. Kan. 2004) (citing *Zapata v. IBP, Inc.*, No. Civ. A. 93-2366-EEO, 1997 WL 50474, at *1 (D. Kan. Feb. 4, 1997)).

the interrogatory by generally referring Defendant to the pleadings filed in this case, documents produced,

opt-in questionnaires, depositions, declarations, or other general broad classes of documents, but rather

must indicate with specificity where the information can be found.  Plaintiffs shall serve their supplemental

response to Interrogatory No. 3 **within thirty (30) days of the date of this Memorandum and Order.**

### D.      Fourth Interrogatory No. 4

Defendant's Fourth Interrogatory No. 4 asks Plaintiffs:

For each and every company-wide policy, practice or procedure You identified in
responding to Interrogatory No. 1, state every fact of which You are aware that supports
Your contention that Sprint maintained one or more company policies, practices, or
procedures to engage in a pattern and practice of age discrimination between October 1,
2001 and March 31, 2003.

Plaintiffs assert objections that the interrogatory is overly broad and unduly burdensome because

it requests that they state all facts supporting a particular contention.  Plaintiffs further object to the

interrogatory on the grounds that it calls for the itemization of evidence and trial strategy which goes beyond

the scope of reasonable discovery, assumes a burden of proof standard that does not apply, and seeks

information not relevant to phase one of a pattern and practice case.  After asserting these objections,

Plaintiffs incorporates her answer to Interrogatory Nos. 1 through 3 and refers Defendant to the pleadings

filed in this case, the documents produced, the opt-in questionnaires, depositions of opt-in plaintiffs, and

declarations of more than 100 opt-in plaintiffs.

The Court finds that this interrogatory is overly broad to the extent it asks for "every fact" that

supports an identified allegations or claim.  As a general rule in this District, the court will find interrogatories

overly broad and unduly burdensome to the extent that they ask for "every fact" which supports identified

allegations or defenses.[7]   Interrogatories should not require the answering party to provide a narrative

account of its case.[8]   Interrogatories may, however, properly ask for the "principal or material" facts that

support an allegation or defense.[9]   Interrogatories which do not encompass every allegation, or a significant

number of allegations, of the Complaint, reasonably place upon the answering party "the duty to answer

them by setting forth the material or principal facts."[10]   In addition, interrogatories "which seek underlying

facts or the identities of knowledgeable persons and supporting exhibits for material allegations" may

possibly survive objections that they are overly broad or unduly burdensome.[11]

Interrogatory No. 4 requests that Plaintiffs state every fact of which they are aware that supports

their contention that Defendant maintained one or more company-wide policies, practices, or procedures

to engage in a pattern and practice of age discrimination between October 1, 2001 and March 31, 2003.

This constitutes an example of the type of interrogatory which has been held to be objectionable.  It is over-

broad and unduly burdensome on its face to the extent it seeks "all facts" that support Plaintiffs' contention

that Defendant maintained one or more company-wide policies, practices, or procedures to engage in a

pattern and practice of age discrimination between October 1, 2001 and March 31, 2003.  Plaintiffs'

overly broad and unduly burdensome objection to this interrogatory is sustained.  Plaintiffs, nevertheless,

---

[7]*Hiskette v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 405 (D. Kan. 1998); *Hilt v. SFC Inc.*, 170 F.R.D. 182, 186 (D. Kan.1997); *IBP, Inc. v. Mercantile Bank*, 179 F.R.D. 316, 321 (D. Kan.1998); *Lawrence v. First Kan. Bank & Trust*, 169 F.R.D. 657, 661-2 (D. Kan. 1996).

[8]*Hiskette,* 180 F.R.D. at 404 (citing *Hilt*, 170 F.R.D. at 186; *Lawrence*, 169 F.R.D. at 662).

[9]*Id.* at 405 (citing *Lawrence*, 169 F.R.D. at 664; *IBP, Inc.*, 179 F.R.D. at 320).

[10]*Id.* (citing *IBP, Inc.*, 179 F.R.D. at 321-22).

[11]*Id.* (citing *Hilt*, 170 F.R.D. at 188).

have a duty to answer the interrogatory to the extent it is not objectionable, i.e., by providing the principal or material facts that support their contention.  Defendant's Motion to Compel Interrogatory No. 4 is therefore granted in part and denied in part.  Plaintiffs shall provide a supplemental response to Interrogatory No. 4 that provides the principal or material facts that support their contention that Defendant maintained one or more company-wide policies, practices, or procedures to engage in a pattern and practice of age discrimination between October 1, 2001 and March 31, 2003.  As stated previously, Plaintiffs' supplemental response may be phrased in terms of "repeated, routine, and/or generalized policies, practices and procedures" rather than "company-wide policies, practices, or procedures."  Plaintiffs shall serve their supplemental response to Interrogatory No. 4 **within thirty (30) days of the date of this Memorandum and Order.**

### E.       Fourth Interrogatory No. 5

Defendant's Fourth Interrogatory No. 5 asks Plaintiffs:

> For each and every company-wide policy, practice or procedure You identified in responding to Interrogatory No. 1, identify by name, home address, business address and telephone number all persons with knowledge relating to Your contention that Sprint maintained one or more company policies, practices, or procedures to engage in a pattern and practice of age discrimination between October 1, 2001 and March 31, 2003.

Plaintiffs again assert objections that the interrogatory is overly broad and unduly burdensome in that it requests that Plaintiffs identify all persons with any knowledge relating to their contentions.  Plaintiffs further object that it calls for the itemization of evidence and trial strategy which goes beyond the scope of reasonable discovery, assumes a burden of proof standard that does not apply, and seeks information not relevant to phase one of a pattern and practice case.  After asserting these objections, Plaintiffs incorporates their answer to Interrogatory Nos. 1 and 5 and refer Defendant to the pleadings filed in this

12

case, the documents produced, the opt-in questionnaires, depositions of opt-in plaintiffs, and declarations of more than 100 opt-in plaintiffs.

On its face, this interrogatory appears to seek the type of information that Plaintiffs already provided in their initial and voluntary disclosures pursuant to Rule 26(a)(1). The court has held that interrogatories should not duplicate the initial disclosures required by Rule 26(a)(1).[12] Upon closer review of Plaintiffs' Fifth Supplemental Voluntary Disclosures Pursuant (doc. 3467-3), however, the Court notes that Plaintiffs' listing of the persons who are likely to have information relevant to the facts alleged in the First Amended Complaint does not indicate whether the person listed would have any knowledge relating the specific contention that Defendant maintained one or more company policies, practices, or procedures to engage in a pattern and practice of age discrimination between October 1, 2001 and March 31, 2003. Defendant's Motion to Compel Interrogatory No. 5 is therefore granted in part and denied in part. **Within thirty (30) days of the date of this Memorandum and Order**, Plaintiffs shall provide a supplemental response to Interrogatory No. 5 that specifically identifies all persons, along with their contact information, with knowledge relating to their contention that Defendant maintained one or more company-wide policies, practices, or procedures to engage in a pattern and practice of age discrimination between October 1, 2001 and March 31, 2003.

### F.    Fourth Interrogatory No. 6

Defendant's Fourth Interrogatory No. 6 asks Plaintiffs:

For each and every company-wide policy, practice or procedure You identified in responding to Interrogatory No. 1, identify with the reasonable particularity required by Rule 34, Fed. R. Civ. P. all documents you contend support Your contention that Sprint

---

[12]*Hilt*, 170 F.R.D. at 187-88; *Lawrence*, 169 F.R.D. at 662, 664.

maintained one or more company policies, practices, or procedures to engage in a pattern and practice of age discrimination between October 1, 2001 and March 31, 2003. Identification by Bates number of documents, including those produced by Sprint during the course of this litigation, will satisfy this interrogatory.

Plaintiffs object to the interrogatory on the grounds that it is overly broad and unduly burdensome in that it requests all documents supporting an allegation. Plaintiffs further object that it calls for the itemization of evidence and trial strategy which goes beyond the scope of reasonable discovery, assumes a burden of proof standard that does not apply, and seeks information not relevant to phase one of a pattern and practice case. After asserting these objections, Plaintiffs state that discovery is ongoing and they are unable to identify all documents evidencing the "repeated, routine, and/or generalized policies, practices, and procedures." Their response refers Defendant to the pleadings filed in this case, the documents produced, the opt-in questionnaires, depositions of opt-in plaintiffs, and declarations of more than 100 opt-in plaintiffs. In addition, Plaintiffs' response refers Defendant to their original and supplemental voluntary disclosures under Rule 26(a)(1).

On its face, this interrogatory appears seeks the type of information that Plaintiffs already provided in their initial and voluntary disclosures pursuant to Rule 26(a)(1). As stated previously, interrogatories should not duplicate the initial disclosures required by Rule 26(a)(1).[13] As noted by Judge Rushfelt in *Lawrence v. First Kansas Bank & Trust Co.*, compliance with Fed. R. Civ. P. 26(a)(1)(A) and (B) for initial disclosures of identities of persons with discoverable information and documents relevant to disputed

---

[13]*Hilt*, 170 F.R.D. at 187-88; *Lawrence*, 169 F.R.D. at 662, 664.

facts alleged in the pleadings, along with Rule 26(e) supplemental disclosures, should reduce the need for redundant interrogatories about the same subject matter.[14]

Plaintiffs have previously provided their listing of documents that may be relevant to their claims in their original and supplemental voluntary disclosures under Rule 26(a)(1). Plaintiffs' original and supplemental disclosures, however, do not indicate whether the documents identified support the specific contention that Defendant maintained one or more company policies, practices, or procedures to engage in a pattern and practice of age discrimination between October 1, 2001 and March 31, 2003. Defendant's Motion to Compel Interrogatory No. 6 is therefore granted to the extent that Plaintiffs shall provide a supplemental response to Interrogatory No. 6 that identifies documents that support the contention that Defendant maintained one or more company-wide policies, practices, or procedures to engage in a pattern and practice of age discrimination between October 1, 2001 and March 31, 2003. Plaintiffs may not answer the interrogatory by generally referring Defendant to the pleadings filed in this case, documents produced, opt-in questionnaires, depositions, or declarations. Plaintiffs may, however, answer the interrogatory with specific references to the documents listed in their original and supplemental Rule 26 disclosures. Plaintiffs shall serve their supplemental response to Interrogatory No. 6 **within thirty (30) days of the date of this Memorandum and Order.**

### G.      Fourth Interrogatory No. 7

Interrogatory No. 7 asks that, for each document identified in Interrogatory No. 6 that was not disclosed or produced by Defendant during this litigation, Plaintiffs identify the individual from whom such documents were received, when they were received, and whether received in hard copy or electronic form.

---

[14]*Lawrence*, 169 F.R.D. at 662.

Plaintiffs' objections and response to this interrogatory are virtually the same as asserted to Interrogatory No. 6 above.   After asserting these objections, Plaintiffs state that they are not aware of any documents that are within their possession, custody, or control supporting their claims which have not been appropriately disclosed and produced.   The response further states that documents produced by Plaintiffs have been Bates numbered with the name of the opt-in plaintiff or independent witness included.

The Court finds that Plaintiffs' response - - - that they are not aware of any documents in their possession, custody, or control supporting their claims which have not been appropriately disclosed and produced - - - adequately answers this interrogatory.   Defendant's Motion to Compel Interrogatory No. 7 is therefore denied.

**H.      Fourth Interrogatory Nos. 8 - 11**

Interrogatory Nos. 8 and 10 ask whether Plaintiffs contend that one or more of Defendant's executives, officers, directors, board of directors, or members of management engaged in a pattern and practice of age discrimination between October 1, 2001 and March 31, 2003.   Interrogatory Nos. 9 and 11 ask whether Plaintiffs contend that one or more of Defendant's officers, directors, board members, or members of management directed any employee to engage in a pattern and practice of age discrimination. After inquiring into Plaintiffs' contentions, the interrogatories then request that Plaintiffs identify by name and job title each executive, officer, director, board member, or manager who engaged in or directed an employee to engage in a pattern and practice of age discrimination, along with the name and job title of each employee who was directed.

Plaintiffs object to these interrogatories on the grounds that they are overly broad and unduly burdensome in that they request identification of all persons with any knowledge.   Plaintiffs further object

16

that the interrogatories call for the itemization of evidence and trial strategy which goes beyond the scope of reasonable discovery and assume a burden of proof standard that does not apply.  After asserting these objections, Plaintiffs state that numerous officers and directors or managers of Sprint directed, endorsed or engaged in the repeated, routine, and/or generalized policies, practices and procedures identified in response to Interrogatory No. 1.

The Court finds Plaintiffs' responses to these interrogatories - - - that numerous officers and directors or managers of Sprint directed, endorsed or engaged in the repeated, routine, and/or generalized policies, practices and procedures - - - are insufficient.  If Plaintiffs have knowledge of a specific executive, officer, director, or member of management who engaged in or directed an employee to engage in a pattern and practice of age discrimination, then their interrogatory responses should include this information, along with the other information requested by the interrogatories.  Defendant's Motion to Compel Interrogatory Nos. 8- 11 is granted.  **Within thirty (30) days of the date of this Memorandum and Order**, Plaintiffs shall serve their supplemental responses to Defendant's Fourth Interrogatory Nos. 8 - 11, which identify by name and job title each executive, officer, director, board member, or manager who engaged in or directed an employee to engage in a pattern and practice of age discrimination, along with the name and job title of each employee who was directed.

## I.      Fourth Request for Production Nos. 28 - 31

Similar to Interrogatory Nos. 8-11, Defendant's Fourth Request for Production Nos. 28 and  29 seek all documents Plaintiffs contend evidence that one or more of Defendant's officers or executives, or members of management engaged in a pattern and practice of age discrimination between October 1, 2001 and March 31, 2003.   Requests Nos. 30 and 31 seek all documents Plaintiffs contend evidence that

Defendant's officers or executives, or members of management <u>directed any employee to engage in</u> a pattern and practice of age discrimination between October 1, 2001 and March 31, 2003.   Plaintiffs object to these requests on the grounds that: (1)  they are overly broad and unduly burdensome, (2) they call for Plaintiffs to "itemize its evidence and trial strategy [which] goes beyond the scope of reasonable discovery," (3) they assume Plaintiffs are required to prove "one or more company-wide policies, practices, or procedures to engage in a pattern and practice of age discrimination."

After asserting these objections, Plaintiffs state that they are not aware of any documents responsive to these requests, that are within their possession, custody, or control, supporting their claims which have not been appropriately disclosed and produced.  Documents produced by Plaintiffs have been Bates numbered with the name of the opt-in plaintiff or independent witness included.

The Court finds that Plaintiffs's responses - - - that they are not aware of any documents in their possession, custody, or control supporting their claims which have not been appropriately disclosed and produced - - - adequately respond to these requests for production.  Defendant's Motion to Compel Request for Production Nos. 28 - 31 is therefore denied.

### J.    Fourth Interrogatory Nos. 13 - 34

Defendant's Interrogatory No. 13 requests that Plaintiffs:

Identify all documents You have from any source concerning Sprint's "Corporate organization and structure" as referenced in paragraph 1, p. 7 of Plaintiff's Fifth Supplemental Voluntary Disclosures Pursuant to Rule 26(a)(1): June 20, 2005. Identification by Bates number of documents, including documents produced by Sprint during the course of this litigation will satisfy this interrogatory.

Interrogatory Nos. 14 through 34 similarly ask Plaintiffs to identify, by Bates number, documents referenced in their Fifth Supplemental Voluntary Disclosures Pursuant to Rule 26(a)(1), including

documents produced by Defendant during the course of this litigation. Plaintiffs object to the interrogatories on the grounds that they are overly broad and unduly burdensome in that the interrogatories request "all documents." They further object to identifying by Bates number documents produced by Defendant. Plaintiffs assert that they have adequately identified the requested documents. They claim they have no obligation under the discovery rules to identify, by Bates number or otherwise, documents produced by Defendant which they believe support their contentions.

Defendant states that Plaintiffs' Fifth Supplemental Voluntary Disclosures Pursuant to Rule 26(a)(1) failed to specifically identify any of the documents about which it now inquires. It contends that it is entitled to know what specific documents Plaintiffs are referencing in their Rule 26(a)(1) disclosures.

The Court agrees with Defendant that it is entitled to know what specific documents Plaintiffs are referencing in their Fifth Supplemental Voluntary Disclosures Pursuant to Rule 26(a)(1). Plaintiffs' cite to *Hiskette v. Wal-Mart*[15] for the proposition that interrogatories "should not duplicate disclosures" is unavailing. Defendant is not, like in the *Hiskette* case,[16] asking Plaintiffs to identify documents that they may use to support their claims and allegations, which would duplicate the information required to be provided under Rule 26(a)(1)(B), but rather is requesting that Plaintiffs provide a more specific identification of those general categories of documents referenced in their Fifth Supplemental Disclosures. Plaintiffs' overly broad and unduly burdensome objection to the interrogatories on the grounds that they

---

[15] 180 F.R.D. at 405.

[16] In *Hiskette*, the interrogatory at issue asked plaintiff to "state all facts and identify each and every witness and document that supports [her] allegation" that she "was denied the position because of her sex and pregnancy in violation of Title VII of the Civil Rights Act of 1964 and the Kansas Act of Discrimination," as set out in paragraph 26 of her Complaint. *Id.* at 404.

request identification of "all documents" and objection that they duplicate initial disclosures are therefore overruled.

Interrogatory Nos. 13-34 further state that "[i]dentification by Bates number of documents, including documents produced by Sprint during the course of this litigation, will satisfy this interrogatory." Plaintiffs vigorously object to the interrogatory to the extent it requires them to identify documents produced by Defendant during the course of this litigation. They claim they have no obligation under the discovery rules to identify, by Bates number or otherwise, documents produced by Defendant which they believe support their contentions. The Court disagrees. Although presumably Defendant knows what documents it has previously produced during this litigation, it is entitled to know what specific documents Plaintiffs are referencing, even those produced by Defendant during the course of this litigation, in their supplemental disclosures.

Defendant's Motion to Compel Plaintiffs to provide responsive answers to Fourth Interrogatory Nos. 13 through 34 is therefore granted. **Within thirty (30) days of the date of this Memorandum and Order**, Plaintiffs shall serve their supplemental responses to Defendant's Fourth Interrogatory Nos. 13 through 34, which identify all documents, including those produced by Defendant in this litigation, referenced in their Fifth Supplemental Disclosures Pursuant to Rule 26(a)(1).

### K.      Fourth Interrogatory No. 35

Defendant's Interrogatory No. 35 requests that Plaintiffs:

Identify all documents You have from any source regarding "produced by defendant in the case called Jolinda Vega v. Sprint Corporation, No. 03-2589-KHV.  These include, but are not limited to Documents Marked in Summary Judgment papers as Plaintiff's Exhibits N, R, S, T, U, V, W, X" as referenced in paragraph 27, p. 9 of Plaintiff's Fifth Supplemental Voluntary Disclosures Pursuant to Rule 26(a)(1): June 20, 2005.

20

Identification by Bates number of documents, including documents produced by Sprint during the course of this litigation will satisfy this interrogatory.

Plaintiffs object to the interrogatories on the grounds that it is vague and confusing. Plaintiffs state that they simply do no understand what Defendant is seeking in this interrogatory and do not understand the phrase "regarding produced by defendant . . . ." Without waiving these objections, Plaintiffs state that all documents believed to be responsive to this interrogatory have been properly identified in Plaintiffs Disclosures.

The Court finds this interrogatory requires Plaintiffs to identify documents that are already sufficiently identified in Plaintiffs' Fifth Supplemental Disclosures. The Court will therefore deny Defendant's Motion to Compel Interrogatory No. 35.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (doc. 3353) is granted in part and denied in part. Defendant's Motion to Compel is granted as to Defendant's Fourth Interrogatory Nos. 2, 3, 8-11, and 13-34, and granted in part and denied in part as to Fourth Interrogatory Nos. 1, 4 - 6. Defendant's Motion to Compel is denied as to Fourth Interrogatory Nos. 7, 35, and Fourth Request for Production Nos. 28-31. Plaintiffs shall serve their supplemental responses **within thirty (30) days of the date of this Memorandum and Order.**

**IT IS FURTHER ORDERED** the circumstances of this motion make an award of expenses unjust, and therefore each party is to bear their own expenses in relation to this motion.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 21st day of March, 2006.

21

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel