### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF KANSAS

**Shirley Williams et al.,**

        **Plaintiffs,**

**v.**                           **Case No. 03-2200-JWL**

**Sprint/United Management Company,**

        **Defendant.**

### MEMORANDUM & ORDER

Plaintiff Shirley Williams filed this suit on behalf of herself and others similarly situated asserting that her age was a determining factor in defendant's decision to terminate her employment during a reduction-in-force (RIF). This case has been provisionally certified as a collective action pursuant to 29 U.S.C. § 216(b) and the parties are presently engaged in discovery concerning the merits of plaintiffs' pattern and practice allegations. A similar collective action against Sprint is presently pending in the Northern District of Georgia. Like this case, the collective action in Georgia, captioned *Cavanaugh v. Sprint/United Management Company*, alleges that Sprint engaged in a pattern and practice of age discrimination when implementing a reduction in force.

On November 3, 2003, this court entered a Stipulated Protective Order in which the parties agreed that any materials designated as "confidential" and produced by any party could not be disclosed to any other person or entity, except in very limited circumstances. On September 20, 2005, the plaintiffs in *Cavanaugh* filed a motion to intervene for the limited purpose of seeking

to modify the protective order to permit the *Cavanaugh* plaintiffs to obtain from plaintiffs in this case all materials produced by Sprint to plaintiffs, including those materials designated as "confidential" under the terms of the Stipulated Protective Order.   On February 21, 2006, Magistrate Judge Waxse granted the motion and modified the protective order to "permit Plaintiffs in this case (and their counsel) to exchange materials designated as 'confidential' by Defendant with the Cavanaugh plaintiffs (and their counsel)."

This matter is presently before the court on Sprint's motion to review Judge Waxse's order granting the motion to intervene and modifying the protective order (doc. 3731).   As set forth in more detail below, Sprint's motion is denied as Judge Waxse did not abuse his discretion in modifying the protective order.  *See Hutchinson v. Pfeil*, 1999 WL 1015557, at *5-6 (10th Cir. Nov. 9, 1999) (decision by magistrate judge to modify protective order is reviewed for abuse of discretion) (citing *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990)).

Sprint's assertion of error in Judge Waxse's order is based almost entirely on the fact that the *Cavanaugh* court, less than two weeks after Judge Waxse's order, concluded that the *Cavanaugh* plaintiffs were not necessarily entitled to all of the materials in this case. By way of background, the *Cavanaugh* plaintiffs had served Sprint in that case with a Request for Production of Documents seeking any and all documents produced or filed by Sprint in this case.  After Sprint objected to the request and refused to produce such documents, the *Cavanaugh* plaintiffs filed a motion to compel.   The magistrate judge in the *Cavanaugh* case denied the motion to compel and held that Sprint was not required to produce all materials produced in this litigation and that

2

the *Cavanaugh* plaintiffs were required to submit to Sprint "a specific itemized list of documents or databases that they are seeking that were produced in *Williams*." According to Sprint, this decision by the *Cavanaugh* court "confirms" that Judge Waxse's order was in error and Judge Waxse's order, in light of the subsequent ruling by the *Cavanaugh court*, "undermines the authority of the *Cavanaugh* court to conduct discovery in its own case."

In essence, then, Sprint's motion to review is premised on its apparent belief that Judge Waxse's order is inconsistent with the order entered by the *Cavanaugh* court. Judge Waxse's modification of the protective order, however, does not conflict with the order of the *Cavanaugh* court. To be clear, Judge Waxse's modification of the protective order does not require Sprint to produce any materials whatsoever to the *Cavanaugh* plaintiffs. Similarly, Judge Waxse's modification does not require plaintiffs in this case to provide any materials whatsoever to the *Cavanaugh* plaintiffs. In other words, nothing in Judge Waxse's modification suggests that the *Cavanaugh* plaintiffs are entitled to discovery of all documents produced by Sprint in this case and Judge Waxse has not imposed any affirmative requirements on the parties relating to discovery in the *Cavanaugh* litigation. The modification simply permits the plaintiffs in this case, should they choose to do so, to provide to the *Cavanaugh* plaintiffs any and all materials that they have received from Sprint through the formal discovery process in this case. The modification does not preclude Sprint from refusing to produce those materials as a matter of record in the *Cavanaugh* case and, of course, the *Cavanaugh* court would resolve any issues of privilege, relevance and other objections Sprint might assert in response to formal discovery requests from the *Cavanaugh* plaintiffs in the *Cavanaugh* case. Similarly, the modification does not preclude

3

Sprint from opposing the *Cavanaugh* plaintiffs' use–in motion practice or at trial–of materials received from the plaintiffs in this case and, again, the *Cavanaugh* court would resolve any issues regarding the admissibility of such materials. *See United Nuclear*, 905 F.2d at 1428 (defendant retains the right to raise in the collateral court any relevancy or privilege objections to the production of any materials and collateral court resolves questions of discoverability).

Sprint's only other argument is that the magistrate judge "misapplied" the first step of the analysis in determining whether to modify a protective order.[1]   According to Sprint, the judge

---

[1]The court does not construe Sprint's motion to review as challenging Judge Waxse's conclusion that modification of the protective order would not prejudice Sprint's rights. *See United Nuclear*, 905 F.2d at 1428 ("[W]here an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantially rights of the party opposing modification." (quoting *Wilk v. American Medical Ass'n*, 635 F.2d 1295, 1299 (7th Cir. 1980)). Any prejudice argument, therefore, has been waived. *See Lockert v. Faulkner*, 843 F.2d 1015, 1017-18 (7th Cir. 1988) (where plaintiff filed objections to magistrate judge's order in the district court but those objections "did not even hint" at the argument raised on appeal, argument was deemed waived and Circuit would not address merits); *accord Whitehead v. Oklahoma Gas & Elec. Co.*, 187 F.3d 1184, 1190 (10th Cir. 1999) (argument that party failed to raise in its objections to magistrate judge's report was deemed waived on appeal). In any event, to the extent Sprint's motion could be construed to challenge this aspect of Judge Waxse's decision, Judge Waxse did not abuse his discretion in concluding that modification of the protective order would not prejudice Sprint's substantial rights. In opposition to the motion to intervene, Sprint asserted prejudice based in part on the disclosure of its proprietary information. Such prejudice, however, is insufficient to justify denying modification, particularly as the *Cavanaugh* plaintiffs are subject to the restrictions contained in the original protective order. *See United Nuclear*, 905 F.2d at 1428 ("[A]ny legitimate interest the defendants have in continued secrecy as against the public at large can be accommodated by placing Intervenors under the restrictions on use and disclosure contained in the original protective order."). Sprint also argued in its opposition to the motion to intervene that it would suffer prejudice because modification "would disrupt the negotiated agreement of the parties that has governed discovery for the past two years." While Sprint vaguely complains of delays and "additional litigiousness," the modification simply does not impose any requirements or burdens on Sprint whatsoever. No prejudice, then, can be shown.

"must first find that the party seeking modification would be able to discover the protected materials in its own case."   Sprint then criticizes the magistrate judge for finding only that the *Cavanaugh* plaintiffs "would likely seek discovery" repetitive of the discovery produced by Sprint in this case, rather than assessing whether those materials would, in fact, be discoverable in the *Cavanaugh* litigation.   Sprint cites no authority for this statement and, in fact, the preeminent Tenth Circuit decision on the issue of modifying protective orders to give collateral litigants access to discovery materials that are subject to protective order clearly states that "questions of the discoverability in the [collateral] litigation of the materials discovered in [this] litigation are, of course, for the [collateral] courts."  *See United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1428 (10th Cir. 1990) (alterations in original) (quoting *Superior Oil Co. v. American Petrofina Co.*, 785 F.2d 130, 130 (5th Cir. 1986)).   Judge Waxse, then, was not required to (nor supposed to) determine the discoverability issue.

For the foregoing reasons, the court readily concludes that the magistrate judge properly exercised his discretion in modifying the protective order in this case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for review of the magistrate judge's memorandum and order that modifies the protective order agreed to by the parties (doc. 3731) is **denied.**

---

Finally, while Sprint contends in its opposition to the motion to intervene that the *Cavanaugh* plaintiffs should not be permitted to "side-step discovery limits" in their own case, the modification, as explained in the text, simply has no bearing on discovery limits in the *Cavanaugh* case.

**IT IS FURTHER ORDERED BY THE COURT THAT** the referral to the magistrate judge of defendant's motion to stay the court's February 21, 2006 order modifying the protective order in this case pending a motion for reconsideration or an objection to be filed (doc. 3616) is hereby withdrawn and the court **denies that motion as moot.**

**IT IS SO ORDERED.**

Dated this 6th day of April, 2006, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge