DJW/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**SHIRLEY WILLIAMS, et al.,**

                      **Plaintiffs,**

                                     **CIVIL ACTION**

**v.**

                                      **No. 03-2200-JWL-DJW**

**SPRINT/UNITED MANAGEMENT COMPANY,**

                      **Defendant.**

## **ORDER**

On April 20, 2006, the Court conducted a discovery conference in this case. Plaintiffs appeared through counsel, Dennis E. Egan, Dirk L. Hubbard, Martin M. Meyers, and Gene P. Graham, Jr. Defendant appeared through counsel, James F. Monafo and Phillip R. Dupont. This Order memorializes and supplements the Court's rulings at the conference:

(1) The discovery conference presently set for May 4, 2006 is cancelled due to the parties' scheduled mediation. The next discovery conference is set for **May 18, 2006 at 2:00 p.m.**

(2) The Court also took up the issue of restrictions on preliminary expert reports in preparation for the mediation to be held between the parties on May 3 and 4, 2006 in San Francisco, California. In aid of the settlement process, the parties may, but are not required to, provide at or before the mediation one or more preliminary, confidential, for-mediation-purposes-only expert reports. If one or more such expert

      reports are furnished, they shall be confidential and "for mediation purposes only." Any expert reports provided by either party to the other party in furtherance of the mediation are confidential information and shall not be: (1) disclosed to anyone not involved in the mediation process; (2) disclosed to the trial judge; (3) discoverable, (4) subject to compulsory process, or (5) used for any purpose in any pending or future proceeding in Court unless the Court determines that such testimony or disclosure is necessary to prevent manifest injustice.   All expert reports prepared in furtherance of the mediation shall be returned to the party that provided same, together with all copies thereof.  Neither party is permitted to examine, cross-examine or otherwise inquire of the opposing party's experts regarding any aspect of the preparation of the confidential for-mediation-only reports, whether or not such reports are actually used at the mediation.  Likewise, discovery of any communications between any such expert and the party retaining such expert regarding such reports is hereby prohibited.

(3) With regard to the possible appointment of a special master for discovery in this case, **by the next discovery conference**, the parties shall submit their suggestions as to who the Court should appoint as special master and the special master's defined duties.  If the Court decides to appoint a special master, then the parties will be given further notice and opportunity to be heard on the question of whether a master should be appointed and on the terms of the appointment.

(4) For the general reasons stated on the record at the discovery conference, Defendant's Motion for Protective Order Regarding Plaintiffs' Deposition Notice for the Deposition

of James Kissinger (doc. 3592) is granted in part and denied in part. Defendant's request for a protective order that the deposition of James Kissinger not be taken is denied. Defendant's request for limitations on the Kissinger deposition is granted in part. The deposition of Kissinger shall be taken in Reston, Virginia, where he works. Plaintiffs shall not re-ask Mr. Kissinger questions that they previously asked during any of his earlier Rule 30(b)(6) depositions, unless Plaintiffs can justify any redundant questioning by intervening deposition testimony, events, or documents produced since his earlier 30(b)(6) testimony. **At least 5 days prior to the deposition**, Plaintiffs shall provide Defendant's counsel with any documents, or a listing (identified by Bates numbers or otherwise) of any documents, about which Mr. Kissinger will be questioned. Deposing counsel shall make reasonable efforts to provide a precise list of documents that will be discussed at the deposition. By the parties' next meet and confer session, Defendant shall provide Plaintiffs' counsel with **at least 3 dates in the next 30 days** where Mr. Kissinger will be available for deposition.

(5) For the general reasons stated on the record, Defendant's Motion for Protective Order Regarding Plaintiffs' Deposition Notice for the Deposition of Jan Price (doc. 3602) is denied and Plaintiffs' Motion to Compel the Resumption of the Deposition of Jan Price (doc. 3618) is granted. Plaintiffs have shown that they objected to Defendant's termination of Ms. Price's January 13, 2006 deposition and that they advised Defendant's counsel that there were too many documents to get through in one day. Plaintiffs have shown that **7 hours** of additional deposition time is needed

for a fair examination of Ms. Price. **At least 5 days prior to the deposition**, Plaintiffs shall provide Defendant's counsel with any documents, or a listing (identified by Bates numbers or otherwise) of any documents, about which Ms. Price will be questioned. Deposing counsel shall make reasonable efforts to provide a precise list of documents that will be discussed at the deposition. By the parties' next meet and confer session, Defendant shall provide Plaintiffs' counsel with **at least 3 dates in the next 30 days** where Ms. Price will be available for the continuation of her deposition. Such deposition shall not exceed 7 hours in length.

(6) Defendant's Motion for Protective Order Regarding Plaintiffs' Deposition Notice for the Deposition of Janet Larson (doc. 3732) is granted as unopposed.

(7) For the general reasons stated on the record, Defendant's Motion for Protective Order Regarding Plaintiffs' Deposition Notice For The Deposition of Sprint (doc. 3604) is denied. By the parties' next meet and confer session, Defendant shall provide Plaintiffs' counsel with **at least 3 dates in the next 30 days** where Mr. Brill will be available for deposition. The deposition is limited to the topics contained on the notice. Plaintiffs' request for fees and costs is denied.

(8) For the general reasons stated on the record, Plaintiffs' Motion to Amend Scheduling Order, Motion to Compel Discovery, Motion for Sanctions (doc. 3580) is denied in part and moot in part. Plaintiffs' Motion to Amend Scheduling Order is moot as the Court vacated the Second Amended, Second Phase Scheduling Order on April 6, 2006. **By May 16, 2006,** the parties shall meet and confer and provide the Court

>with an agreed proposal, or their respective proposals, for further scheduling of the case. The proposal(s) shall include a list of the individuals (by name) the parties intend to depose, along with a suggested number limitation of depositions reserved for unidentified individuals. Plaintiffs' requests for access to Defendant's computer system, hard drives, and back-up tapes is denied. Plaintiffs' Motion to Compel Discovery of RIF spreadsheets and emails in their native format is denied with caveat that Plaintiffs may file a new motion specifically identifying what they continue to contend Defendant should be compelled to produce. Plaintiffs' Motion for Sanctions is denied.

(9) For the general reasons stated on the record, Plaintiffs' Motion to Compel in Relation to Deposition of John St. Angelo (doc. 3803) is granted. By the parties' next meet and confer session, Defendant shall provide Plaintiffs' counsel with **at least 3 dates in the next 30 days** where Mr. St. Angelo will be available for deposition. **At least 5 days prior to the deposition**, Plaintiffs shall provide Defendant's counsel with any documents, or a listing (identified by Bates numbers or otherwise) of any documents, about which Mr. St. Angelo will be questioned. Deposing counsel shall make reasonable efforts to provide a precise list of documents that will be discussed at the deposition.

(10) For the general reasons stated on the record, Defendant's Motion for Protective Order Regarding Plaintiffs' Deposition Notice For The Deposition Of Gene Betts (doc. 3834) is denied. **At least 5 days prior to the deposition**, Plaintiffs shall

>provide Defendant's counsel with any documents, or a listing (identified by Bates numbers or otherwise) of any documents, about which Mr. Betts will be questioned. Deposing counsel shall make reasonable efforts to provide a precise list of documents that will be discussed at the deposition. By the parties' next meet and confer session, Defendant shall provide Plaintiffs' counsel with **at least 3 dates in the next 30 days** where Mr. Betts will be available for deposition.

(11) For the general reasons stated on the record, Plaintiffs' Motion for Protective Order Regarding Depositions of Opt-in Plaintiffs Who Have Been De-Listed and Who Are Thus Not Witnesses for the Pattern and Practice Trial (doc. 3807) and Plaintiffs' Motion for Protective Order Regarding Depositions of Opt-in Plaintiffs Who Have Never Been Listed as Witnesses for the Pattern and Practice Trial (doc. 3808) are denied. Plaintiffs have failed to show good cause for an order protecting them from producing, at the pattern and practice stage of discovery, opt-in Plaintiffs who have been either de-listed (removed from the list) or never listed on Plaintiffs' listing of witnesses for the pattern and practice trial. The Court finds that Defendant has a right to depose these opt-in Plaintiffs on pattern and practice issues.

(12) Plaintiffs' Motion for Protective Order Regarding Depositions of Out-of-Town Opt-in Plaintiffs (doc. 3809) is denied. Plaintiffs have not shown good cause for an order that all out-of-town depositions sought by Defendant be conducted by telephone. Plaintiffs, however, may file motions requesting that the depositions of specific noticed individuals be taken by telephone.

(13) Plaintiffs' Motion to Compel Discovery (doc. 3626) is denied. Plaintiffs' request for the Court to compel a copy of Defendant's entire "Workforce Planning" hard drive or all "Workforce Planning" databases created by Terry York that relate to the Candidate Selection Worksheets is too broad to be granted in its current form. The Court is, however, willing to reconsider this ruling if Plaintiffs make a less intrusive request and convince the Court that they cannot otherwise obtain this information.

(14) For the general reasons stated on the record, Plaintiffs' Motion for Reconsideration of March 21, 2006 Order and, in the Alternative, for Clarification (doc. 3835) is denied. The parties' scheduling proposal(s) shall include suggestions for getting this discovery completed.

(15) Plaintiffs' oral, unopposed request for extension of time to **May 22, 2006** to respond to Defendant's contention interrogatories is granted.

(16) Plaintiffs' oral, unopposed motion for one-day extension of time to file their responses in opposition to Defendant's Motions for Protective Orders Regarding Plaintiffs' Deposition Notices for Renee Finks, Gavin Pinchback, and Gaylene Van Horn (docs. 3843, 3844, and 3845) is granted. Plaintiffs' responses shall be filed by **April 21, 2006**.

(17) By agreement of the parties, Defendant's deadlines to serve discovery responses to Plaintiffs' Eleventh Request for Productions of Documents (doc. 3799), Plaintiffs' Tenth Interrogatories (doc. 3800), Plaintiffs Eleventh Interrogatories and Twelfth Request for Production (doc. 3829) (except addresses for witnesses will be provided

by April 27, 2006), and Plaintiffs' Requests for Admissions (doc. 3832) are all extended to **May 22, 2006**.

(18) By agreement of the parties, the deadline for Plaintiffs to serve their response to Defendants' Second Request for Admissions (doc. 3830) is extended to **May 22, 2006**.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 25th day of April, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:   All counsel