DJW/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**SHIRLEY WILLIAMS, et al.,**

                **Plaintiffs,**

                                       **CIVIL ACTION**

**v.**

                                       **No. 03-2200-JWL-DJW**

**SPRINT/UNITED MANAGEMENT**
**COMPANY,**

                **Defendant.**

## ORDER

On May 25, 2006, the Court conducted a telephone status conference in this case regarding the appointment of a special master for discovery. Plaintiffs appeared through counsel, Dennis E. Egan, Wm. Dirk Vandever, Kenneth B. McClain, Martin M. Meyers, Gene P. Graham, Jr., Dirk L. Hubbard, and Bert S. Braud. Defendant appeared through counsel, Phillip R. Dupont, J. Jack Yates, James F. Monafo, and Christine F. Miller. At the status conference, the Court advised the parties that John R. Phillips of the law firm Blackwell Sanders Peper Martin had been tentatively selected for appointment as special master. After the status conference, the Court contacted Mr. Phillips to ascertain whether he had any relationships that would disqualify him from being appointed as special master in this case. Mr. Phillips advised the Court that his law firm had represented Defendant Sprint on the following matters:

> We have advised Sprint on the handling of unclaimed property and escheat law matters. Our Governmental Affairs and Tax practices represented them in the crafting of certain federal energy tax credit legislation. We represented them in the negotiation and documentation of PCS retail facility leases. Our Benefits practice

> represented the Independent Sprint Benefits Committee that administers the various Sprint benefit plans. Our Bankruptcy practice has counseled Sprint on the most advantageous handing of issues when Sprint suppliers are involved in bankruptcy proceedings. Our Intellectual Property group has provided limited advice on intellectual property matters.
>
> We have not been involved in representing Sprint on labor or employment matters. John Phillips has individually acted as a mediator in approximately five litigation or threatened litigation matters in the past several years, one of which remains unresolved.

Federal Rule of Civil Procedure 53(a)(2) provides that "[a] master must not have a relationship to the parties, counsel, action, or court that would require disqualification of a judge under 28 U.S.C. § 455 unless the parties consent with the court's approval to appointment of a particular person after disclosure of any potential grounds from disqualification." 28 U.S.C. § 455(a) generally provides that a judge "shall disqualify himself in any proceedings in which his impartiality might reasonably be questioned." Subsection (b) sets forth several specific circumstances that would require a judge to disqualify himself. One of these circumstances is if the judge has a person bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceedings. 28 U.S.C. § 455(b)(1).

In light of the above-described representations by Mr. Phillip's law firm, the Court finds that potential grounds exist for the disqualification of Mr. Phillips as special master in this case. Within **five (5) days of the date of this Order**, the parties shall file a pleading indicating whether they would be willing to consent to the appointment of Mr. Phillips as special master even though his firm has represented Sprint in the matters disclosed above.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 30th day of May, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc: All counsel