DJW/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHIRLEY WILLIAMS, et al.,

                    Plaintiffs,

                                   CIVIL ACTION

v.

                             No. 03-2200-JWL-DJW

SPRINT/UNITED MANAGEMENT
COMPANY,
                    Defendant.

## ORDER APPOINTING SPECIAL MASTER

On May 18, 2006, the Court, after reviewing the parties' respective positions with regard to the appointment of a special master for discovery in this case, determined that the circumstances of this case are such that a special master should be appointed pursuant to Fed. R. Civ. P. 53(a)(1)(C), to address pretrial discovery matters that cannot be addressed effectively and timely by the magistrate judge. Thereafter, on May 25, 2006, the Court conducted a telephone status conference in which it advised the parties that one of the candidates proposed by Defendant, John R. Phillips of the law firm Blackwell Sanders Peper Martin, had been tentatively selected for appointment as special master.

On May 30, 2006, the Court entered an Order directing the parties to file a pleading indicating whether they would be willing to consent to the appointment of Mr. Phillips as special master even though his law firm represents Sprint in other unrelated matters. On June 5, 2006,

Plaintiffs and Defendant filed their respective Consents to the Appointment of John Phillips as Special Master.[1]

Upon being advised of Plaintiffs' consent, the Court enters the following Order with regard to the appointment of Mr. Phillips as Special Master.

Accordingly, **IT IS THEREFORE ORDERED** that

1)     John R. Phillips is hereby appointed as Special Master in this case. The Special Master shall meet with counsel for Plaintiffs and Defendant to establish a process for carrying out the following duties as Special Master:

    a)   It is the Court's intent that the Special Master handle and resolve all discovery disputes of an administrative nature raised by the parties, as well as scheduling matters. Discovery disputes involving substantive legal issues will continue to be resolved by the Court. The Special Master should first proceed to obtain agreed resolutions of any disputed matters, however, if that is not feasible, then the Special Master has the authority to enter orders on these administrative discovery disputes. If the Special Master makes an order, under Fed. R. Civ. P. 53(e), he must file the order and promptly serve a copy on each party.

    b)   The Special Master shall confer with counsel in an effort to facilitate an agreed plan and schedule for the completion of pattern and practice discovery and for further scheduling of the case. If the parties cannot reach an agreement on certain

--------

[1]*See* docs. 4162 & 4164.

deadlines or issues, then the Special Master shall make his recommendation with regard to the disputed deadline or issue. **By July 10, 2006**, the Special Master shall submit to the Magistrate Judge the parties' agreed plan and schedule for the completion of pattern and practice discovery and for further scheduling of the case, and/or his recommendations on the disputed deadlines and issues.

c) The Special Master shall meet with the parties to attempt to reach agreement for resolution, or, if agreement cannot be attained, the Special Master shall provide, **by July 10, 2006**, his recommendations to the Court with regard to the following pending motions:

  i.   Defendant's Motion for Protective Order Regarding Plaintiffs' Deposition Notice for the Deposition of Renee Finks (doc. 3843),

  ii.  Defendant's Motion for Protective Order Regarding Plaintiffs' Deposition Notice for the Deposition of Gavin Pinchback (doc. 3844),

  iii. Plaintiffs' Motion for Protective Order Regarding Deposition of Miguel Arrendondo (doc. 4095),

  iv.  Plaintiffs' Motion for Protective Order Regarding Deposition of Dale Aston (doc. 4096),

  v.   Plaintiffs' Motion for Protective Order Regarding Deposition of Howard Holbrook (doc. 4097),

  vi.  Plaintiffs' Motion for Protective Order Regarding Deposition of Paul LeMay (doc. 4098),

  vii. Plaintiffs' Motion for Protective Order Regarding Deposition of Michael Affolder (doc. 4099),

3

viii.    Plaintiffs' Motion for Protective Order Regarding Deposition of Carlene Sue Green (doc. 4101),

ix.    Plaintiffs' Motion for Protective Order Regarding Deposition of Michael Kochevar (doc. 4117),

x.    Plaintiffs' Motion for Protective Order Regarding Deposition of Eduardo Garrido (doc. 4123),

xi.    Defendant's Motion for Protective Order Regarding Plaintiffs' 30 (b)(6) Deposition Notice Concerning Deposition Exhibit 1317 (doc. 4143),

xii.    Plaintiffs' Motion to Strike Defendant's Filing of Document #4143 and Document #4144 (doc. 4147),

xiii.    Plaintiffs' Motion for Protective Order Regarding Deposition of Christine Monticue (doc. 4148),

xiv.    Plaintiffs' Motion for Protective Order Regarding Deposition of Matthew Borkowski (doc. 4149),

xv.    Plaintiffs' Motion for Protective Order Regarding Deposition of Deborah Hufnagel (doc. 4150),

xvi.    Defendant's Motion to Strike Plaintiffs' Filing of Documents #4117, #4123, #4148, #4149, and #4150 (doc. 4153).

d)  The Special Master shall resolve all discovery disputes with regard to:

    i)  depositions, including but not limited to the scheduling, timing, length, method, location, and scope of the depositions, and/or information or materials to be provided prior to the deposition and timing of when this information shall be provided;

    ii)  written discovery under Fed. R. Civ. P. 33 and 34; and

4

iii) any other discovery dispute of an administrative nature that does not require the Special Master to decide a substantive legal issue.

2) The Special Master shall proceed with all reasonable diligence in carrying out his designated duties. In the event the Special Master needs additional time to complete any of the tasks with a specific deadline, he should advise the Court.

3) The Special Master and any persons assisting the Special Master shall be bound by the confidentiality provisions of the parties' Protective Order.

4) The Special Master is authorized to meet with the parties and to establish any procedures that may aid the Special Master in fulfilling his duties.

5) The parties are directed to work with the Special Master in good faith.

6) The Special Master shall preserve all materials submitted to him in conjunction with his duties but shall file only such evidence or documents as he deems necessary for this Court's review of his orders, findings, or recommendations, pursuant to Fed. R. Civ. P. 53(b)(2)(C).

7) Any motion for review of any Special Master order, finding, or recommendation shall be filed within **ten (10) days** from the date of the filing of Special Master's order or recommendation, and will be considered by District Judge John W. Lungstrum. Following the filing of the motion for review, the party requesting review may contact the chambers of Judge Lungstrum to establish an expedited process for review. The standards for review of the Special Master's order or recommendation are set forth in Fed. R. Civ. P. 53(g).

8)  The Special Master shall have the authority to communicate *ex parte* with the parties for the purposes of any administrative matter that, in his opinion, warrants *ex parte* communication.  The Special Master shall have the authority to communicate *ex parte* with the Court under all circumstances.  The Special Master shall have the authority to set limits on the parties' communications with him.

9)  The Special Master shall be paid on an hourly basis at $385 per hour and shall submit monthly bills, with a fairly detailed description of his activities, to the Court and the parties.  Within ten (10) days of receipt of the bill, the parties shall advise the Court whether they have any objection to the amount billed by the Special Master.  The Court will then determine the amount to be paid and whether there should be any deviation from the normal equal apportionment.

10) Pursuant to Fed. R. Civ. P. 53(c), the Special Master has the authority to regulate all proceedings and take all appropriate measures to perform fairly and efficiently the assigned duties. The master may by order impose upon a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 7th day of June, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:   All counsel and

6

John R. Phillips
Blackwell Sanders Peper Martin LLP
4801 Main Street - Ste. 1000
P.O. Box 219777
Kansas City, MO 64112