IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Shirley Williams et al.,**

    **Plaintiffs,**

v.                                                                                          Case No. 03-2200-JWL

**Sprint/United Management Company,**

    **Defendant.**

## MEMORANDUM & ORDER

  Plaintiff Shirley Williams filed this suit on behalf of herself and others similarly situated asserting that her age was a determining factor in defendant's decision to terminate her employment during a reduction-in-force (RIF). This case has been provisionally certified as a collective action pursuant to 29 U.S.C. § 216(b) and the parties are presently engaged in discovery concerning the merits of plaintiffs' pattern and practice allegations.

  This matter is presently before the court on plaintiffs' motion to review and objections to paragraph 11 of the magistrate judge's April 25, 2006 order (doc. 4100) in which the judge denied plaintiffs' motions for protective order to prevent the taking of the depositions of those opt-in plaintiffs who had been removed from plaintiffs' list of potential witnesses for the pattern and practice trial and those opt-in plaintiffs who had never been listed as witnesses for the pattern and practice trial. As set forth in more detail below, plaintiffs' motion is denied as the magistrate judge did not abuse his discretion in denying plaintiffs' motions for these protective orders.

*Background*

In early 2006, defendant began noticing the depositions of opt-in plaintiffs who were at one time identified by plaintiffs in their Rule 26 disclosures as anticipated witnesses at the pattern and practice trial but have since been removed from that list by plaintiffs as well as several opt-in plaintiffs who had never been identified as anticipated witnesses at the pattern and practice trial. On March 28, 2006, plaintiffs filed a motion for protective order under Rule 26(c), seeking to preclude defendant from taking these depositions until after the pattern and practice phase of this litigation. According to plaintiffs, a protective order is appropriate because defendant has already deposed more than 300 opt-in plaintiffs[1] and the opt-in plaintiffs who are the subject of the motions for protective order will not be "witnesses" at the pattern and practice trial. To the extent the magistrate judge permitted defendant to go forward with these depositions, plaintiffs requested that the depositions of those opt-in plaintiffs who reside outside the Kansas City area proceed by telephone. According to plaintiffs, these plaintiffs should not have to choose between the hardships of traveling to Kansas City and dismissing their claims.

On April 25, 2006, the magistrate judge denied plaintiffs' motions for protective order and concluded that plaintiffs had not shown good cause" for those orders and that defendant "has a right to depose these opt-in Plaintiffs on pattern and practice issues." While the judge also rejected

---

[1]To the court's recollection, plaintiffs have never asked this court to review any rulings concerning the total number of opt-in plaintiffs defendant may appropriately depose in this phase of the litigation and plaintiffs do not suggest in their present motion to review that defendant has exceeded the number of depositions contemplated by the magistrate judge and the parties. Thus, the fact that defendant has deposed a significant number of opt-ins is not pertinent to the court's resolution of this motion to review.

2

plaintiffs' general request that these depositions take place via telephone, he emphasized that he would consider exceptions to this ruling–and possibly permit specific plaintiffs to be deposed via telephone–based on a particularized showing of hardship by plaintiffs.  Indeed, plaintiffs have since filed several motions for protective orders tied to the individual circumstances of particular plaintiffs.

Plaintiffs now object to the magistrate judge's order, contending that defendants should not be permitted in this phase of the litigation to take the depositions of persons who are not listed as witnesses for the pattern and practice trial.  In the alternative, plaintiffs request this court to require that the depositions of out-of-town plaintiffs take place via telephone.

*Applicable Standard*

Magistrate judges may issue orders as to non-dispositive pretrial matters and district courts review such orders under a "clearly erroneous or contrary to law" standard of review. *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

In the context of nondispositive discovery disputes, including the decision to grant or deny a protective order pursuant to Federal Rule of Civil Procedure 26(c), a district court will review the magistrate judge's order for an abuse of discretion. *See Microsoft v. MBC Enterprises*, 2004 WL 3007078, at *8 (10th Cir. Dec. 29, 2004) (district court reviews magistrate judge's discovery order for abuse of discretion; expressing "some concern whether the district court afforded the

proper degree of deference to the magistrate judge's discovery order") (citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3069 (2d ed. 1997) (noting that discovery disputes "might better be characterized as suitable for an abuse-of-discretion analysis")); *Cummings v. General Motors Corp.*, 365 F.3d 944, 954 (10th Cir. 2004) ("It is the unusual or exceptional case where the reviewing court will vacate a protective order entered by a trial court under Fed. R. Civ. P. 26(c)."); *LaFleur v. Teen Help*, 342 F.3d 1145, 1152-53 (10th Cir. 2003) (reviewing magistrate judge's grant of discovery protective order for abuse of discretion).

*Discussion*

As stated above, the magistrate judge found that plaintiffs had failed to establish good cause for precluding the depositions of those opt-in plaintiffs who had been removed from plaintiffs' list of potential witnesses for the pattern and practice trial and certain opt-in plaintiffs who had never been identified by plaintiffs as potential witnesses for the pattern and practice trial. Nothing in the objections filed by plaintiffs suggests that the magistrate judge abused his discretion in so deciding.

With respect to those opt-in plaintiffs who were initially identified by plaintiffs as having knowledge relevant to pattern and practice issues but were later removed from that list, plaintiffs do not contend that these opt-in plaintiffs, in fact, do not have information concerning pattern and practice issues and the record reveals that plaintiffs conceded before Judge Waxse that these plaintiffs have information pertinent to the pattern and practice claims. Rather, plaintiffs contend

4

that these opt-in plaintiffs were removed from the list based on the cumulative nature of their testimony, scheduling difficulties and travel and expense problems. In such circumstances, defendant has the right to depose these individuals–individuals who are plaintiffs in this action and are seeking damages from defendant–regarding pattern and practice issues. *See Ashby v. McKenna*, 331 F.3d 1148, 1150 (10th Cir. 2003) ("It seems unfair and abusive for a plaintiff to file a lawsuit and then refuse to make himself available for reasonable questioning regarding his claims.").[2]

With respect to those opt-in plaintiffs who have never been identified by plaintiffs as having knowledge pertinent to pattern and practice issues, defendant asserts that the employment histories and/or prior discovery responses of these opt-in plaintiffs indicate that these individuals are likely to have discoverable information helpful to defendant's anticipated decertification motion. The mere fact that plaintiffs have not identified these individuals in their Rule 26 disclosures has little relevance to the issue of whether these opt-in plaintiffs possess facts pertinent to the very issue that permits these plaintiffs to participate in this collective action–whether defendant engaged in a pattern and practice of unlawful discrimination based on age. Judge Waxse did not abuse his discretion in this regard.

The court also finds that the magistrate judge acted well within his discretion in denying plaintiffs' request for a general order requiring that all depositions of out-of-town opt-in plaintiffs

---

[2]While plaintiffs make much of the fact that they have decided not to call these particular plaintiffs at trial, that decision does not preclude defendant, if it so desired, from calling these plaintiffs to support its theory that no pattern and practice of age discrimination existed.

occur via telephone, instead inviting plaintiffs to file particularized motions for protective orders depending on a given plaintiff's circumstances. "As a general rule, a plaintiff will be required to make himself or herself available for examination in the district in which suit was brought. Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition." *Stubbs v. McDonald's Corp.*, 2005 WL 375662, at *1 (D. Kan. Jan. 26, 2005); *accord* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2112 at 75-77 (2nd ed. 1994). Absent a specific showing of hardship tied to an individual's circumstances, a general order requiring that the depositions of out-of-town plaintiffs be taken telephonically is not warranted. *See United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 603-04 (D. Nev. 1999) (in the absence of a showing of extreme hardship, denying intervenors' request that their depositions be taken by telephone where intervenors sought substantial compensatory and punitive damages from defendant); *Clem v. Allied Van Lines International Corp.*, 102 F.R.D. 938, 940 (S.D.N.Y.1984) (plaintiff failed to show requisite "extreme hardship" and was not entitled to have his deposition taken telephonically; financial burden of $3000 to appear for deposition was not extreme in light of "substantial" claims involved of over $130,000 plus attorneys' fees).[3]

For the foregoing reasons, the court concludes that the magistrate judge properly exercised

---

[3]While plaintiffs rely extensively on *Jahr v. IU Int'l Corp.*, 109 F.R.D. 429, 431 (M.D.N.C. 1986) to support their argument that telephonic depositions are appropriate in this case, the court finds *Jahr* unpersuasive in this context, as *Jahr* dealt with "a nonparty witness, not a plaintiff who was seeking monetary and other benefits from the litigation." *See Rock Springs Vista Dev.*, 185 F.R.D. at 603-04 (distinguishing *Jahr*).

his discretion in denying plaintiffs' motions for protective order.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion to review and objections to the magistrate judge's April 25, 2006 order (doc. 4100) is denied.

**IT IS SO ORDERED.**

Dated this 30th day of June, 2006, at Kansas City, Kansas.

                                        s/ John W. Lungstrum
                                        John W. Lungstrum
                                        United States District Judge