IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Shirley Williams et al.,**

        **Plaintiffs,**

**v.**                                              **Case No. 03-2200-JWL**

**Sprint/United Management Company,**

        **Defendant.**

## MEMORANDUM & ORDER

Plaintiff Shirley Williams filed this suit on behalf of herself and others similarly situated asserting that her age was a determining factor in defendant's decision to terminate her employment during a reduction-in-force (RIF). This case has been provisionally certified as a collective action pursuant to 29 U.S.C. § 216(b) and the parties are presently engaged in discovery concerning the merits of plaintiffs' pattern and practice allegations.

This matter is presently before the court on plaintiffs' motion to review and objections to paragraph 8 of the magistrate judge's April 25, 2006 order (doc. 4102) in which the judge denied plaintiffs' motion to compel discovery and to sanction defendant. As set forth below, the motion to review is retained under advisement. Specifically, the court is unable to review the order at this time because it does not have a sufficient record before it to conduct a meaningful review and therefore the court remands this matter to the magistrate judge so that the judge may render factual findings sufficient to enable this court to perform a meaningful review of the judge's decision should plaintiffs so desire.

In his order denying plaintiffs' motion to compel and for sanctions, the magistrate judge stated as follows: "Plaintiffs' Motion to Compel Discovery of RIF spreadsheets and emails in their native format is denied with caveat that Plaintiffs may file a new motion specifically identifying what they continue to contend Defendant should be compelled to produce. Plaintiffs' Motion for Sanctions is denied." The factual findings underlying the magistrate judge's decision are entitled to considerable deference from this court in resolving plaintiffs' motion to review. *See Smith v. Secretary of N.M. Dep't of Corrections*, 50 F.3d 801, 829 (10th Cir. 1995) (reviewing magistrate judge's factual findings for clear error). This standard of review is particularly significant in this case where plaintiffs' motion to review is incredibly fact-intensive and details at length a procedural history between the parties dating back more than one year.

In his order, however, the magistrate judge does not include any factual findings pertinent to the resolution of the motion to compel and for sanctions.[1] As the magistrate judge is intimately familiar with this history, his factual findings concerning that history and, more specifically, defendant's conduct with respect to the particular discovery at issue, are necessary before the court can engage in a fully informed review of the magistrate judge's order. The court, then, remands the underlying motion to the magistrate judge to render factual findings sufficient to permit this court, if necessary, to ascertain whether the magistrate judge properly exercised his

---

[1]The court appreciates that the magistrate judge, in its April 25, 2006 order, was attempting to succinctly address more than 10 discovery motions that were presently pending before it and, by remanding this particular dispute, intends no criticism of the magistrate judge.

discretion in resolving the motion.[2]

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion to review and objections to paragraph 8 of the magistrate judge's April 25, 2006 order (doc. 4102) is retained under advisement and this matter is remanded to the magistrate judge as set forth above. Upon the magistrate judge's filing the additional factual findings referred to in this order, plaintiffs shall have 10 days from the date thereof to supplement their brief with specific reference to the magistrate judge's findings and defendant shall have 10 days thereafter to file a supplemental brief in response.

**IT IS SO ORDERED.**

Dated this 30th day of June, 2006, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[2]To be sure, the court does not mean to suggest that the magistrate judge must render a detailed written opinion regarding every issue presented to him for resolution or that the judge must so do with respect to this particular motion. Indeed, all that may be required is a brief statement of the reasons for denying the motion. *See Thompson v. Boggs*, 33 F.3d 847, 858 n.9 (7th Cir. 1994) (although magistrate judge was not required to make detailed findings of fact, "a brief statement of the reasons for denying the motion would be beneficial to the litigants as well as facilitate meaningful appellate review").