DJW/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**SHIRLEY WILLIAMS, et al.,**

                  **Plaintiffs,**

                                        **CIVIL ACTION**

**v.**

                                        **No. 03-2200-JWL-DJW**

**SPRINT/UNITED MANAGEMENT**
**COMPANY,**

                  **Defendant.**

## ORDER

This Order is in response to Chief District Judge John W. Lungstrum's June 30, 2006 Memorandum and Order (doc. 4212), which remands Plaintiffs' underlying Motion to Compel Discovery (doc. 3580) to the Magistrate Judge for factual findings based on the lack of a sufficient record to review the decision.

On February 15, 2006, Plaintiffs filed a multi-part motion which sought: (1) to amend some of the current scheduling order deadlines; (2) to compel Defendant to produce all Reduction In Force ("RIF") spreadsheet documents in native format; (3) to compel Defendant to produce transmittal and other RIF-related e-mails in native format; (4) to compel Defendant to provide Plaintiffs' counsel and experts with access to Defendant's computer system, hard-drives, and all other computer back-up tapes to locate and retrieve RIF spreadsheets and e-mails that they claim Defendant has failed to produce in native format; (5) sanctions against Defendant for its conduct in failing to produce spreadsheet materials in native format and the re-production of more than 200,000 pages of spreadsheet materials that had already been produced in native format; (6) sanctions against

Defendant for failing to timely produce spreadsheet materials as required by the Court's May 5, 2005 Show Cause Order and other Show Cause Orders; and (7) to appeal the Magistrate Judge's February 8, 2006 Order.[1]

The undersigned Magistrate Judge orally ruled on Plaintiffs' motion at the April 20, 2006 discovery/status conference, which was recorded electronically by the Court and by the court reporter retained by the parties.[2] The Order memorializing and supplementing the rulings from the April 20, 2006 discovery/status conference was entered on April 25, 2006 (doc. 3865). Subparagraph eight of the April 25, 2006 Order set forth the rulings on Plaintiffs' Motion to Amend, Motion to Compel Discovery, Motion for Sanctions:

> For the general reasons stated on the record, Plaintiffs' Motion to Amend Scheduling Order, Motion to Compel Discovery, Motion for Sanctions (doc. 3580) is denied in part and moot in part.
> 
> \*          \*          \*
> 
> Plaintiffs' Motion to Compel Discovery of RIF spreadsheets and emails in their native format is denied with caveat that Plaintiffs may file a new motion specifically identifying what they continue to contend Defendant should be compelled to produce. Plaintiffs' Motion for Sanctions is denied.

On May 9, 2006, Plaintiffs filed a Motion for Review and Objections to Portions of Paragraph 8 of Magistrate's Order of April 25, 2006 (doc. 4102).

---

[1] This portion of the motion was denied without prejudice to refiling as a separate motion. *See* doc. 3615.

[2] Beginning in early 2005, Plaintiffs began bringing their own court reporter to record the discovery/status conferences instead of obtaining CDs of the court's electronic recording system. Apparently, no transcript from the April 20, 2006 discovery conference was provided to the District Judge in conjunction with the motion for review. The transcript of that discovery conference is attached as Exhibit A to this Order.

On June 30, 2006, Judge Lungstrum issued a Memorandum and Order (doc. 4212) retaining Plaintiffs' Motion for Review under advisement and remanding the underlying Motion to Compel Discovery to the magistrate judge based on the lack of a sufficient record. The Memorandum and Order directs the Magistrate Judge to render factual findings sufficient to enable the District Judge to perform a meaningful review of the decision on the Motion to Compel Discovery.

In accordance with this directive, the undersigned Magistrate Judge respectfully submits the following factual findings that were made at the April 20, 2006 discovery/status conference but were regrettably not included in the April 25, 2006 Order.

During the April 20, 2006 discovery/status conference, the Magistrate Judge took up Plaintiffs' requests to compel Defendant to produce all RIF spreadsheet documents in native format; to compel Defendant to produce transmittal and other RIF-related e-mails in native format; for sanctions against Defendant for its conduct in failing to produce spreadsheet materials in native format and the re-production of more than 200,000 pages of spreadsheet materials that had already been produced in native format; and for sanctions against Defendant for failing to timely produce spreadsheet materials as required by the Court's May 5, 2005 Show Cause Order and other Show Cause Orders. In considering these requests, the Magistrate Judge asked defense counsel whether Defendant had produced the RIF spreadsheets and e-mails in native format. Defense counsel responded as follows:

> We have produced - - at the time of the pleading, we had produced all decision-making type RIF spreadsheets in native format that we were aware of. As I have

>advised Plaintiffs, we found a few more. We're planning on producing those, as well. But the answer is, yes.[3]

Based on this representation, the Magistrate Judge found that Defendant had met its obligation unless Plaintiffs had a specific issue with a specific spreadsheet or e-mail that they believed Defendant had not produced in native format. At this point in the conference, Plaintiffs' counsel asserted that Defendant had not produced transmittal e-mails in native format and had not produced other e-mail attachments at all. Counsel stated:

>The e-mails have never been produced in native format. So our motion was acknowledging the spreadsheets, but the e-mails have never been produced in native format. We were addressing some of the difficulties in matching up, and we've shown you some of those. So the two things in the motion that have not been produced yet electronically that Defendant contests, are the transmittal e-mails, No. 1; and No. 2, there are all these other attachment spreadsheets and attachment documents that we talked about in the motion, that are listed on the spreadsheet reports. Besides the one spreadsheet, there's like nine others. And we've listed and attached those that show there's - - -
>
>So the two issues are, transmittal e-mails, and other attachments that were never produced, electronically or otherwise. So that would be the only two things. And I think that would require a glancing at the motion, now that I've added some complications there, so - - -.[4]

Notwithstanding Plaintiffs' assertion that Defendant had never produced transmittal e-mails in native format or other e-mail attachments at all, the Magistrate Judge found that Plaintiffs' Motion to Compel Discovery was too generic and overly broad, and ordered Plaintiffs to file a new motion that addresses with specificity what they claim still needs to be produced by Defendant. After effectively denying without prejudice Plaintiffs' motion to compel, the Magistrate Judge denied

---

[3]Transcript of April 20, 2006 Discovery/Status Conference ("Tr.") p. 17-18, l. 23-25, 1-4.

[4]Tr. p. 18-19, l. 21-25, 1-15.

4

Plaintiffs' request for sanctions, advising the parties that "I think the best approach so far is to avoid those when we can."[5]

    RESPECTFULLY SUBMITTED,

Dated in Kansas City, Kansas on this 10th day of July, 2006.

                                  s/ David J. Waxse
                                  David J. Waxse
                                  United States Magistrate Judge

cc:    All counsel

---

[5] Tr. p. 20, l. 12-13.