DJW/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**SHIRLEY WILLIAMS, et al.,**

                **Plaintiffs,**

                              **CIVIL ACTION**

**v.**

                              **No. 03-2200-JWL-DJW**

**SPRINT/UNITED MANAGEMENT COMPANY,**

                **Defendant.**

## AMENDED ORDER APPOINTING SPECIAL MASTER

On August 24, 2006, the Court held a motion hearing and scheduling conference in this case. During that conference, and as memorialized in the Court's August 25, 2006 Order (doc. 4291), District Judge Lungstrum remanded in part the Magistrate Judge's June 7, 2006 Order Appointing the Special Master (doc. 4177) to the Magistrate Judge for further clarification. In accordance with this directive, the undersigned Magistrate Judge hereby enters the following Amended Order Appointing Special Master:

Accordingly, **IT IS THEREFORE ORDERED** that

1) John R. Phillips is hereby appointed as Special Master in this case. The Special Master shall continue to meet with counsel for Plaintiffs and Defendant in order to carry out the following duties as Special Master:

    a) It is the Court's intent that the Special Master handle and resolve all discovery disputes of an administrative nature raised by the parties, as well as scheduling matters. Discovery disputes involving substantive legal issues will continue to be resolved by the Court. The Special Master should first

proceed to obtain agreed resolutions of any disputed matters, however, if that is not feasible, then the Special Master has the authority to enter orders on these administrative discovery disputes. The Special Master shall not engage in protracted mediation of the parties' discovery disputes, but instead shall make rulings on discovery disputes. If the Special Master makes an order, under Fed. R. Civ. P. 53(e), he must file the order and promptly serve a copy on each party. Filing of any Special Master orders shall be accomplished by e-mailing the order as an email attachment to the Clerk's office at [KSD_Clerks_kansascity@ksd.uscourts.gov](mailto:KSD_Clerks_kansascity@ksd.uscourts.gov). The Clerk's office will then electronically file the Special Master's order.

b) After August 24, 2006, any motions filed by the parties raising discovery issues shall automatically be referred to the Special Master for a decision. If the Magistrate Judge decides that the discovery motion involves a substantive legal issue, an order withdrawing the referral will be filed within 24 hours of the filing of the motion (unless the motion is filed on a weekend or court holiday, in which case an order withdrawing the referral will be filed by 5:00 p.m. on the next business day). The Special Master shall issue his orders ruling on discovery motions referred to him within **thirty (30) days of the filing of the motion**, unless circumstances prevent a ruling within that time frame.

c) The following pending discovery motions are currently referred to the Special Master for resolution:

    i.       Defendant's Motion for Protective Order Regarding Plaintiffs' Deposition Notice for the Deposition of Renee Finks (doc. 3843),

    ii.      Defendant's Motion for Protective Order Regarding Plaintiffs' Deposition Notice for the Deposition of Gavin Pinchback (doc. 3844),

    iii.     Plaintiffs' Motion for Protective Order Regarding Deposition of Miguel Arrendondo (doc. 4095),

    iv.     Plaintiffs' Motion for Protective Order Regarding Deposition of Dale Aston (doc. 4096),

    v.      Plaintiffs' Motion for Protective Order Regarding Deposition of Howard Holbrook (doc. 4097),

    vi.     Plaintiffs' Motion for Protective Order Regarding Deposition of Paul LeMay (doc. 4098),

    vii.    Plaintiffs' Motion for Protective Order Regarding Deposition of Michael Affolder (doc. 4099),

    viii.   Plaintiffs' Motion for Protective Order Regarding Deposition of Carlene Sue Green (doc. 4101),

    ix.     Plaintiffs' Motion for Protective Order Regarding Deposition of Michael Kochevar (doc. 4117),

    x.      Plaintiffs' Motion for Protective Order Regarding Deposition of Eduardo Garrido (doc. 4123),

    xi.     Defendant's Motion for Protective Order Regarding Plaintiffs' 30 (b)(6) Deposition Notice Concerning Deposition Exhibit 1317 (doc. 4143),

    xii.    Plaintiffs' Motion to Strike Defendant's Filing of Document #4143 and Document #4144 (doc. 4147),

    xiii.   Plaintiffs' Motion for Protective Order Regarding Deposition of Christine Monticue (doc. 4148),

    xiv.   Plaintiffs' Motion for Protective Order Regarding Deposition of Matthew Borkowski (doc. 4149),

      xv.      Plaintiffs' Motion for Protective Order Regarding Deposition of Deborah Hufnagel (doc. 4150),

      xvi.      Defendant's Motion to Strike Plaintiffs' Filing of Documents #4117, #4123, #4148, #4149, and #4150 (doc. 4153).

      xvii.      Plaintiffs' Motion for Extension of Time to Respond to Defendant's Motion to Strike (doc. 4188)

      xviii.      Plaintiffs' Motion for Protective Order Regarding Deposition of Carol Morahan (doc. 4207)

      xix.      Plaintiffs' Second Motion to Extend Time to Respond to Defendant's Motion to Strike (doc. 4210)

      xx.      Plaintiffs' Motion to Compel Resumption of Deposition of James Kissinger (doc. 4250)

d) The Special Master shall resolve all discovery disputes with regard to:

    i) depositions, including but not limited to the scheduling, timing, length, method, location, and scope of the depositions, and/or information or materials to be provided prior to the deposition and timing of when this information shall be provided;

    ii) written discovery under Fed. R. Civ. P. 33 and 34; and

    iii) any other discovery dispute of an administrative nature that does not require the Special Master to decide a substantive legal issue.

2) The Special Master shall proceed with all reasonable diligence in carrying out his designated duties. In the event the Special Master needs additional time to complete any of the tasks with a specific deadline, he should advise the Court.

3) The Special Master and any persons assisting the Special Master shall be bound by the confidentiality provisions of the parties' Protective Order.

4) The Special Master is authorized to meet with the parties and to establish any procedures that may aid the Special Master in fulfilling his duties.

5) The parties are directed to work with the Special Master in good faith.

6) The Special Master shall preserve all materials submitted to him in conjunction with his duties but shall file only such evidence or documents as he deems necessary for this Court's review of his orders, findings, or recommendations, pursuant to Fed. R. Civ. P. 53(b)(2)(C).

7) Any motion for review of any Special Master order, finding, or recommendation shall be filed within **ten (10) days** from the date of the filing of Special Master's order or recommendation, and will be considered by District Judge John W. Lungstrum. Following the filing of the motion for review, the party requesting review may contact the chambers of Judge Lungstrum to establish an expedited process for review. The standards for review of the Special Master's order or recommendation are set forth in Fed. R. Civ. P. 53(g).

8) The Special Master shall have the authority to communicate *ex parte* with the parties for the purposes of any administrative matter that, in his opinion, warrants *ex parte* communication. The Special Master shall have the authority to communicate *ex parte* with the Court under all circumstances. The Special Master shall have the authority to set limits on the parties' communications with him.

9) The Special Master shall be paid on an hourly basis at $385 per hour and shall submit monthly bills, with a fairly detailed description of his activities, to the

5

       Court and the parties. Within ten (10) days of receipt of the bill, the parties shall advise the Court whether they have any objection to the amount billed by the Special Master. The Court will then determine the amount to be paid and whether there should be any deviation from the normal equal apportionment.

10) Pursuant to Fed. R. Civ. P. 53(c), the Special Master has the authority to regulate all proceedings and take all appropriate measures to perform fairly and efficiently the assigned duties. The master may by order impose upon a party any noncontempt sanction provided by Rule 37 or 45, and may recommend a contempt sanction against a party and sanctions against a nonparty.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 30th day of August, 2006.

                                        David J. Waxse
                                        United States Magistrate Judge

cc:    All counsel and
       Special Master