**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

SHIRLEY WILLIAMS, et al.,

      Plaintiffs,

v.                                        Case No.  03-2200-JWL-DJW

SPRINT/UNITED MANAGEMENT CO.,

      Defendant.

**MEMORANDUM AND ORDER**

Plaintiff Shirley Williams brings this lawsuit on behalf of herself and others similarly situated asserting that her age was a determining factor in Defendant's decision to terminate her employment during a reduction-in-force ("RIF"). This case has been provisionally certified as a collective action pursuant to 29 U.S.C. § 216(b) and the parties are presently engaged in discovery concerning the merits of Plaintiffs' pattern and practice allegations.  The matter is currently before the Court on Plaintiffs' Motion for Reconsideration (doc. 4235).  Plaintiffs move the Court for an Order reconsidering and/or clarifying its July 10, 2006 Order (doc. 4221) by adding further findings of fact.  For the reasons set forth below, the motion is denied.

**I.**      **Standard for a Motion for Reconsideration**

Pursuant to D. Kan. Rule 7.3(b), motions seeking reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[1]

A motion to reconsider is not a second chance for the losing party to ask the Court to revisit

---

[1] The Tenth Circuit has adopted the same standard. *See, e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

issues already addressed or to consider new arguments and facts that could have been presented originally.[2] Nor is a motion to reconsider to be used as "a second chance when a party has failed to present it strongest case in the first instance."[3] Reconsideration may, however, be appropriate "where the court has misapprehended the facts, a party's position, or the controlling law."[4]

## II.     Facts Relevant to this Motion

On February 15, 2006, Plaintiffs filed a multi-part motion titled Plaintiffs' Motion to Amend Scheduling Order, Motion to Compel Discovery, Motion for Sanctions, and Appeal From Paragraph (3) of Judge Waxse's 2/8/06 Order, which sought, *inter alia*, to compel Defendant to produce all RIF spreadsheet documents and transmittal and RIF-related emails in native format. The motion also requested sanctions against Defendant for its conduct in failing to produce spreadsheet materials in native format and the re-production of more than 200,000 pages of spreadsheet materials that had already been produced in native format and for failing to timely produce spreadsheet materials as required by the Court's May 5, 2005 Show Cause Order and other Show Cause Orders.

The undersigned Magistrate Judge orally ruled on Plaintiffs' motion at the April 20, 2006 discovery/status conference. The Order memorializing and supplementing the rulings from the April 20, 2006 discovery/status conference was entered on April 25, 2006 (doc. 3865). Subparagraph eight of the April 25, 2006 Order set forth the rulings on Plaintiffs' Motion to Amend Scheduling Order, Motion to Compel Discovery, Motion for Sanctions:

> For the general reasons stated on the record, Plaintiffs' Motion to Amend

---

[2] *Servants*, 204 F.3d at 1012; *Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 664 (D. Kan. 2004).

[3] *Sonnino*, 221 F.R.D. at 664 (citations omitted).

[4] *Id.*; *Servants*, 204 F.3d at 1012.

> Scheduling Order, Motion to Compel Discovery, Motion for Sanctions (doc. 3580) is denied in part and moot in part.
>
> \*             \*             \*
>
> Plaintiffs' Motion to Compel Discovery of RIF spreadsheets and emails in their native format is denied with caveat that Plaintiffs may file a new motion specifically identifying what they continue to contend Defendant should be compelled to produce. Plaintiffs' Motion for Sanctions is denied.

Plaintiffs filed a Motion for Review and Objections to Portions of Paragraph 8 of Magistrate's Order of April 25, 2006 (doc. 4102).

On June 30, 2006, Judge Lungstrum issued a Memorandum and Order (doc. 4212) retaining Plaintiffs' Motion for Review under advisement and remanding the underlying Motion to Compel Discovery to the magistrate judge based on the lack of a sufficient record. The Memorandum and Order directed the Magistrate Judge to render factual findings sufficient to enable the District Judge to perform a meaningful review of the decision on the Motion to Compel Discovery.

In accordance with this directive, the Magistrate Judge entered an Order on July 10, 2006, that set forth additional factual findings that were made orally at the April 20, 2006 discovery/status conference, but were not included in the April 25, 2006 Order.

### III. Relief Sought

In their Motion for Reconsideration, Plaintiffs request that the Court reconsider and/or clarify its July 10, 2006 Order by making further specific findings of fact with regard to certain discovery conduct of Defendant in this case. Plaintiffs propose forty-three additional findings of fact for the Court to incorporate into its July 10, 2006 Order. Plaintiffs' proposed additional findings of fact set forth Plaintiffs' version of the history of discovery in this case and of Defendant's alleged discovery abuses.

Defendant urges the Court to deny Plaintiffs' motion. It argues that the Court's July 10,

2006 Order contains no decision to reconsider – it simply finds additional facts to support the decisions in the April 25, 2006 Order. It asserts that Plaintiffs have offered no authority that requesting additional findings of fact is an appropriate use of a motion to reconsider. Defendant further claims that Plaintiffs have waived the right to ask for any reconsideration of the Court's April 25, 2006 decision. It also claims that reconsideration is not a vehicle to rehash old arguments or raise new ones. Finally, it argues that the Magistrate Judge's original decision to deny sanctions was the correct one.

The standard for motions seeking reconsideration of non-dispositive orders is well-established. Motions seeking reconsideration of non-dispositive orders must be based on one of three grounds: "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[5] Although Plaintiffs' instant motion correctly recites this legal standard, Plaintiffs fail to move for reconsideration based on any of these grounds. Even had Plaintiffs argued that the additional factual findings were necessary to correct clear error or prevent manifest injustice, Plaintiffs have not explained how these proposed findings of facts, even if the Court accepted them as true, are necessary to correct clear error or prevent manifest injustice of the Court's July 10, 2006 Order. The July 10, 2006 Order merely further memorialized the oral rulings made by the Magistrate Judge at the April 20, 2006 discovery/status conference.

Moreover, the findings of fact proposed by Plaintiffs appear directed toward the Court's denial of their motion for sanctions at the April 20, 2006 discovery/status conference. The Court's

---

[5]The Tenth Circuit has adopted the same standard. *See, e.g., Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

subsequent Order denying their motion for sanctions was entered on April 25, 2006. Thus, to the extent Plaintiffs are seeking reconsideration of the Magistrate Judge's ruling on their motion for sanctions, they are out of time to do so. For these reasons, the Court therefore finds that Plaintiffs' Motion for Reconsideration, which proposes additional findings of fact with regard to the denial of sanctions, contains no decision to reconsider but merely seeks for the Court to add Plaintiffs' proposed findings of facts to a prior order. The Court therefore rejects Plaintiffs' request to reconsider its July 10, 2006 Order to make further findings of fact.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Reconsideration (doc. 4235) is denied.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 13th day of September, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties