**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**SHIRLEY WILLIAMS, et al.,**

        **Plaintiffs,**

**CIVIL ACTION**

v.

**No. 03-2200-JWL-DJW**

**SPRINT/UNITED MANAGEMENT
COMPANY,**

        **Defendant.**

**MEMORANDUM AND ORDER**

Plaintiff Shirley Williams filed this suit on behalf of herself and others similarly situated, asserting that her age was a determining factor in Defendant's decision to terminate her employment during a reduction-in-force (RIF).  This case has been provisionally certified as a collective action pursuant to 29 U.S.C. § 216(b) and the parties are presently engaged in discovery concerning the merits of Plaintiffs' pattern and practice allegations.  This matter is presently before the Court on Plaintiffs' Motion to Compel Responses to Plaintiffs' Eighth and Ninth Requests for Production of Documents (doc. 3652).  For the reasons set forth below, the motion is granted in part and denied in part.

**I.      History of the Discovery Dispute**

      **A.      Plaintiffs' Eighth Request for Production of Documents**

Relevant to this motion, Plaintiffs served their Eighth Request for Production of Documents

Directed to Defendant on March 4, 2005.[1]  Defendant served its responses and objections to Plaintiffs' Eighth Request for Production of Documents on April 21, 2005.[2]  At the May 19, 2005 discovery conference, counsel for Plaintiffs advised the Court that he sent Defendant a golden rule letter with respect to Plaintiffs' Eighth Requests on May 11, 2005.[3]  Plaintiffs' counsel reported to the Court that the parties had insufficient time to address Defendant's objections to Plaintiffs' Eighth Requests, but planned on discussing them in the near future.  The parties proposed additional briefing on Defendant's objections to Plaintiffs' Seventh Interrogatories and Eighth Requests.  This additional briefing was submitted to the Court on May 26, 2005, and then supplemented on June 1 and 2, 2005.

At the June 6, 2005 discovery conference, the Court addressed Plaintiffs' Eighth Request Nos. 28 and 29.[4]  It sustained Defendant's overly broad objections to both requests, sustained Defendant's objection to producing the contracts requested by No. 28, and overruled Defendant's relevancy objection to Request No. 29.  After ruling on these objections, the Court ordered Defendant to provide Plaintiffs with certain information.

The parties continued to report the status of their conferring efforts on the remaining unresolved Eighth Requests during discovery conferences with the Court on August 2, 2005.  At the August 18, 2005 discovery conference, the Court set a September 1, 2005 deadline for the parties to advise the Court whether they had completed their conferring process with regard to Plaintiffs'

---

[1] *See* Certificate of Service (doc. 2737).

[2] *See* Certificate of Service (doc. 2822).

[3] *See* May 19, 2005 Transcript (doc. 2915) at p. 39.

[4] *See* June 9, 2005 Transcript at p. 55-56, and June 16, 2005 Order (doc. 2953) ¶ 4-5.

Eighth Requests.[5]  Plaintiffs updated the Court with the parties' conferring efforts on Plaintiffs' Eighth Requests at subsequent discovery conferences with the Court on September 1, September 19, October 6, October 20, November 17, December 15, 2005, and January 5, 2006.

At the January 19, 2006 discovery conference, Plaintiffs requested that they be allowed to February 28, 2006 to file any motions to compel with regard to all documents and discovery responses of Defendant from June 2005 until that time.  The Court granted Plaintiffs' request for an extension of time to February 28, 2006 to file their motion to compel.[6]

### B.     Plaintiffs' Ninth Request for Production of Documents

Plaintiffs served their Ninth Request for Production of Documents on Defendant on May 18, 2005.[7]  After requesting and receiving an extension of time to respond, Defendant served its responses and objections to Plaintiffs' Ninth Request for Production of Documents on June 27, 2005.[8]  On August 2, 2006, Plaintiffs reported in their listing of issues for the August 3, 2005 discovery conference that they had received Defendant's responses to Plaintiffs' Eighth Interrogatories and Ninth Requests for Production beginning on June 29, 2005, and a supplemental compact disk on July 1, 2005.  Counsel for Plaintiffs advised the Court he sent Defendant a golden rule letter on August 1, 2005, and the parties were in the very early stages of the meet and confer process.  Plaintiffs sought to discuss with the Court a timetable and process for ultimate resolution. At the August 3, 2005 discovery conference, the Court set an August 17, 2005 deadline for parties

---

[5]*See* August 19, 2005 Order (doc. 3174).

[6]*See* Order extending Plaintiffs' time to file motions to compel (doc. 3541) and Jan. 19, 2006 Transcript (doc. 3546) at p. 85.

[7]*See* Certificate of Service (doc. 2903).

[8]*See* Certificate of Service (doc. 2973).

to complete their conferring on this issue.[9]

At the next eight discovery conferences with the Court, held between August 18, 2005 and January 5, 2006, Plaintiffs updated the Court with the parties' progress, or lack thereof, as to their conferring efforts on Plaintiffs' Ninth Requests. At the January 19, 2006 discovery conference, Plaintiffs requested that they be allowed to February 28, 2006 to file any motions to compel with regard to all documents and discovery responses of Defendant from June 2005 until that time. The Court granted Plaintiffs' request for an extension of time to February 28, 2006 to file their motion to compel.[10]

## II. Duty to Confer

Defendant urges the Court to deny Plaintiffs' Motion to Compel based on Plaintiffs' non-compliance with their duty to confer. Defendant claims that Plaintiffs filed the instant Motion to Compel with regard to the discovery requests without attempting to confer to resolve the issue extrajudicially, as required by Fed. R. Civ. P 37(a)(2)(A) and D. Kan. Rule 37.2.

Federal Rule of Civil Procedure 37 requires the movant to make a good faith attempt to resolve the discovery dispute before filing a motion to compel discovery responses. The motion to compel must include a certification of the effort to resolve the dispute.[11]

In conjunction with Fed. R. Civ. P. 37, District of Kansas Rule 37.2 provides:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37, . . . , unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter

---

[9] *See* Aug. 3, 2005 Transcript at p. 16-18.

[10] *See* Order extending Plaintiffs' time to file motions to compel (doc. 3541) and Jan. 19, 2006 Transcript (doc. 3546) at p. 85.

[11] *Id.*

-4-

> in dispute prior to the filing of the motion. Every certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issues in dispute.
>
> A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.[12]

When the dispute involves objections to requested discovery, parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requested discovery.[13] The parties must make genuine efforts to resolve the dispute by determining precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.[14]

Plaintiffs contemporaneously filed their Certificate of Consultation in Compliance with Local Rule (doc. 3654) along with the instant Motion to Compel. Plaintiffs state in their Certificate of Consultation that upon receipt of Defendant's responses to Plaintiffs' Eighth and Ninth Requests for Production of Documents, counsel for Plaintiffs immediately communicated with counsel for Defendant regarding Defendant's refusal to provide complete responses to many of the requests. They further state that "[o]ver the course of the next several months, the parties exchanged correspondence, discussed the issues at various 'meet and confer' sessions and in telephone conferences. In spite of their best efforts, counsel for the parties were unable to resolve this

---

[12] D. Kan. Rule 37.2 (2006).

[13] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

[14] *Id.*

discovery dispute without court involvement."

Defendant argues that Plaintiffs filed the present Motion to Compel in lieu of responding to Defendant's invitation to discuss the requests. Defendant claims most of Plaintiffs' discovery requests at issue were mentioned only in an August 1, 2005 letter and not spoken about until their appearance six months later in Plaintiffs' Motion to Compel, despite the fact that Plaintiffs' counsel acknowledged that additional discussion was required. Defendant claims it has produced documents pursuant to some of Plaintiffs' requests and that counsel for Plaintiffs refused to discuss the requests at meet and confer sessions, even though they were on the agenda. Defendant notes that Plaintiffs made a specific attempt to resolve a small minority of the requests in December 2005, but then failed to respond to Defendant's invitation to further discuss the matter.

Plaintiffs argue that they have satisfied their meet and confer obligations because they continually tried to discuss their discovery requests with Defendant and the only option following Defendant's repeated refusal to produce was to file the instant Motion to Compel.

The Court determines that Plaintiffs have satisfied their meet and confer obligations required by D. Kan. Rule 37.2 and Federal Rule of Civil Procedure 37. In addition to attending twice monthly status conferences with the Court, counsel met every other week in meet and confer sessions to address their various discovery disputes. Defendant argues that Plaintiffs placed the requests at issue in the instant Motion to Compel on the agenda of their meet and confer sessions, but never addressed them in the sessions. Even if true, this does not dissuade the Court from its finding that Plaintiffs made reasonable efforts to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. Furthermore, in light of the parties' history of bringing their discovery disputes to the Court for resolution, it is unlikely this motion would have been

avoided even had counsel for the parties discussed at length every single disputed discovery request at the meet and confer sessions. The Court finds that Plaintiffs have sufficiently satisfied their duty to confer as set forth by Fed. R. Civ. P. 37 and D. Kan. Rule 37.2.

**III.     Specific Discovery Requests at Issue**

**A**.     **Plaintiffs' Eighth Request Nos. 20 and 28-29**

Plaintiffs move the Court for an order compelling Defendant to produce documents responsive to Plaintiffs' Eighth Request Nos. 20, 28-29. As Defendant correctly points out, the Court has already ruled on Plaintiffs' Eighth Request Nos. 28 and 29 in its June 16, 2005 Order (doc. 2953). In that Order, the Court sustained Defendant's overly broad objections to Plaintiffs' Eighth Request Nos. 28 and 29, sustained Defendant's objection to producing the contracts requested by No. 28, and overruled Defendant's relevancy objection to Request No. 29. The Court ordered Defendant to produce the following information responsive to Request Nos. 28 and 29: (1) the names of any employment agency, recruiter, headhunter, or executive job placement firm that it used; (2) a list of names of any employment agency, recruiter, headhunter, or executive job placement firm it used in lieu of having to produce the documents that would contain these names; and (3) any job descriptions that it provided to these employment agencies, recruiters, headhunters, executive job placement firms for any open position in any department within Sprint where any of the Class Member opt-ins and Plaintiffs had worked for the period October 1, 2001 through March 31, 2003.

As the Court determines it has previously ruled on Plaintiffs' Eighth Request Nos. 28 and 29, the Court need not rule on these requests again. Plaintiffs' Motion to Compel Defendant to produce documents responsive to Plaintiffs' Eighth Request Nos. 28 and 29 is denied.

With regard to Plaintiffs' Eighth Request No. 20, which seeks documentation of Defendant's After Action Review (or similar reviews) following the 2003 LINK ratings for its 2002 performance evaluations, the Court determines that it has not previously ruled on this particular request. Upon review, the Court notes that Defendant has failed to re-assert any of its objections to this request in its response in opposition to Plaintiffs' motion. Because Defendant fails to reassert and rely upon its objections in its response in opposition to Plaintiffs' motion, the Court deems Defendant's objections to this request abandoned.[15]  Plaintiffs' Motion to Compel Defendant to produce documents responsive to Plaintiffs' Eighth Request No. 20 is granted. If it has not already done so, Defendant shall produce documents responsive to Plaintiffs' Eighth Request No. 20 **within thirty (30) days of the date of this Memorandum and Order.**

### B.   Plaintiffs' Ninth Request Nos. 10, 12-14, 16, 40, 45-59, and 64-66

Plaintiffs also request an order compelling Defendant to produce documents responsive to Plaintiffs' Ninth Request Nos. 10, 12-14, 16, 27-36, 40, 41-42, 45-59, 60-63, and 64-66. Defendant asserted objections to all of these requests in its discovery responses, but only reasserted its objections to Plaintiffs' Ninth Request Nos. 27-36, 41-42, and 60-63 in its response in opposition to Plaintiffs' Motion to Compel.

Because Defendant fails to reassert and rely upon its objections in its response in opposition to Plaintiffs' Motion to Compel as to Plaintiffs' Ninth Request Nos. 10, 12-14, 16, 40, 45-59, and

---

[15]When ruling upon a motion to compel, the Court will consider only those objections that have been (1) timely asserted, *and* (2) relied up in response to the motion to compel. *Sonnino v. University of Kan. Hosp. Auth.*, 221 F.R.D. 661, 670 (D. Kan. 2004); *Cotracom*, 189 F.R.D. at 662. Objections initially raised but not relied upon in response to the motion to compel will be deemed abandoned. *Sonnino,* 221 F.R.D. at 670.

-8-

64-66, the Court deems Defendant's objections to these requests abandoned.[16] Plaintiffs' Motion to Compel Defendant to produce documents responsive to Plaintiffs' Ninth Request Nos. 10, 12-14, 16, 40, 45-59, 64-66 is granted. If it has not already done so, Defendant shall produce documents responsive to Plaintiffs' Ninth Request Nos. 10, 12-14, 16, 40, 45-59, and 64-66 **within thirty (30) days of the date of this Memorandum and Order.**

### C. Plaintiffs' Ninth Request Nos. 27-36

Plaintiffs also seek to compel Defendant to produce documents responsive to Plaintiffs' Ninth Request Nos. 27-36, a series of requests seeking documents regarding Defendant's purchase, distribution, and use of a book titled, "Jack Straight From the Gut," authored by Jack Welch, former chief executive officer of General Electric. The requests also seek discovery regarding meetings and correspondence between Jack Welch and William T. Esrey, who was Defendant's chief executive officer from 1988 to March 2003. Specifically, Plaintiffs' Ninth Request Nos. 27-36 ask Defendant to produce the following:

- any and all documents reflecting monies expended by Sprint for the purchase of any and all copies of the book "[Jack] Straight from the Gut," by Jack Welch (Ninth Request No. 27).

- any and all documents containing the names of any employee(s) to whom Sprint, its agents, employees or representatives provided a copy of the book marked in Ron Focht's deposition as Ex. 1002 (Ninth Request No. 28)

- any and all accounting records, receipts, or other documents showing any meal or other entertainment expense relating to Jack Welch or any function at which Jack Welch was entertained by any Sprint employee (Ninth Request No. 29)

- any and all memos or directives from Sprint, its agents, employees or

---

[16]*See Sonnino,* 221 F.R.D. at 670 (objections initially raised but not relied upon in response to the motion to compel will be deemed abandoned).

>
> representatives disclaiming any aspect or portion of the book, "[Jack] Straight from the Gut," by Jack Welch. (Ninth Request No. 30)

- any and all documents, including e-mails and information stored on-line in any form whatsoever, that mention Jack Welch's book, "[Jack] Straight from the Gut," and/or any portions thereof (Ninth Request No. 31)

- all entries on Bill Esrey's computer and/or calendar, scheduler/planner, diary, log journal or other document that relate to or mention the name Jack Welch (Ninth Request No. 32)

- any and all documents reflecting any and all communication, including but not limited to e-mails from supervisory, and/or other employees, quoting or making references to any principles or contents found within "[Jack] Straight from the Gut," by Jack Welch (Ninth Request No. 33)

- all e-mails sent to or from Bill Esrey to Jack Welch, or vice versa, from January 1, 2000 through March 31, 2003 (Ninth Request No. 34)

- any and all Sprint documents and/or records tha[t] mention the term "runway" (Ninth Request No. 35)

- any and all documents purporting to define or explain the meaning of the term "runway" or any phrase that includes the word "runway" (Ninth Request No. 36)

Defendant objects to these requests on the basis they are not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that the requests seek documents that are not relevant to Plaintiffs' claim that Defendant engaged in a pattern and practice of age discrimination by terminating their employment during RIFs. Defendant also objects to the requests because they are not reasonably limited in scope as to time by presumably seeking documents outside the time period relevant to this case, i.e., October 1, 2001 through March 31, 2003. Defendant further objects to some of the requests on the basis they seek information from third parties and information regarding employees of entities other than Defendant.

    *1.*    *Relevancy objections*

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[17] "Relevancy is broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[18] When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery.[19] Conversely, when relevancy is not readily apparent on the face of the request, the party seeking the discovery has the burden of showing the relevancy of the discovery request.[20]

Applying these principles, the Court finds that the relevancy of Plaintiffs' Ninth Request Nos. 27-36 is not readily apparent on their face. Plaintiffs, as the party seeking the discovery, thus have the burden of showing the relevancy of these discovery requests.

Plaintiffs argue that these requests are relevant because they seek documentation of a meeting on Defendant's campus in the fall of 2001, shortly before Defendant's Alpha rating system

---

[17] Fed. R. Civ. P. 26(b)(1).

[18] *Smith v. MCI Telecomms. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991).

[19] *Cory v. Aztec Steel Bldg., Inc.*, 225 F.R.D. 667, 672-673 (D. Kan. 2005).

[20] *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 309 (D. Kan. 1996).

was designed and implemented, where GE Chairman Jack Welch spoke about his book, "Jack Straight From the Gut." Plaintiffs assert that Mr. Welch discussed his business philosophies included in the book, one of which is a business philosophy they argue favors younger employees. Plaintiffs contend that Defendant adhered to this business philosophy. Plaintiffs argue in their motion that "it is well documented that the book espouses an ageist philosophy, and contains advice, for example, to seek and/or retain employees 'with a long runway,' and to eliminate the 'bottom 10%' of the workforce."[21] According to Plaintiffs, it is also documented that the chief executive officer of Sprint at the time of the RIFs, William Esrey, championed the philosophies of Welch, invited Welch to speak on the campus, and distributed copies of Welch's book. Plaintiffs allege that certain phrases from the book, including the "long runway" comment, were subsequently used by Defendant's management because documents produced by Defendant use the "runway" expression. Plaintiffs assert that their discovery requests are thus relevant in showing that an ageist environment not only existed but was encouraged by Defendant.

As the Court understands Plaintiffs' argument, their requests are relevant to show that, at the time of the RIFs, Defendant's top-level management promoted and encouraged the business philosophies set forth in the Jack Welch book, and one of those business philosophies favors younger employees. The promotion and encouragement of this allegedly ageist business philosophy by Defendant's top-level management supports Plaintiffs' claim that Defendant engaged in a pattern and practice age discrimination.

The Court agrees that Plaintiffs have generally shown why discovery into Defendant's adoption and promulgation of an allegedly ageist business philosophy, if true, might support their

---

[21]Mem. in Supp. of Pls.' Mot. to Compel (doc. 3653), p. 7.

claim that Defendant engaged in a pattern and practice of age discrimination. Thus, the Court finds that Plaintiffs have met their burden of showing relevancy. Although some of the requests may not be directly related to Plaintiffs' pattern and practice claim, the Courts' finding comports with the general policy that discovery should be considered relevant if there is "any possibility" that the information may be relevant to the claim or defense of any party.[22] Defendant's relevancy objections are therefore overruled.

### 2. *Overly broad objections*

Defendant also objects to Plaintiffs' Ninth Request Nos. 27-36 on the grounds the requests are overly broad. Specifically, Defendant contends that the requests are not reasonably limited in scope as to time by seeking documents outside the time relevant to this case, i.e. October 1, 2001 through March 31, 2003. Defendant further contends that the requests seek information from third parties other than Defendant, and information regarding employees of entities other than Defendant.

Fed. R. Civ. P. 34(b) provides that requests shall set forth, either by individual item or by category, the items to be inspected, and describe each with reasonable particularity. Moreover, requests should be reasonably specific, allowing the respondent to readily identify what is wanted.[23] Courts may find requests overly broad when they are "couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within [their] scope."[24] A party objecting to a discovery request on the basis of overbreadth must support its

---

[22]*MCI Telecomms. Corp.*, 137 F.R.D. at 27.

[23]*General Elec. Capital Corp. v. Lear Corp*, 215 F.R.D. 637, 641 (D. Kan. 2003).

[24]*Id.* (citing *Audiotext Commc'ns v. U.S. Telecom, Inc.*, No. 94-2395-GTV, 1995 WL 18759, at *1 (D. Kan. Jan.17, 1995)).

objection, unless the request appears overly broad on its face.[25]

The Court has reviewed Plaintiffs' Ninth Request Nos. 27-36 and finds that these requests are overly broad on their face. First, the requests are overly broad in temporal scope because they are not limited to any reasonable time period. None of the requests, except Request No. 34, contains any temporal limitation. The Court realizes that the timing of the publication of the book in 2001 does inherently place a beginning time restriction on a few of the requests. However, none of these requests include an end time restriction. Moreover, not all of the requests have such an inherent limitation, such as Request No. 32, which seeks "all entries on Bill Esrey's computer and/or calendar, scheduler, planner, diary, log journal or other documents that relate to or mention the name Jack Welch." Presumably, Plaintiffs are only interested in the dates Bill Esrey met with Jack Welch in the years immediately prior to and during the RIFs at issue. However, the request is not limited to that time frame. The Court therefore finds that Plaintiffs' Request Nos. 27- 33, and 35-36 are overly broad in temporal scope because they do not limit the requests to any reasonable time period.

Second, many of the requests are overly broad on their face because they apply to every employee of Defendant. Specifically, Request Nos. 28, 30, 31, 33, and 35-36 all lack any limitation as to the employees who would fall within the scope of the requests. These requests are unlimited and would require Defendant to ask every employee whether he or she had documents responsive to the requests. Perhaps if these requests were limited to management-level employees or employees responsible for making the RIF decisions, or even limited in geographic scope or appropriate business unit or department, would the Court not find them so overly broad. Without any such limitation, the Court finds Plaintiffs' Request Nos. 28, 30, 31, 33, and 35-36 to be overly broad.

---

[25] *Cory,* 225 F.R.D. at 672.

Third, some of the requests fail to even limit the information sought to the business philosophy described in the Welch book that Plaintiffs allege favors younger employees. For example, Ninth Request No. 31 seeks "any and all documents, including e-mails and information stored on-line in any form whatsoever, that mention Jack Welch's book, '[Jack] Straight from the Gut,' and/or any portions thereof." This request is overly broad in that it asks for all documents that mention the book in any context and is not limited to the allegedly ageist philosophy. Ninth Request Nos. 35 and 36 respectively seek "any and all Sprint documents and/or records tha[t] mention the term 'runway'" and "any and all documents purporting to define or explain the meaning of the term 'runway' or any phrase that includes the word 'runway'." These requests are overly broad in that they do not limit the term "runway" to the context used in the Jack Welch book. Ninth Request No. 34 seeks "all e-mails sent to or from Bill Esrey to Jack Welch, or vice versa, . . . ." This request also fails to limit its scope to the business philosophy described in the Welch book that Plaintiffs allege favors younger employees. Because these requests fail to limit their scope to the business philosophy described in the Welch book that Plaintiffs allege favors younger employees, the Court finds that Plaintiffs' Request Nos. 31 and 34-36 are overly broad.

In summary, the Court determines that Plaintiffs' Ninth Request Nos. 27-36 are overly broad on their face. Here, the Court will not compel further response from Defendant because inadequate guidance exists to determine the proper scope of the requests.[26] Defendant's overly broad objections to these discovery requests are sustained. Plaintiffs' Motion to Compel Defendant to produce documents responsive to Plaintiffs' Ninth Request Nos. 27-36 is denied.

---

[26]*See Cotracom*, 189 F.R.D. at 666 (the court will not compel further response when inadequate guidance exists to determine the proper scope of a discovery request).

### D.     Plaintiffs' Ninth Request Nos. 41-42

Plaintiffs' Ninth Request Nos. 41-42 seek production of "documents from, and statements ascribed to, Gary Forsee [Sprint's Chief Executive Officer] commenting on Sprint's Performance Management System and/or Sprint's Employee Evaluation system" and "documents from any source, announcing or concerning any changes to 'Alpha' LINK after Gary Forsee re-joined Sprint in April 2003."

Defendant objects to these requests on the grounds they are not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on grounds that the documents are not relevant to Plaintiffs' claim that it engaged in a pattern and practice of age discrimination by terminating their employment during RIFs during the relevant time period relevant to this case, i.e., October 1, 2001 through March 31, 2003. Defendant argues that its evaluation system was not age discriminatory, but even if it was, comments about or changes made to the system after the relevant time frame of Plaintiffs' claim cannot be reasonably calculated to discovery of evidence of pattern and practice of age discrimination.

Plaintiffs disagree, contending that their requests seeking information on comments made by Defendant's chief executive officer regarding its evaluation system are relevant because this evaluation system is one of the means by which Plaintiffs claim Defendant engaged in a pattern and practice of age discrimination. They maintain they are entitled to discover whether Mr. Forsee either criticized or embraced the system, or whether changes were made in response to suggestions or criticisms of Mr. Forsee.

The Court finds that these requests, which seek statements ascribed to, Defendant's new chief executive officer commenting on the company's Performance Management System and/or

Employee Evaluation system and documents announcing or concerning any changes to Alpha LINK after he re-joined Sprint in April 2003 appear to seek discovery relevant to Plaintiffs' claim that Defendant engaged in a pattern and practice of age discrimination. Plaintiffs allege that Defendant utilized its Performance Management System and/or Employee Evaluation system in order to effectuate its policy of discriminating against older employees. Discovery into criticism or endorsement of Defendant's evaluation system by its new chief executive officer would thus be relevant toward establishing whether Defendant's evaluation system had been internally criticized as age discriminatory and changed as a result of this criticism. Defendant's relevancy objections to these requests are therefore overruled. Plaintiffs' Motion to Compel Defendant to produce documents responsive to their Ninth Request Nos. 41 and 42 is granted. Defendant shall produce documents responsive to Plaintiffs' Ninth Request Nos. 41 and 42 **within thirty (30) days of the date of this Memorandum and Order.**

### E. Plaintiffs' Ninth Request Nos. 60-63

Plaintiff's Ninth Request Nos. 60-63 generally seek documents relating to Defendant's use of contract employees, and whether Sprint issued a new identification badge to employees who were terminated as part of the RIFs, but who were subsequently rehired as contract employees. Specifically, Plaintiffs' Ninth Request Nos. 60 - 63 asks Defendant to produce the following:

- any and all databases containing information on the specific employees who have worked at Sprint at any time between June 1, 2001 to March 31, 2003, who were "re-badged" and otherwise employed by another firm (such as IBM) while continuing to work at Sprint. This request will include databases maintained by any Sprint department (such as Security or Facilities or IT department used in part to determine badge numbers and/or who has access to Sprint facilities and/or Sprint's computer systems (Request No. 60)

- any and all documents and databases which would provide the identity by name, job title, job description, department, job code, cost center, mail stop,

>     region code, department code, supervisor, supervisory no., and date of birth, of all Sprint employees who were "re-badged" at any time during the period January 1, 2001 through December 31, 2003 (Request No. 60a)

- any database, list or other document which refers to or reflects the companies that have provided contract employees to Sprint from 2001 to date, including documents that describe the number and/or identity of employees provided (Request No. 61)

- any and all documents relating to and/or consisting of any contract with IBM and/or third-party vendors for the "re-badging" of Sprint employees, during the period January 1, 2001 through December 31, 2003 (Request No. 62)

- any and all documents and databases that would show employees who were hired as a Sprint employee and/or contractor, and/or "re-badged" employee for any position within a business unit from which any Class member was terminated, and in which the rehire took place within one (1) year of such Class member's termination (Request No. 63)

Defendant objected that these discovery requests are unnecessarily cumulative and duplicative with prior discovery, improperly seek individualized discovery, seek information outside the relevant time period, are overly broad, are not reasonably particular, and are not reasonably calculated to lead to the discovery of admissible evidence.

   *1. Relevancy objections*

Defendant argues in opposition to Plaintiffs' motion that Plaintiffs' Ninth Request Nos. 60-63 are not reasonably calculated to lead to the discovery of admissible evidence. Defendant states these requests amount to a misguided fishing expedition based on Plaintiffs' unfounded assumption that Defendant discriminated against its older workers by terminating its younger employees, and then secretly re-hiring the younger workers "under the guise" of third-party contracts with other companies.

Plaintiffs argue that their Ninth Request Nos. 60-63 are relevant to their claims that Defendant engaged in a pattern and practice of age discrimination because this is one of the alleged

methods by which Defendant terminated older employees and kept or rehired younger employees. Upon consideration of Plaintiffs' arguments presented, the Court finds that Plaintiffs have established the relevancy of these requests to their claim Defendant engaged in a pattern and practice of age discrimination. Defendant's relevancy objections to these requests are overruled.

### 2. *Other objections*

Defendant further objects to Plaintiffs' Ninth Request Nos. 60-63 on the grounds the requests improperly seek individualized discovery, are duplicative of other discovery, seek information outside the relevant time period, are overly broad, and are not reasonably particular. In addition, Defendant states it does not maintain most of the requested materials as Plaintiffs have specifically requested them.

The Court finds that Defendant has not sufficiently supported any of its remaining objections to these discovery requests, including how these requests improperly seek individualized discovery, are duplicative of other discovery, seek information outside the relevant time period, are overly broad, and are not reasonably particular. The Court therefore overrules these objections.

Defendant also states it does not maintain most of the requested materials as Plaintiffs have specifically requested them. To the extent that Defendant is claiming that it does not have the requested documents in its possession, custody, or control, Rule 34(a) provides that Defendant is only required to produce documents that are within its "possession, custody or control."[27]

Plaintiffs' Motion to Compel Defendant to produce documents responsive to their Ninth Request Nos. 60-63 is granted. If it has not already done so, Defendant shall produce documents

---

[27] Fed. R. Civ. P. 34(a) (a party upon whom a request for production of document is served need only produce matters within the scope of 26(b) and which are within its "possession, custody or control").

within its possession, custody, or control and responsive to Plaintiffs' Ninth Request Nos. 60-63 **within thirty (30) days of the date of this Memorandum and Order.**

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Responses to Plaintiffs' Eighth and Ninth Requests for Production of Documents (doc. 3652) is granted in part and denied in part. Plaintiffs' Motion to Compel is granted as to Plaintiffs' Eighth Request Nos. 20, and Ninth Request Nos. 10, 12-14, 16, 40, 45-59, 64-66, 41-42 and 60-63. Plaintiffs' Motion to Compel is denied as to Plaintiffs' Eighth Request Nos. 28-29, and Ninth Request Nos. 27-36. If it has not already done so, Defendant shall produce documents responsive to Plaintiffs' Eighth Request No. 20, and Ninth Request Nos. 10, 12-14, 16, 40, 45-59, 64-66, 41-42, and 60-63 **within thirty (30) days of the date of this Memorandum and Order.**

**IT IS FURTHER ORDERED** the circumstances of this motion make an award of expenses unjust, and therefore each party is to bear their own expenses in relation to this motion.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 25th day of September, 2006.

        s/ David J. Waxse
        David J. Waxse
        United States Magistrate Judge

cc:    All counsel