## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SHIRLEY WILLIAMS, et al.,

           Plaintiffs,

v.                                           Case No.  03-2200-JWL-DJW

SPRINT/UNITED MANAGEMENT CO.,

           Defendant.

### MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion for Protective Order Prohibiting Discovery Relating to Adverse Impact Analyses (doc. 3417).  More specifically, Defendant requests that the Court issue an order precluding Plaintiff from continued questioning of deponents regarding Defendant's RIF-related adverse impact analyses, which Defendant claims is protected from disclosure by the attorney-client privilege and/or work product doctrine.  Upon consideration of the request, the Court will  grant Defendant's Motion to the extent specifically set forth below.

### History of Discovery Disputes Related to Adverse Impact Analyses

On February 20, 2004, Plaintiffs filed a motion to compel production of documents and data relating to adverse impact analyses performed by Defendant in connection with any terminations or job transfers in 2001-2002.[1]  In the motion, Plaintiffs also argued they should be allowed to take the deposition of a designated Sprint representative to describe in detail the adverse impact analyses procedure.[2]  Defendant objected to these requests on the basis of the attorney-client privilege and the

---

[1]Plaintiffs' Motion to Compel Regarding Adverse Impact Analyses (doc. 111).

[2]*Id.*

work-product doctrine, and filed a memorandum in opposition to Plaintiffs' motion to compel.[3]

On March 4, 2004, the District Judge denied Plaintiff's motion to compel regarding adverse impact analyses.[4] While denying the motion on waiver grounds, the District Judge stated he "would have absolutely no difficulty denying the motion on substantive grounds" because the material at issue "is clearly and unmistakably . . . subject to lawyer/client privilege."[5] The District Judge further characterized the adverse impact analyses and related materials as "core lawyer/client privileged information."[6]

On October 20, 2004, Plaintiff filed another motion to compel adverse impact analyses information and documents.[7] On March 15, 2005, the Magistrate Judge denied part of Plaintiff's motion to compel adverse impact information on procedural grounds and, based upon a potential compromise, denied without prejudice another part of Plaintiffs' motion requesting adverse impact documents.[8]

On March 31, 2005, the District Judge held a hearing upon Plaintiffs' motion to review a portion of the Magistrate Judge's March 15, 2006 Memorandum and Order.  With regard to discovery of adverse impact analyses, the District Judge stated as follows:

---

[3]Defendant's Memorandum in Opposition to Plaintiff's Motion to Compel (doc. 123).

[4]Order denying Motion to Compel (doc. 162).

[5]See Transcript of Telephonic Proceedings before Honorable John W. Lungstrum on March 2, 2004, at p. 6 (attached as Exhibit B to Defendant's Index of Exhibits to Motion for Protective Order Prohibiting Discovery Relating to Adverse Impact Analyses) (doc. 3419).

[6]*Id.*

[7]Plaintiffs' Motion to Compel and Memorandum in Support (doc. 2592 and 2593).

[8]Order denying Plaintiffs' Motion to Compel Discovery (doc. 2754).

> [A]lthough my earlier ruling was limited to certain documents specifically that I reviewed and said these are clearly within the ambit of attorney/client privilege, I have seen nothing that leads me to believe that age impact documents generated as a specific request in connection with a specific RIF by the legal department of the defendant would be anything other than attorney/client privileged documents …. It appears to me that this case in that sense is garden variety, and so therefore if all there is are documents – no matter how helpful or interesting they would be if I were the plaintiff in this case – that were generated in response to defendant's lawyers saying, We would like to look at this so that we can give you some advice about what you ought to do in connection with that RIF, that's just not something the plaintiffs are going to be able to get to.[9]

On September 1, 2005, Plaintiffs submitted for the Magistrate Judge's review a document entitled "List of Documents Withheld by Defendant Despite No Involvement of Legal Department or Counsel."[10] In this document, Plaintiffs requested that the Magistrate Judge compel Defendant to produce, among other things, adverse impact documents withheld by Defendant pursuant to a privilege log "despite no involvement of legal department or counsel.[11] The Magistrate Judge ultimately construed this request to be a Motion to Compel.[12] This motion became fully briefed on December 22, 2005.

On November 4, 2005 – before Plaintiffs' Motion to Compel adverse impact documents on the "List" was fully briefed – Defendant filed the motion currently pending before the court: a motion for protective order seeking to preclude Plaintiffs from questioning deponents regarding Defendant's RIF-related adverse impact analyses, which Defendant asserts are protected from

---

[9]March 31, 2005 Transcript of Proceedings before the Honorable John W. Lungstrum, Ex. C to Defendant's Index of Exhibits (doc. 3419) at pp. 11-12.

[10]*See* September 6, 2005 Court Order at ¶6 (doc. 3203).

[11]*Id.*

[12]*Id.*

disclosure by the attorney-client privilege and/or work product doctrine.[13] This motion became fully briefed on January 3, 2006.

On February 1, 2006, the Magistrate Judge granted in part and denied in part Plaintiffs' motion to compel adverse impact documents withheld by Defendant pursuant to a privilege log "despite no involvement of legal department or counsel."[14] Notably, the February 1, 2006 Memorandum and Order was limited to the narrow issue of whether Defendant had failed *in its privilege log* to establish the elements required to invoke protection for the adverse impact documents identified in the privilege log.[15] With respect to those documents in the privilege log concerning Defendant's adverse impact analyses, the Magistrate Judge relied on the District Judge's previous ruling to find that those privilege log entries specifically identifying the documents as adverse impact analyses satisfied Defendant's burden of proof as to the applicability of the attorney-client privilege.[16]

In the meantime, Defendant inadvertently produced to Plaintiffs sixty-five adverse impact analyses documents. After reviewing the documents concerning adverse impact analyses, Plaintiffs urged that these documents – despite being specifically identified as adverse impact analyses documents in Defendant's privilege log – were simply not privileged, and that Defendant would not be able to meet its burden of establishing that privileged nature of the adverse impact analyses

---

[13]Defendant's Motion for Protective Order (doc. 3417).

[14]Memorandum and Order granting in part and denying in part Plaintiffs' Motion to Compel Documents Withheld by Defendant Despite No Involvement of Legal Department (doc. 3549).

[15]*Id.*

[16]*Id.*

4

documents.  The parties agreed that these sixty-five documents qualified as a representative sample of the pool of adverse impact analyses documents and Plaintiffs requested the Magistrate Judge conduct an *in camera* review of this representative sample in order to determine if the documents were protected from disclosure.  Because it was not possible to determine from the face of the documents whether the materials were (a) compilations of underlying data; or (b) adverse impact analyses undertaken at the direction of attorneys, the Magistrate Judge ultimately conducted an evidentiary hearing in March 2006 to determine applicability of the attorney-client privilege and/or the work product doctrine.

On July 1, 2006, the Magistrate Judge ruled that the representative sample of sixty-five adverse impact analyses documents were protected from disclosure by the attorney client privilege.[17] More specifically, the Magistrate Judge found that the evidence presented by Defendant sufficiently demonstrated that the adverse impact/due diligence documents were confidential communications generated at the direction of counsel for the purpose of rendering legal advice. This decision was issued with the understanding that the parties would attempt to extrapolate from the Magistrate Judge's ruling the privileged nature of the remaining documents and information concerning adverse impact analyses.[18] On September 13, 2006, the Court issued a Memorandum and Order denying Plaintiffs' Motion for Reconsideration of this July 1, 2006 Memorandum and Order.[19]

---

[17]July 1, 2006 Memorandum and Order (doc. 4213).

[18]*Id.*

[19]September 13, 2006 Memorandum and Order (doc. 4315).  A motion for review of the Magistrate Judge's July 1, 2006 and September 13, 2006 Memorandum and Orders is currently pending before the district court judge.

## Discussion

In its Motion, Defendant requests the Court issue an order precluding Plaintiffs from continued questioning of deponents regarding confidential RIF-related adverse impact analyses generated at the direction of counsel for the purpose of rendering legal advice.  In their briefing of this Motion, the parties argue back and forth about whether the adverse impact analyses are attorney-client privileged communications made in confidence for the purpose of securing legal advice or whether the adverse impact analyses are merely non-privileged underlying facts with a independent business purpose.

Notably, the parties' arguments are essentially identical to the arguments considered by the Court in its July 1, 2006 and September 13, 2006 Memorandum and Orders, both of which held that the representative sample of sixty-five adverse impact analyses documents were attorney-client privileged communications made in confidence for the purpose of securing legal advice and, thus, protected from disclosure by the attorney-client privilege.  Based on this intervening decision, and because the intervening decision was issued with the understanding that the parties would attempt to extrapolate from the ruling the privileged nature of the remaining adverse impact analyses, the Court finds that, to the extent any of Plaintiffs' deposition questions require Defendant or its agents to reveal confidential RIF-related adverse impact analyses generated at the direction of counsel for the purpose of rendering legal advice, such questions improperly seek information protected from disclosure by the attorney-client privilege.  In so finding, the Court notes that this determination applies only to questions seeking confidential information regarding Defendant's RIF-related adverse impact analyses generated at the direction of counsel for the purpose of rendering legal advice and does not apply to inquiries regarding underlying facts and data compilations associated with adverse

impact analyses (e.g., Master List and RIF List) or information regarding adverse impact analyses that was not generated at the direction of counsel for the purpose of seeking legal advice.[20]

Accordingly, Defendant's Motion for Protective Order (doc. 3417) is granted to the extent that Plaintiffs shall refrain from asking deposition questions that would require Defendant or its agents to reveal confidential RIF-related adverse impact analyses generated at the direction of counsel for the purpose of rendering legal advice.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 5th day of October, 2006.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel and *pro se* parties

---

[20]*See Upjohn Co., v. United States*, 449 U.S. 383, 395 (1981) (holding that the attorney-client privilege only protects disclosure of communications for the particular purpose of providing or obtaining legal services; it does not protect disclosure of the underlying facts).

7