## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

SHIRLEY WILLIAMS, et al.,

        Plaintiffs,

v.                         Case No.  03-2200-JWL-DJW

SPRINT/UNITED MANAGEMENT CO.,

        Defendant.

### MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion for Protective Order (doc. 3454).  More specifically, Defendant seeks return of an inadvertently disclosed document bearing bates stamp 54873 and entitled "Criteria for HR Review of Preliminary Performance Management Systems Results" (the "Criteria Document") on grounds that the document is protected from disclosure by the attorney-client privilege.[1] For the reasons below, Defendant's Motion will be granted in part and denied in part.

### Background

Defendant claims the document at issue is part of a memorandum prepared by Jill Ferrel, Sprint's Vice President of Law for labor and employment. Defendant claims it originally asserted privilege in its privilege log over this document because it contains legal advice from one of Defendant's senior in-house counsel to HR managers at Sprint. Defendant further contends the inadvertent disclosure in this case occurred only after Plaintiff's counsel questioned Defendant's claim of privilege on the document, and Defendant's counsel re-reviewed the document to ensure

---

[1]Although Defendant originally sought return of various inadvertently disclosed e-mails in this Motion as well, Defendant has communicated to the Court that the issue has been resolved by the parties.  Accordingly, the Court will deny that portion of the motion as it is now moot.

that it was indeed privileged. With that said, Defendant asserts that counsel re-reviewed the document without the accompanying cover memo from Jill Ferrel, which allegedly establishes the author of the document in question as Jill Ferrel in her capacity as legal counsel and allegedly confirms the privileged nature of the document. Defendant thus maintains its counsel erroneously concluded that the document was not privileged because he examined the document out of its proper context. Defendant has submitted the accompanying cover memo from Jill Ferrel for *in camera* review in connection with this Motion.[2]

## **The Legal Standard**

The purpose of the attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice."[3] The privilege serves the client's need for legal advice, but it also serves the attorney's need to receive complete information in order to give the proper advice. The privilege protects communications with in-house, as well as outside, counsel.[4]

"Not every communication between an attorney and client is privileged, only confidential communications which involve the requesting or giving of legal advice."[5] "The focal point of the protection afforded by the attorney-client privilege lies with 'communications' between attorneys

---

[2]Exhibit B to Defendant's Motion for Protective Order, submitted for *in camera* review on November 17, 2006 (see doc. 3457).

[3]*Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981).

[4]*Id.* at 390.

[5]*Burton v. R.J. Reynolds Tobacco Co.,*, 175 F.R.D. 321, 327 (D. Kan. 1997) (citations omitted).

and their clients" related to legal advice.[6]  Although the privilege protects disclosure of substantive

communication between attorney and client, "it does not protect disclosure of the underlying facts

by those who communicated with the attorney."[7]

In *Upjohn*,[8] the United States Supreme Court distinguished between disclosure of *underlying*

*facts* and disclosure of privileged *communications*. The Court held that "[t]he protection of the

privilege extends only to *communications* and not to facts. A fact is one thing and a communication

concerning that fact is an entirely different thing."[9] The Court explained: "The client cannot be

compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse

to disclose any relevant fact within his knowledge merely because he incorporated a statement of

such fact into his communication with his attorney."[10]

Because this action arises under a federal statutory scheme, federal law provides the rule of

decision as to application of the attorney-client privilege.[11]  Under federal common law, the essential

elements of the attorney-client privilege are: (1) Where legal advice is sought (2) from a professional

legal advisor in his or her capacity as such, (3) the communications relating to that purpose, (4)

---

[6]*IMC Chemicals, Inc. v. Niro, Inc.*, No. 98-2348, 2000 WL 1466495, at *8-9 (D. Kan. July 19, 2000) (quoting *Upjohn Co.*, 449 U.S. at 395-96).

[7]*Upjohn*, 449 U.S. at 395-96.

[8]*Id.*

[9]*Id.* (emphasis in original) (quoting *Philadelphia v. Westinghouse Elec. Corp.*, 205 F. Supp. 830, 831 (E.D. Pa. 1962).

[10]*Id.* at 396.

[11]*See Sprague v. Thorn Americas, Inc.*, 129 F.3d 1355, 1368-69 (10th Cir. 1997) (federal privilege law applies to federal claim). No real conflict between federal and Kansas law regarding attorney-client privilege exists.  *See Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 405 (D. Kan. 1998).

made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) except the protection be waived.[12]  The party seeking to invoke the attorney-client privilege bears the burden of establishing its applicability.[13] Based on these factors, the Court finds Defendant must establish that first, the Criteria Document is a communication made for the purpose of obtaining legal advice from the lawyer; second, the communication was made in confidence; and third, the privilege was not waived.

Applying these legal standards to the facts presented, the Court concludes that the Criteria Document inadvertently disclosed by Defendant and submitted for *in camera* review by the Court is protected from disclosure by the attorney-client privilege.  In other words, the evidence presented by Defendant sufficiently demonstrates that the criteria document was generated by counsel as part of the Ferrel Memo at issue for the purpose of rendering legal advice.

## Analysis

The Criteria Document provides instruction for Sprint's HR department on how to evaluate and respond to a preliminary conclusion that the Alpha system produced an adverse impact on some protected class.  Plaintiffs argue this document cannot be protected from disclosure by privilege because this instruction document is not a "communication" but a "part of the policies and procedures of the company."  The Court disagrees.  Although there is no indicia on the face of this document that is was prepared by legal counsel for the ultimate purpose of facilitating legal advice, Defendant has submitted metadata, affidavits and other evidence (which Plaintiffs have not disputed)

---

[12]*Great Plains Mut. Ins. Co. v. Mutual Reinsurance Bureau,* 150 F.R.D. 193, 196 (D. Kan. 1993).

[13]*In re Foster,* 188 F.3d 1259, 1264 (10th Cir. 1999).

to establish that Jill Ferrel, a senior in-house counsel at Sprint, is the author of the criteria document and that the criteria document was transmitted to HR under a cover memo from Jill Ferrel reciting that the document is privileged.

As Defendants note in their briefing, this is not a situation in which HR used the underlying legal advice to create a formal policy and then claim the policy was privileged. In that scenario, while the policy would not be privileged, the legal advice that led to it would be privileged. Similarly, if HR followed a policy of reviewing Alpha rankings, the actions its personnel took would not be privileged. But the document that motivated those policies, sent in confidence from in-house counsel for the purpose of rendering legal advice, would be privileged.

Moreover, the Court finds that Defendant sufficiently kept the communication confidential and has not waived the privilege.  In determining whether an inadvertent disclosure of documents constitutes a waiver of the attorney-client privilege, this Court employs a five-factor test.[14] These factors are as follows: (1) the reasonableness of precautions taken to prevent inadvertent disclosure; (2) the time taken to rectify the error; (3) the scope of discovery; (4) the extent of disclosure; and (5) the overriding issue of fairness.[15] In this case, all of the above factors favor return of the Criteria Document.

### 1.    Sprint Employed Reasonable Precautions to Prevent Inadvertent Disclosure.

The document productions in this case have involved tens of thousands of documents. In order to properly screen privileged documents, a partner-level attorney for Defendant reviewed all

---

[14]*See Wallace v. Beech Aircraft Corp.*, 179 F.R.D. 313, 314 (D. Kan. 1998); *Zapata v. IBP, Inc.*, 175 F.R.D. 574, 576-77 (D. Kan. 1998); *Monarch Cement Co. v. Lone Star Indust., Inc.*, 132 F.R.D. 558, 560 (D. Kan. 1990).

[15]*Id.*

of these documents for privilege issues. These documents where then collected, marked as privileged, and entered into a privilege log. Defendant's counsel then had these documents double checked by legal assistants. Defendant maintained these privileged documents in its control.

This screening process favors a return of the inadvertently disclosed document in this case.[16] The fact that Defendant' counsel may not have properly screened the Criteria Document in this specific instance does not negate the measures Defendant employed to prevent disclosure throughout this litigation.[17] Accordingly, the Court finds this factor favors return of the privileged document.

### 2. Sprint Took Prompt Measures to Rectify the Error.

The relevant time period for rectifying any error begins when a party discovered or with reasonable diligence should have discovered the inadvertent disclosure.[18] In this case, Defendant first became aware of the inadvertent disclosure of the Criteria Document on October 21, 2005, when Plaintiff's counsel presented the document at the deposition of Gene Lampe. After the deposition, Defendant investigated the origin of the document and discovered that the document was authored by Ms. Ferrel and was a privileged communication. On October 27, 2005, Defendant sent a letter to Plaintiff's counsel explaining the privileged nature of the document, the reason for the inadvertent disclosure, and requesting the immediate return of the document. Based on these facts, the Court finds Defendant took prompt steps to rectify its errors and thus this factor weighs in favor

---

[16]See Wallace 179 F.R.D. at 314 (holding that defendant took sufficient precautions where counsel and experienced legal assistant reviewed and marked documents and kept documents within defendant's control); Zapata, 175 F.R.D. at 577 (same); Monarch Cement Co., 132 F.R.D. at 560 (same).

[17]See Wallace 179 F.R.D. at 314 ("While, apparently the initial review was not properly done by reviewing each document within this particular group of documents, the combined procedures employed to prevent disclosures appear adequate.").

[18]See Zapata, 175 F.R.D. at 577.

6

of return of the privileged document.

**3.      Discovery in This Case Has Been Vast.**

Where "document production is extensive . . . a finding that an inadvertent disclosure of privileged documents waives the attorney-client privilege or work-product protection does not advance the aim of full and free discovery."[19] Parties "might tend to produce fewer documents or delay production for fear of losing protection for otherwise valid privilege claims."[20]

The scope of discovery in this case has been expansive. To date, Defendant has produced tens of thousands of documents to Plaintiff. In the interest of advancing the aim of full and free discovery, the Court finds this factor favors a return of the privileged document.[21]

**4.      The Extent of the Disclosure in this Case is Minimal.**

The disclosure in this case involves one document. Defendant disclosed this document to Plaintiff's counsel only. The only time the Criteria Document was discussed was during the deposition of Gene Lampe. The Court thus finds that the extent of disclosure in this case is minimal, and this factor weighs in favor of a return of the privileged document.

---

[19]*Zapata,* 175 F.R.D. at 577 (citing *In re Wyoming Tight Sands Antitrust Cases*, No. 85-2349-S, 1987 WL 93812, at *5 (D. Kan. 1987)).

[20]*Id.*

[21]*See Zapata*, 175 F.R.D. at 577 (ordering return of document where over forty thousand documents had been produced during a three and one-half year litigation, in which time only one inadvertent disclosure was made); *Monarch Cement Co.*, 132 F.R.D. at 560 (ordering return of document where "[m]ore than 9,000 pages of documents were produced, and the documents in question were only eight pages contained in one of 118 personnel files.").

**5.      Overriding Issues of Fairness Favor Return of the Document.**

It appears that Defendant produced the privileged document in this case in an effort to cooperate with Plaintiff's attorney; thus, the inadvertent disclosure was made by counsel during a good faith effort to comply with a discovery request.  Moreover, because the document in this case involves the attorney-client privilege, fairness is best served by ordering a return of the document. This conclusion seems especially fitting when the Court considers that the attorney-client privilege is one which belongs to the client. "Fairness in this case constrains a holding that the client should not suffer because of the actions of counsel."[22]  Accordingly, overriding issues of fairness favor a return of the privileged document.

Based on the discussion above, the Court finds Defendant has adequately demonstrated that the Criteria Document is a communication that was made for the purpose of obtaining legal advice from a lawyer, that such communication was made in confidence and the privilege was not waived. Thus, the Court finds the Criteria Document inadvertently disclosed by Defendant is protected from disclosure by the attorney-client privilege and must be returned to Defendant.

Accordingly, it is hereby ORDERED that Defendant's Motion for Protective Order (doc. 3454) is granted in part and denied in part as follows:

> (1)      That portion of the Motion requesting protection for the Criteria Document is granted and Plaintiffs shall return the Criteria document, and all copies thereof, within five (5) days from the date of this Memorandum and Order. It is further ORDERED that Plaintiffs shall be prohibited from using this document in any manner.

---

[22]132 F.R.D. at 560.

(2)     That portion of the Motion requesting protection for five e-mails inadvertently

        produced is denied as moot.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 3rd day of November, 2006.


                                        s/ David J. Waxse
                                        David J. Waxse
                                        United States Magistrate Judge

cc:     All counsel and *pro se* parties