## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Shirley Williams et al.,**

           **Plaintiffs,**

**v.**                                        **Case No. 03-2200-JWL**

**Sprint/United Management Company,**

           **Defendant.**

### MEMORANDUM & ORDER

Plaintiff Shirley Williams filed this suit on behalf of herself and others similarly situated asserting that her age was a determining factor in defendant's decision to terminate her employment during a reduction-in-force (RIF). This case has been provisionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

This matter is presently before the court on plaintiffs' motion to review (doc. 4102) and objections to paragraph 8 of the magistrate judge's April 25, 2006 order as well as plaintiffs' motion to review (doc. 4334) and objections to paragraph 8 of the magistrate judge's April 25, 2006 order; the magistrate judge's July 10, 2006 order; and the magistrate judge's September 13, 2006 order. As will be explained, the motions are granted and this matter is again remanded to the magistrate judge for factual findings concerning and an explanation of the reasons for the denial of plaintiffs' motion for sanctions.

*Procedural History*

On February 15, 2006, plaintiffs filed an omnibus motion seeking to amend the scheduling order, to compel defendant to produce various documents and to permit plaintiffs access to defendant's computer system, and for sanctions against defendant for failing to produce "spreadsheet materials" in native format, for failing to timely produce other spreadsheet materials and for re-producing spreadsheet materials in non-native format that had already been produced in native format. The magistrate judge resolved plaintiffs' motion in open court on April 20, 2006 and his ruling on the motion was memorialized in paragraph 8 of an order dated April 25, 2006. Pertinent to the motions to review pending before this court, the magistrate judge denied plaintiffs' motion to the extent it sought sanctions against defendant.

On May 9, 2006, plaintiffs filed a motion to review (doc. 4102) and objections to paragraph 8 of the magistrate judge's April 25, 2006 order in which the magistrate judge denied plaintiffs' motion to compel discovery and to sanction defendant. On June 30, 2006, this court concluded that it was unable to review the order because the magistrate judge did not include in his order any factual findings pertinent to the resolution of the motion to compel and for sanctions. While the court recognized that the magistrate judge's April 25, 2006 order was merely a summary of the judge's prior oral rulings and, thus, the record certainly included the judge's statements made at the April 20, 2006 hearing, neither the April 25, 2006 order nor the transcript of the April 20, 2006 hearing addressed the substance of the sanctions issue. The court, then, retained the motion to review under advisement and remanded the matter to the magistrate judge to render factual findings sufficient to permit the court to ascertain whether the

2

magistrate judge properly exercised his discretion in resolving the underlying motion.

On July 10, 2006, the magistrate judge issued an order in response to the court's request for additional factual findings.  In that order, the magistrate judge simply set forth in writing the factual findings that he had made orally during the April 20, 2006 conference.  With respect to plaintiffs' motion for sanctions, the magistrate judge simply stated, "I think the best approach so far is to avoid those when we can."  On July 24, 2006, plaintiffs filed a motion asking the magistrate judge to reconsider or clarify his July 10, 2006 order by making specific factual findings regarding plaintiffs' motion for sanctions.  On September 13, 2006, the magistrate judge denied the motion to reconsider and, thereafter, plaintiffs filed a motion to review (doc. 4334) each of the orders relating to the magistrate judge's denial of plaintiffs' motion for sanctions–paragraph 8 of the April 25, 2006 order; the magistrate judge's July 10, 2006 factual findings; and the magistrate judge's September 13, 2006 order.

*Discussion*

Plaintiffs seek review of the magistrate judge's April 25, 2006; July 10, 2006; and September 13, 2006 orders to the extent the magistrate judge denied plaintiffs' motion for sanctions.  Plaintiffs assert that those orders are clearly erroneous because they "contain little or no analysis of the underlying facts."  Plaintiffs further suggest that because of this deficiency, the magistrate judge's orders are entitled to no deference from this court and this court should exercise a de novo review of plaintiffs' motion for sanctions.  Toward that end, plaintiffs simply reassert to this court, nearly verbatim, the argument it made to the magistrate judge–a lengthy,

3

detailed account of defendant's "assorted and continuing improper conduct" concerning the production of spreadsheet documents since April 2005. Defendant, in response, contends that the court should simply deny the motions to review because the magistrate judge's conclusion is correct and is supported by previous "good faith" findings made by the magistrate judge.

Before examining the magistrate judge's previous findings of defendant's good faith, the court examines the findings made by the magistrate judge concerning plaintiffs' motion for sanctions. In their February 15, 2006 motion, plaintiffs sought sanctions against defendant for three separate alleged abuses: failing to produce all "spreadsheet materials" in native format; failing to timely produce spreadsheet materials that were produced; and re-producing spreadsheet materials in non-native format that had already been produced in native format. The magistrate judge ruled on this motion in open court on April 20, 2006 and the court has reviewed the transcript of that proceeding in its entirety. In addressing plaintiffs' motion to compel defendants to produce RIF spreadsheets in native format, the magistrate judge asked counsel for defendant whether all responsive spreadsheets had been produced. Counsel for defendant replied that defendant had produced all responsive spreadsheets. Based on this representation, coupled with plaintiffs' inability to identify a specific spreadsheet that they believed had not been produced in native format, the magistrate judge concluded that defendant had met its obligation. Thus, the magistrate judge denied plaintiffs' motion to compel on this issue, but permitted plaintiffs an opportunity to file a new motion to compel addressing with more specificity what documents they believed needed to be produced.

The court then denied plaintiffs' request for access to defendant's computer system and

4

turned to the request for sanctions. With respect to plaintiffs' request for sanctions, the magistrate judge simply stated,

> And finally, there's a request for sanctions. And at this point, that's denied, also. I think the best approach so far is to avoid those when we can.

The magistrate judge then proceeded to resolve other pending motions unrelated to plaintiffs' omnibus motion. Thus, while the magistrate judge's oral ruling arguably gives insight into why he denied plaintiffs' request for sanctions to the extent that request was based on defendant's failure to produce all spreadsheets in native format (*i.e.*, he concluded in the context of the motion to compel that all documents had been produced and that defendant had met its production obligation), the judge's oral ruling is devoid of any facts remotely suggesting why he denied plaintiffs' request for sanctions to the extent that request was based on defendant's failure to timely produce spreadsheet materials that were produced and defendant's re-production of spreadsheet materials in non-native format that had already been produced in native format. Moreover, as previously explained in this court's June 30, 2006 order, the magistrate judge's April 25, 2006 written order memorializing his April 20, 2006 ruling offers no additional insight into why he denied the motion for sanctions. Rather, that written order simply stated that "for the general reasons stated on the record . . . the motion for sanctions is denied."

Unfortunately, the magistrate judge's July 10, 2006 order is not responsive to this court's request that the magistrate judge, based on his intimate knowledge of the course of discovery in this case, render factual findings concerning defendant's conduct with respect to the discovery disputes at issue and make some explanation of the rationale for his decision. In his July 10

order, the magistrate judge simply submitted "the following factual findings that were made at the April 20, 2006 discovery/status conference but were regrettably not included in the April 25, 2006 order." He then summarized the transcript of the April 20, 2006 hearing and, with respect to the sanctions issue, stated: "The magistrate judge denied Plaintiffs' request for sanctions, advising the parties that 'I think the best approach so far is to avoid those when we can.'" It appears, then, that the magistrate judge mistakenly believed that, in supplementing the record, he was somehow limited to what he had said previously in open court and could not expand or further explain that reasoning in the July 10, 2006 order.

Ultimately, the magistrate judge has not fulfilled this court's charge to provide factual findings and analysis sufficient to permit this court to perform a meaningful review of his decision denying plaintiffs' motion for sanctions. Indeed, the only reason he has provided for denying the request for sanctions (his desire to "avoid" sanctions when possible) is legally insufficient. The court turns, then, to defendant's argument that the magistrate judge has previously found that defendant has acted in good faith in connection with the production of spreadsheets in native format. According to defendant, the magistrate judge's denial of plaintiffs' motion for sanctions is supported by the magistrate judge's February 8, 2006 order in which he held that defendant "provided an adequate explanation of why it has not completed production of all spreadsheets in their native, electronic format" that defendant had previously produced in non-native format. Contrary to defendant's suggestion, this order simply does not provide the requisite factual basis for denying plaintiffs' subsequent motion for sanctions. The order does not address two of the three issues raised by plaintiffs in their motion for sanctions

6

(failing to timely produce spreadsheets all along and reproducing certain spreadsheets). Moreover, plaintiffs' motion for sanctions had not yet been filed and, thus, the magistrate judge did not have the benefit of the arguments therein and, at the time of the February 8, 2006 order, was not examining defendant's conduct in the face of a request for sanctions but only to determine whether defendant had shown cause, in response to the magistrate judge's order to do so, why all responsive spreadsheets had not been produced by February 2, 2006, a deadline established by the magistrate judge for production.

Defendant also suggests that a February 2, 2006 order from the magistrate judge supports the judge's decision to deny sanctions. Again, the court disagrees. The February 2, 2006 order addressed only whether defendant had waived the attorney-client privilege with respect to certain spreadsheets for failing to produce timely a privilege log asserting the privilege. In determining that defendant had not waived the privilege based on its untimely submission of a privilege log, the magistrate judge found no evidence that defendant had acted in bad faith and that defendant had made "good faith attempts" at compliance. While defendant would have this court interpret the February 2, 2006 order as a general finding of defendant's good faith for all purposes in the discovery context, the court declines to do so as the magistrate judge's findings in that order are clearly limited to the privilege log context.

The court, then, is left with no factual findings to review concerning the magistrate judge's denial of plaintiffs' motion for sanctions. Nonetheless, the court rejects plaintiffs' suggestion that it resolve the issue de novo. That approach would be both inefficient and illogical. As the court highlighted in its June 30, 2006 order, plaintiffs' motion is highly fact-

specific and the magistrate judge is the person with first-hand knowledge of those facts and the parties' conduct throughout the course of what has been a lengthy and vigorously contested discovery process involving large volumes of materials and greater than normal complexity. Because of his intimate knowledge with this case, he must tell this court and the parties what facts and what in his experience, based on his first-hand involvement with the discovery process over the past two years, led him to conclude that sanctions against defendant for the reasons requested by plaintiffs are not warranted. The court reiterates that these factual findings need not be lengthy; but they do need to be responsive to the issue. *See Thompson v. Boggs*, 33 F.3d 847, 858 n.9 (7th Cir. 1994) (although magistrate judge was not required to make detailed findings of fact, "a brief statement of the reasons for denying the motion would be beneficial to the litigants as well as facilitate meaningful appellate review").

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion to review (doc. 4102) and objections to paragraph 8 of the magistrate judge's April 25, 2006 order and plaintiffs' motion to review (doc. 4334) and objections to paragraph 8 of the magistrate judge's April 25, 2006 order; the magistrate judge's July 10, 2006 order; and the magistrate judge's September 13, 2006 order are both **granted**. This matter is remanded to the magistrate judge for factual findings concerning the denial of plaintiffs' motion for sanctions. If plaintiffs remain aggrieved after the issuance of the magistrate judge's factual findings, they may file a new motion to review.

8

**IT IS SO ORDERED.**

Dated this 16th day of November, 2006, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge