IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Shirley Williams et al.,

      **Plaintiffs,**

v.                                                                    Case No. 03-2200-JWL

Sprint/United Management Company,

      **Defendant.**

## MEMORANDUM & ORDER

Plaintiff Shirley Williams filed this suit on behalf of herself and others similarly situated asserting that her age was a determining factor in defendant's decision to terminate her employment during a reduction-in-force (RIF). This case has been provisionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

This matter is presently before the court on plaintiffs' motion to review (doc. 4360) and objections to that portion of the magistrate judge's October 5, 2006 order granting defendant's motion for protective order prohibiting discovery relating to adverse impact analyses. As will be explained, the motion is denied.

### I.     Background

Plaintiffs' motion to review challenges the magistrate judge's decision precluding plaintiffs from asking deposition questions that would require defendant or its agents to reveal confidential RIF-related adverse impact analyses generated at the direction of counsel for the

purpose of rendering legal advice. For a more detailed explanation of the "adverse impact" issue in the context of this case, the reader is directed to this court's November 9, 2006 memorandum and order. For purposes of this order, only the following details are pertinent.

For nearly two years, the parties have vigorously contested, in various contexts, the issue of whether certain "adverse impact" documents generated by defendant during the RIF are protected from disclosure by the attorney-client privilege. On July 1, 2006, the magistrate judge issued a written order in which he concluded that, without exception, the "adverse impact" documents were protected from disclosure by the attorney-client privilege. Specifically, the magistrate judge concluded that the adverse impact documents constituted communications made for the purpose of obtaining legal advice and at the direction of counsel, that the documents were kept confidential and that defendant had not waived the privilege in any respect. Plaintiffs filed a motion for reconsideration on several grounds and, on September 13, 2006, the magistrate judge denied that motion in its entirety. In late September, plaintiffs filed a motion to review the magistrate judge's July 1, 2006 and September 13, 2006 orders.

On October 5, 2006, the magistrate judge issued a memorandum and order resolving a pending motion for protective order filed by defendant. Specifically, defendant had sought an order precluding plaintiffs from "questioning deponents regarding defendant's RIF-related adverse impact analyses." Finding that the arguments presented by both parties with respect to defendant's motion to compel were identical to the arguments presented by the parties and considered by the magistrate judge in connection with the magistrate judge's July 1, 2006 and September 13, 2006 orders, the magistrate judge granted defendant's motion for protective order

2

"to the extent any of plaintiffs' deposition questions require defendant or its agents to reveal confidential RIF-related adverse impact analyses generated at the direction of counsel for the purpose of rendering legal advice." On October 13, 2006, plaintiffs filed their motion to review the magistrate judge's October 5, 2006 order.

On November 9, 2006, this court issued its memorandum and order resolving plaintiffs' motion to review the magistrate judge's July 1, 2006 and September 13, 2006 orders. The court retained under advisement a portion of that motion and, in a memorandum and order issued today, the court denied that portion of the motion. The court remanded to the magistrate judge the limited issue of whether defendant waived the attorney-client privilege with respect to certain documents (Exhibits A through E and Exhibit L) for which defendant, on its privilege log, claimed only work product protection. That issue, then, remains pending before the magistrate judge. The motion was denied in all other respects.

This matter is now before the court on plaintiffs' motion to review the magistrate judge's October 5, 2006 order. In their motion, plaintiffs assert that the magistrate judge erred in three respects: (1) the order is expressly based on the magistrate judge's July 1, 2006 and September 13, 2006 orders, which orders themselves are clearly erroneous as argued by plaintiffs in their previous motion for review; (2) the order fails to address any of the specific requests for relief made by plaintiffs in response to defendant's motion for protective order; and (3) the order fails to give any actual guidance concerning appropriate areas of examination during the depositions of defendant's witnesses. As set forth below, the motion is denied.

*Applicable Standard*

Magistrate judges may issue orders as to non-dispositive pretrial matters and district courts review such orders under a "clearly erroneous or contrary to law" standard of review. *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard applies to factual findings, *see* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3069, at 355 (2d ed. 1997) (and cases cited therein), and requires that the district court affirm unless it is left with the "definite and firm conviction that a mistake has been committed." *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

*The July 1, 2006 and September 13, 2006 Orders, on which the October 5, 2006 is based, are Clearly Erroneous*

Plaintiffs' first argument is that the magistrate judge's October 5, 2006 order is expressly based on the magistrate judge's July 1, 2006 and September 13, 2006 orders, which orders themselves are clearly erroneous as argued by plaintiffs in their motion for review the July 1, 2006 and September 13, 2006 orders. In support of this argument, plaintiffs simply incorporate by reference the briefs filed in connection with their motion to review the magistrate judge's July 1, 2006 and September 13, 2006 orders. Since the filing of plaintiffs' motion to review the October 5, 2006 order, the court, in large part, denied plaintiffs' motion to review the July 1,

4

2006 and September 13, 2006 orders. This argument, then, is denied for the same reasons that the court has denied plaintiffs' motion to review the magistrate judge's July 1, 2006 and September 13, 2006 orders.

To the extent the court has remanded to the magistrate judge the issue of whether defendant waived the attorney-client privilege with respect to Exhibits A through E and Exhibit L and, if so, the issue of whether those Exhibits are protected from discovery by the work product doctrine, the court leaves to the magistrate judge (in connection with his ruling on the motion to compel responses to deposition questions, as explained below) the issue of whether plaintiffs may be able to examine defendant's witnesses about these specific documents.

*Failure to Address the Specific Relief Requested by Plaintiffs*

In response to defendant's motion for protective order, plaintiffs requested specific relief from the magistrate judge concerning the scope of appropriate examination in the depositions of defendant's witnesses. Specifically, plaintiffs requested that the magistrate judge declare that the following matters are clearly discoverable: (1) "the exact data compilations and materials pulled together by Sprint's HR;" (2) "the adverse impact analyses performed independently by Sprint's HR;" (3) "all Sprint business decisions (such as changes in selections and/or pools) made based in any way on any adverse impact analyses, whether conducted by HR or Legal;" and (4) "any of the pre-RIF adverse impact analyses used in any way to alter selection decisions and/or pools, whether conducted by HR or Legal." In his October 5, 2006 order, the magistrate judge did not expressly address any of these specific requests for relief and did not otherwise

5

indicate that these areas of inquiry would be nonprivileged and appropriate for examination in the depositions of defendant's witnesses.

The court finds no error in the magistrate judge's decision. The specific areas of inquiry identified by plaintiffs in paragraphs (2), (3) and (4) are clearly linked to the adverse impact analyses and, as indicated in this court's November 9, 2006 memorandum and order and the memorandum and order issued today, those documents are protected by the attorney-client privilege and plaintiffs have not persuaded the court that Human Resources personnel utilized the adverse impact analyses in connection with their own due diligence review of selection decisions.

The area of inquiry identified by plaintiffs in paragraph (1)–concerning "the exact data compilations and materials pulled together by Sprint's HR"–is somewhat ambiguous. To the extent this area of inquiry is intended to include adverse impact analyses, that area of inquiry would be prohibited. To the extent this area of inquiry is intended to focus exclusively on the separate due diligence performed by human resources, it is an appropriate area of inquiry. Nonetheless, the magistrate judge did not err in failing to consider in the abstract whether that area of inquiry would be appropriate (particularly in light of the ambiguous nature of plaintiffs' description). Rather, the magistrate judge should consider in the context of the specific questions detailed in plaintiffs' pending motion to compel responses to deposition questions whether those questions seek to elicit information about "exact data compilations and materials pulled together by Sprint's HR" and, if so, whether those questions seek non-privileged information.

*Failure to Provide Guidance on Appropriate Areas of Examination*

Plaintiffs' final assertion of error in the magistrate judge's October 5, 2006 order is that the magistrate judge failed to provide any actual guidance concerning appropriate areas of examination relating to the issue of adverse impact analyses during the depositions of defendant's witnesses. Plaintiffs have not shown that the magistrate judge erred in this respect. The magistrate judge expressly held that plaintiffs could not pose questions that would "require Defendant or its agents to reveal confidential RIF-related adverse impact analyses generated at the direction of counsel for the purpose of rendering legal advice" but that plaintiffs could pose questions "regarding underlying facts and data compilations associated with adverse impact analyses (*e.g.*, Master List and RIF List) or information regarding adverse impact analyses that was not generated at the direction of counsel for the purpose of seeking legal advice." Significantly, the magistrate judge did not have presented to him by either party any specific examples of potential deposition questions or any specific examples of defendant's objections to specific questions propounded in a deposition. Not surprisingly, then, the magistrate judge did not attempt to speculate as to what questions might be appropriate in the context of a deposition. Again, the appropriate vehicle for plaintiffs to obtain specific guidance is one which they have already utilized through the filing of their motion to compel responses to deposition questions. That motion is presently pending before the magistrate judge and the court anticipates that the magistrate judge will resolve that motion to compel as soon as possible.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiffs' motion for

7

review (doc. 4360) is denied.


**IT IS SO ORDERED.**


Dated this __8th____ day of December, 2006, at Kansas City, Kansas.


        _s/   John W. Lungstrum_____
        John W. Lungstrum
        United States District Judge