# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

SHIRLEY WILLIAMS, et al.,

        Plaintiffs,

v.                                               Case No. 03-2200-JWL-DJW

SPRINT/UNITED MANAGEMENT CO.,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Reconsider its February 1, 2006 Order, in the Alternative to Clarify, and Motion to Stay February 1, 2006 Order requiring production of documents (doc. 3591). For the reasons stated below, Defendant's Motion to Reconsider will be denied, Defendant's Motion to Clarify will be granted in part and denied in part, and Defendant's Motion to Stay will be granted.

## Relevant Factual Background

At the September 1, 2005 status conference, Plaintiffs submitted for the Court's review a document entitled "List of Documents Withheld by Defendant Despite No Involvement of Legal Department or Counsel" (the "List")[1]. The List identifies 426 documents "listed on Defendant's privilege log as having been withheld from production despite the fact that the log itself shows there to have been no involvement of Sprint legal department or counsel so as to support any claim of privilege or work product."[2] In conjunction with this List, Plaintiffs "request that Defendant's assertion of any privilege be overruled with regard to these documents."[3]

---

[1] The List is attached as Exhibit 1 to the September 6, 2005 Court Order (doc. 3203).

[2] *Id.*

[3] *Id.*

During the September 1, 2005 conference, the Court ultimately construed the "List" as a Motion to Compel (doc. 3203) and ordered Defendant to submit a pleading by September 15, 2005 explaining "the basis upon which it is claiming attorney-client privilege for those documents identified in any privilege log where no attorney is listed." In a subsequent request for more time to submit this pleading, Defendant stated that "[u]pon further review of the 426 documents identified by Plaintiff[s], Sprint believes additional time is necessary to further research issues, both factual and legal, before filing a formal response."[4]

Approximately one month after having been ordered to submit this pleading, Defendant ultimately filed a twenty-two page brief[5] and twenty-one exhibits in support of its contention that the privilege log documents identified by Plaintiff were subject to the attorney-client privilege and/or the attorney work-product doctrine. Plaintiffs filed a responsive brief.[6] Defendant then sought leave of Court to file a Surreply, which the Court granted. After requesting and receiving a subsequent extension of time, Defendant filed its Surreply on December 22, 2005.

On February 1, 2006, the Court issued a Memorandum and Order (doc. 3549) finding that

- Defendant successfully met its burden to establish attorney-client privilege protection for a portion of the 426 documents included on the List; but

- Defendant failed to establish the elements required to invoke the attorney-client privilege for the balance of the 426 documents included on the List.

Given these findings, the Court ordered Defendant to produce those documents for which Defendant failed to establish privilege.

---

[4]Doc. 3263 at p.1, ¶¶1-2.

[5]Doc. 3335.

[6]Doc. 3453.

In the motion currently pending, Defendant requests the Court reconsider its order to produce those particular documents for which Defendant failed to establish privilege. Defendant argues it misunderstood the issue to be briefed and thus did not have an opportunity to be heard on the issue actually decided by the Court. More specifically, Defendant states it understood the only issue to be briefed was the generic issue of whether the attorney-client privilege can apply to documents that do not, on their face, appear to involve counsel. Defendant states it did *not* understand that it was required to provide, in its briefs and privilege log, sufficient information to enable the Court to determine whether all the required elements of the privilege had been met regarding those documents. To that end, Defendant requests the Court reconsider whether the elements of the attorney-client have been met in light of a subsequently revised privilege log that it contends more accurately describes the documents at issue.

Should the Court decide not to reconsider its order of production, Defendant alternatively requests the Court clarify its order with regard to various documents and impose a stay of the February 1, 2006 Memorandum and Order with regard to production of documents in order to permit Defendant to file a motion for review with the district court judge.

## Discussion

### A. Motion to Reconsider based on Defendant's Misunderstanding

Pursuant to D. Kan. Rule 7.3, motions seeking reconsideration of non-dispositive orders must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[7] Reconsideration may be appropriate "where the court has misapprehended the facts, a party's position, or the controlling

---

[7] The Tenth Circuit has adopted the same standard. See, e.g., *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

law."[8] With that said, a motion to reconsider is not a second chance for the losing party to ask the Court to revisit issues already addressed or to consider new arguments and facts that could have been presented originally.[9] Nor is a motion to reconsider to be used as "a second chance when a party has failed to present it strongest case in the first instance."[10] Whether to grant or deny a motion for reconsideration is soundly committed to the court's discretion.[11]

Here, Defendant argues it misunderstood the issue to be briefed and thus reconsideration is necessary to correct clear error or prevent manifest injustice. Simply put, the Court is not persuaded by Defendant's argument.

The Court held, in its February 1, 2006 Memorandum and Order, that Defendant failed to carry its burden of persuasion establishing that certain documents it claimed were protected by attorney-client privilege were actually protected by the privilege. Notably, this is not an issue of waiver. Waiver involves an intentional relinquishment of a right. Waiver was not an issue in the February 1, 2006 Memorandum and Order. The Court granted the motion to compel for the documents at issue because Defendant failed to carry its burden of proof on the objections raised by Plaintiffs to the documents described in Defendant's privilege log. In other words, Defendant failed – when it initially provided the privilege log, when it provided supplemental privilege logs and when it submitted its 22-page brief and subsequent Surreply – to provide adequate facts to establish

---

[8]*Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 664 (D. Kan. 2004); *Servants*, 204 F.3d at 1012.

[9]*Servants*, 204 F.3d at 1012

[10]*Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.), *cert. denied*, 113 S.Ct. 89 (1992). *Sonnino*, 221 F.R.D. 661, 664 (D. Kan. 2004).

[11]*Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

that the documents at issue were protected from disclosure by the attorney-client privilege.

The Court has great difficulty in accepting Defendant's argument of "misunderstanding" with regard to the issue that was to be briefed. Defendant filed its Response brief on October 3, 2005, including within its title that the document was its "Memorandum in Opposition to Plaintiffs' Motion To Compel Documents."[12] Defendant's brief states that "Plaintiff further requested 'that Defendant's assertion of any privilege be overruled with regard to these documents.'"[13] Defendant's brief categorizes the documents and otherwise appears to show Defendant fully understood that the issue was whether the privilege assertion was valid as opposed to the supposed narrow reading Defendant now asserts in its Motion to Reconsider.[14] Indeed, Defendant's Response brief notes in footnote 9 that it was "willing to provide information . . . beyond that provided in the Log, regarding the senders and recipients of the subject communications" but that "[f]or the sake of brevity, however, Sprint asserts that the senders and recipients are members of Sprint's management who used the underlying advice in discharging their duties as managers at Sprint."[15] Thus, it appears that Defendant fully understood the issue at hand was Plaintiffs' motion to compel documents but chose not to provide any evidence in support of its claims of privilege.

Defendant's Surreply brief was then filed on December 22,, 2005. Defendant's Surreply acknowledged the overarching nature of the issues briefed when it claimed "Sprint has met its

---

[12]Doc. 3335.

[13]*Id.* at p.2.

[14]*Id.* at pp. 7-9 (setting forth and attempting to address all elements of the attorney-client privilege and work product doctrine).

[15]*Id.* at p. 9.

burden of establishing that the challenged documents are privileged."[16] Defendant also admitted in its Surreply that "After Plaintiff challenged the 426 documents on the Log in September, Sprint conducted a good faith re-evaluation of its claim of privilege on each of the 426 documents. As a result of that process, and as noted by Plaintiff in her Reply, Sprint has now produced several of the 426 challenged documents."[17]

Thus, in its extensive Response brief and subsequent Surreply brief, Defendant was repeatedly given the opportunity to meet its burden and support its assertions of privilege with regard to these documents. Defendant failed in this endeavor. Notwithstanding this fact, Defendant now argues in its request for reconsideration that if the Court will only consider Defendant's supplemental privilege log, the information contained therein will sufficiently establish the privilege. The Court, however, finds production of the supplemental privilege log is too late with regard to the documents at issue. The Court has already ordered production of the documents. It was Defendant's burden to prove its privileges prior to the time that the Court was asked to determine them.

Production of a "new and improved" privilege log is untimely if done after the Court was requested to determine the issue and after entry of the Court's order directing production of the documents. A party seeking to assert the privilege must make a clear showing that it applies.[18] Failure to do so is not excused because the document is later shown to be one which would have been privileged if a timely showing had been made.[19] Even though the privilege may have attached

---

[16] Doc. 3522 at p. 2.

[17] Doc. 3522 at p. 4.

[18] *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984).

[19] *Id.*

if sufficient information had been timely and adequately asserted, that such a showing had not been made when the trial court was called upon to make its ruling defeats the privilege.[20] "[A]pplicability of the privilege turns on the adequacy and timeliness of the showing as well as on the nature of the document."[21]

Having considered all of Defendant's arguments, the Court is compelled to overrule the Motion for Reconsideration. Thus, Defendant will be required to produce the requested documents.

**B.    Defendant's Request for Clarification**

In the alternative to reconsideration, Defendant requests clarification of the February 1, 2006 Memorandum and Order.

- **Documents 54630, 54874, 57215, 57429-57471, 57330**

In its February 1, 2006 Order, the Court concluded that "Category Four" (adverse impact) documents containing one of several specified descriptive "adverse impact analyses" phrases were protected from disclosure by Judge Lungstrum's previous ruling regarding the privileged nature of such analyses.[22] While "*EEO analysis*," "*EEO alpha analysis*," and "*AI*" were not specific descriptive phrases listed in the February 1, 2006 Order, Defendant contends documents 54630, 54874, 57215, 57429-57471, 57330 and 163528 also contain adverse impact analyses as indicated by their descriptions in the privilege log. To that end, Defendant argues the phrases "EEO analysis," "EEO alpha analysis," and "AI" are substantively equivalent to the identified phrases: "impact ratio analysis"; "adverse impact analysis"; "adverse impact"; "impact ratio analysis"; "due

---

[20]*Id.*

[21]*Id.*

[22]February 1, 2006 Memorandum and Order (doc. 3549) at p. 16.

diligence matrix"; "adverse impact information"; and "legal advice re IT directors."

Based on the undersigned Magistrate Judge's extensive exposure to the numerous adverse impact issues presented by the parties during the course of this litigation, the Court is persuaded by Defendant's argument here and thus clarifies its February 1, 2006 Memorandum and Order to find that documents 54630, 54874, 57215, 57429-57471, 57330 and 163528 are protected from disclosure by Judge Lungstrum's previous ruling regarding the privileged nature of such analyses and thus need not be produced.

- **Document 54922**

The log entry regarding this Category 2 document states: "E-Mail re LINK rating adverse impact analysis." The Court finds that, although set forth in Category 2 as opposed to Category 4, document 54922 is adequately described as legal advice communicated between non-lawyer members of Defendant's management team. This description is consistent with a finding that the documents were confidential and communicated to non-lawyers to further the rendition of legal services to the client, which the Court found in its February 1, 2006 Memorandum and Order to be a communication protected by the attorney-client privilege. Thus, the Court clarifies its February 1, 2006 Order to find that document 54922 need not be produced.

- **Documents 179512 and 46294-46298**

With regard to documents bearing bates stamps 179512 and 46294-46298, the Court finds the thorough discussion and subsequent holding in its February 1, 2006 Memorandum and Order needs no clarification. Thus, the handwritten portion of the documents bearing bates stamps 46294-46298 are protected from disclosure by the attorney-client privilege and need not be produced but the underlying documents 46294-46298, as redacted, and document 179512 must be produced.

- **Documents For Which Defendant May Have Provided Adequate Information Prior to the Court's Order**

In conjunction with this Court's September 1, 2005 Order construing Plaintiffs' challenge to documents described in Defendant's privilege log as a Motion to Compel, Defendant submitted the August 12, 2005 privilege log upon which Plaintiffs based their challenge. The 133-page privilege log was submitted in paper format. During the briefing of the Motion to Compel, both parties exclusively relied on the descriptions and information within the August 12, 2005 log.

After the Motion was fully briefed, the Court requested Defendant submit the August 12, 2005 privilege log to the Court in electronic format.[23] On January 25, 2006, Defendant complied with the Court's request by sending an email directly to chambers that attached the August 12, 2005 privilege log in .pdf format. In addition to the August 12, 2005 electronic version of the paper privilege log, however, Defendant also submitted an electronic version of a second privilege log, this one entitled "KC Privilege Log."

In its request for clarification, Defendant seeks to have the Court reconsider its February 1, 2006 decision with regard to nine documents for which Defendant submitted revised descriptions and information in the "KC Privilege Log." In support of this request, Defendant states that the revised log was submitted on January 25, 2006, which was prior to entry of the February 1, 2006 Memorandum and Order. Thus, Defendant argues, the revised descriptions and information should have been taken into consideration by the Court in its February 1, 2006 ruling.

---

[23]See Transcript from January 19, 2006 Discovery/Status Conference at p. 86 (doc. 3546).

The Court disagrees. From the very outset, Plaintiffs' Motion to Compel was based on the information and descriptions set forth in the August 12, 2005 Privilege Log. During the briefing of the Motion to Compel, both parties exclusively relied on the descriptions and information within the August 12, 2005 log. Moreover, Defendant provided no explanation in the January 25, 2006 email and did not submit any supplemental pleading incorporating descriptions or information from the "KC Privilege Log" with regard to the pending Motion to Compel. If Defendant had wanted the Court to take the revised information into consideration in ruling on the Motion to Compel, Defendant had the burden of notifying the Court of this desire. Accordingly, the Court finds no clarification to its February 1, 2006 Order is necessary for documents 154188-197, 154259-268, 154084-095, 153995-154001, 154084-95, 130597-130600, 130624-130626, 57214 and 153918.

- **Documents That Appeared Multiple Times on the List and were Found Elsewhere to be Protected from Production**

Defendant also requests clarification regarding three (3) documents that, due to multiple listings with different descriptions, have been found both protected by the privilege and unprotected by the privilege at the same time. Defendant contends that the reason for the multiple listings stems from the vast number of documents collected by Sprint, which resulted in the same document being collected multiple times, which in turn, meant that the same document was occasionally included on the log more than once.

Based on the unique circumstances presented, the Court hereby clarifies its Order regarding these three documents such that Defendant need not produce them. The Court makes this decision on grounds that the referenced three documents, in a different listing on the log, were found by the Court to be otherwise protected by the attorney-client privilege.

**C.     Defendant's Request for Stay Pending Motion for Review**

Upon consideration of the circumstances presented, the Court hereby grants Defendant's request that the February 1, 2006 Memorandum and Order be stayed to the extent that Defendant need not produce any documents pending review of objections to be filed with the District Judge.

### **Conclusion**

For the reasons stated above, Defendant's Motion is granted in part and denied in part:

(1)     Defendant's Motion for Reconsideration based on an updated privilege log is denied;

(2)     Defendant's Motion to Clarify the February 1, 2006 Memorandum and Order

    (a)     is granted to the extent that

- Defendant shall not be required to produce documents 54630, 54874, 54922, 57215, 57429-57471, 57330 and 163528; and

- Defendant shall not be required to produce the three documents referenced by Defendant that were listed multiple times in the privilege log and found by the Court in at least one instance to be protected by the attorney-client privilege.

    (b)     is denied to the extent that no clarification is necessary with regard to documents 46294-46298, 179512, 154188-197, 154259-268, 154084-095, 153995-154001, 154084-95, 130597-130600, 130624-130626, 57214 and 153918.

(3)     Defendant's Motion to Stay the February 1, 2006 Memorandum and Order is granted to the extent that Defendant need not produce any documents pending review of objections to be filed with the District Judge.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 13th day of December, 2006.

                                                  s/ David J. Waxse
                                                  David J. Waxse
                                                  United States Magistrate Judge

cc: All counsel and *pro se* parties