## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**Shirley Williams et al.,**

       **Plaintiffs,**

**v.**                                       **Case No. 03-2200-JWL**

**Sprint/United Management Company,**

       **Defendant.**

### MEMORANDUM & ORDER

Plaintiff Shirley Williams filed this suit on behalf of herself and others similarly situated asserting that her age was a determining factor in defendant's decision to terminate her employment during a reduction-in-force (RIF). This case has been provisionally certified as a collective action pursuant to 29 U.S.C. § 216(b). This matter is presently before the court on defendant's motion for reconsideration (doc. 4439) of a factual finding in this court's November 9, 2006 memorandum and order. For the reasons set forth below, the motion is granted.

In its November 9, 2006 memorandum and order resolving plaintiffs' motion to review the magistrate judge's July 1, 2006 and September 13, 2006 orders, the court remanded to the magistrate judge the limited issue of whether defendant waived the attorney-client privilege with respect to certain documents (Exhibits A through E and Exhibit L) for which defendant, on its privilege log, did not designate protection based on the attorney-client privilege and asserted protection based only on the work product doctrine. In so doing, the court acknowledged the reasonableness of the magistrate judge's conclusion to the extent documents had been

inadvertently produced and then recalled but had not been previously withheld.  In remanding to the magistrate judge, however, the court stated that "Exhibits A through E and Exhibit L were withheld subject to a privilege log and were later produced inadvertently," such that an argument could be made that defendant waived the attorney-client privilege at the time it provided a privilege log asserting only work product protection and then would have had no privilege to assert once the documents were inadvertently disclosed.

Defendant now moves the court to reconsider its factual finding that Exhibits A through E and Exhibit L were first withheld subject to a privilege log and only then produced inadvertently.  Defendant contends that the factual record demonstrates that the documents were produced inadvertently in late November and early December 2005 and were not listed in a privilege log until February 2006.  Plaintiffs concede in their response to the motion for reconsideration that defendant's inadvertent production occurred prior to the provision of a privilege log identifying Exhibits A through E and Exhibit L.  While the language of the court's November 9, 2006 memorandum and order suggests that documents are deemed "withheld" on the date a privilege log identifying those documents is provided to the opposing party, documents are, more accurately, withheld at the time otherwise responsive documents are due to be produced to the opposing party, regardless of when a privilege log identifying those documents that have been withheld is actually provided to the opposing party.  In other words, the date on which the privilege log in this case was provided to plaintiffs (February 2006) is largely irrelevant and the key is when Exhibits A through E and Exhibit L should have otherwise been produced pursuant to court order or a particular production request.

2

The privilege log identifying Exhibits A through E and Exhibit L as protected from disclosure by the work product doctrine indicates that the log pertains to defendant's "8/12/05 production."  The parties' papers underlying this dispute indicate that the "8/12/05" date references this court's August 12, 2005 memorandum and order directing defendant to produce to plaintiffs numerous documents within 30 days of the date of the court's order.  After receiving several extensions of time, defendant ultimately was required to fulfill its discovery obligations relating to the August 12, 2005 order no later than December 6, 2005.  Thus, documents that were otherwise responsive but not produced by December 6, 2005 were "withheld" by defendant after that date.  The record indicates that Exhibits A through E and Exhibit L were inadvertently produced sometime between November 29, 2005 and December 6, 2005.  Thus, they were inadvertently produced without having been previously withheld.

The court's previous statement, then, that "Exhibits A through E and Exhibit L were withheld subject to a privilege log and were later produced inadvertently" was incorrect and defendant's motion to reconsider is granted.  The facts, as corrected, now fit squarely within that portion of the magistrate judge's order that this court affirmed in its November 9, 2006 memorandum and order such that this court now affirms in its entirety the magistrate judge's rejection of plaintiffs' argument that defendant had waived any assertion of the attorney-client privilege with respect to Exhibits A through E and Exhibit L by failing to assert the privilege on its privilege log.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for

3

reconsideration of factual finding (doc. 4439) is granted.

**IT IS SO ORDERED.**

Dated this 3rd day of January, 2007, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge