IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

Shirley Williams et al.,

   **Plaintiffs,**

v.                   Case No. 03-2200-JWL

Sprint/United Management Company,

   **Defendant.**

## MEMORANDUM & ORDER

Plaintiff Shirley Williams filed this suit on behalf of herself and others similarly situated asserting that her age was a determining factor in defendant's decision to terminate her employment during a reduction-in-force. This case has been provisionally certified as a collective action pursuant to 29 U.S.C. § 216(b).

This matter is presently before the court on defendant's motion to review (doc. 4501) and objections to the magistrate judge's February 1, 2006 and December 13, 2006 orders compelling the production of certain documents identified in defendant's privilege log. In its motion, Sprint contends that it is entitled to relief from the magistrate judge's orders because the magistrate judge mistakenly decided issues not presented by the parties for determination. As will be explained, the motion is denied.

**I.**   **Procedural History**

The record in this case reflects the following procedural history underlying defendant's

motion for review. During a discovery conference held before the magistrate judge on September 1, 2005, plaintiffs presented defendant and the magistrate judge with a "List of Documents Withheld by Defendant Sprint Despite No Involvement of Legal Department or Counsel." The List includes the Bates numbers of 426 documents identified on defendant's most recent privilege log and explains that the documents have been "withheld from production despite the fact that the log itself shows there to be have been no involvement of Sprint legal department or counsel so as to support any claim of privilege or work product." The List also specifically requests that "defendant's assertion of any privilege be overruled with regard to these documents" and that defendant "be required to produce these documents within 2 weeks." As explained by plaintiffs' counsel at the September 1, 2005 hearing, plaintiffs sought to have the documents produced or to require Sprint to "otherwise show the court how in the world these things can be claimed as privileged."

Defendant, when asked by the magistrate judge for its position, requested that the magistrate judge require plaintiff to submit a written brief on the issue so that defendant could see "in writing" what plaintiffs specifically were asserting and to permit Sprint to respond "with a brief addressing both the factual and legal issues that they're raising." The magistrate judge rejected defendant's suggestion that plaintiffs be required to submit a written brief, stating that "it's pretty clear if they're saying none of these documents listed on this document have any attorney shown as being involved in the communication, they want to know how it still is privileged." In response, defendant's counsel stated, "If that's the only issue they're raising and that's the only issue they're going to raise on the substantive issues with regards to the law, I

have no problem with responding in two weeks if that's the only issue"–whether "there's attorney-client privilege that attaches to these documents." Ultimately, the magistrate judge directed defendant to explain within two weeks "how you still have the privilege if there's no attorney listed on the privilege log." In a written order memorializing this ruling, the magistrate judge stated as follows: "By September 15, 2005, Defendant shall explain to Plaintiffs the basis upon which it is claiming attorney-client privilege for those documents identified in any privilege log where no attorney is listed."

On September 15, 2005, defendant requested an extension of time up to and including October 3, 2005 to respond to plaintiffs' List, which the magistrate judge had essentially construed as a motion to compel. In its motion, defendant acknowledged that "additional time is necessary to further research issues, both factual and legal, before filing a formal response . . . to plaintiffs' arguments regarding the applicability of the attorney-client privilege." A discussion about defendant's motion for an extension of time occurred during the parties' September 19, 2005 discovery conference with the magistrate judge. During this discussion, defendant's counsel advised the magistrate judge that counsel was "too industrious" when he represented that he could submit a response within 2 weeks. According to defendant's counsel, defendant needed an additional 12 business days to provide a response in light of "several different legal issues and factual issues that need to be reviewed" as well as the sheer number of documents at issue. The magistrate judge granted defendant's request for an extension of time. In an order memorializing that ruling, the magistrate judge stated as follows: "Defendant is granted an extension of time, until October 3, 2005, to comply with paragraph 6 of the Court's

3

September 6, 2005 Order, which requires Defendant to explain to Plaintiffs the basis upon which it is claiming attorney-client privilege for those documents identified in any privilege log where no attorney is listed."

On October 3, 2005, defendant filed its response to plaintiffs' List or, more accurately, to plaintiffs' motion to compel. In large part, Sprint's brief focused on the legal issue of whether documents can be protected from disclosure by the attorney-client privilege when a corresponding privilege log fails to identify an attorney as either the author or the recipient of the communication. The remainder of the brief, grouping the 426 documents into 4 categories, focused on explaining why each category of documents was subject to the attorney-client privilege even in the absence of direct attorney involvement. The factual assertions made by defendant in its response were supported only by its privilege log; defendant did not submit any documents for in camera review and did not submit any additional evidence supporting its assertion of privilege.

On February 1, 2006, the magistrate judge issued a memorandum and order in large part granting plaintiffs' motion to compel. As an initial matter, the magistrate judge agreed with defendant that a finding of privilege did not require that an attorney have either authored or received the document at issue. As argued by defendant and recognized by the magistrate judge, the key is whether the communication was made in confidence for the purpose of obtaining legal advice from the lawyer. Nonetheless, the magistrate judge ordered defendant to produce a large number of the 426 documents on the grounds that defendant's privilege log, contrary to

defendant's characterizations in its brief about the nature of those documents, did not demonstrate that those documents were communications "made in confidence for the primary purpose of obtaining legal advice or services."  In other words, the magistrate judge concluded that the log failed to include sufficient information from which the judge could find that the documents qualified as communications made in confidence for the primary purpose of obtaining legal advice or services.

On February 16, 2006, defendant filed a motion to reconsider, asserting that the magistrate judge ruled in favor of defendant on the sole issue before him–whether the attorney-client privilege can apply to documents which did not directly involve Sprint's counsel. According to defendant, the magistrate judge's ruling requiring production of the documents on the grounds that defendant, in its log, failed to provide sufficient information to enable the court to determine whether all the required elements of the privilege had been met regarding those documents was erroneous because that "broader question" was not the one raised by plaintiffs who, according to defendant, never questioned the sufficiency of defendant's privilege log.  In connection with its motion to reconsider, defendant submitted revised privilege log entries (revisions that, according to defendant, established the privilege) for the documents that the magistrate judge had ordered defendant to produce.

On December 13, 2006, the magistrate judge denied defendant's motion to reconsider, finding "great difficulty" accepting defendant's argument that it did not understand the issue that was to be briefed.  According to the magistrate judge, the issue raised by plaintiffs at the

September 1, 2005 hearing in connection with the submission of their List–whether the 426 documents are protected from disclosure by the attorney-client privilege–should have been clear to all parties and was, in fact, fully understood by defendant. The magistrate judge reiterated his conclusion that defendant failed to carry its burden of proof on the existence of the privilege because it failed to provide adequate facts–in its privilege log or in connection with its briefing–establishing that the documents were protected from disclosure by the attorney-client privilege. The court declined to consider defendant's revised privilege log entries, stating that the revisions came "too late" with respect to the documents at issue because the court had already ordered production of the documents and defendant's burden was to prove its privilege prior to the time that the court was asked to resolve the issue.

## II.   Applicable Standard

Magistrate judges may issue orders as to non-dispositive pretrial matters and district courts review such orders under a "clearly erroneous or contrary to law" standard of review. *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard applies to factual findings, *see* 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3069, at 355 (2d ed. 1997) (and cases cited therein), and requires that the district court affirm unless it is left with the "definite and firm conviction that a mistake has been committed." *Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395

(1948)). By contrast, the "contrary to law" standard permits "plenary review as to matters of law." *See* Wright, Miller & Marcus, *supra*, § 3069, at 355; *Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3rd Cir. 1992); *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp .2d 980, 983 (S.D. Cal. 1999) ("contrary to law" standard permits independent review of purely legal determinations by a magistrate judge); *Weekoty v. United States*, 30 F. Supp. 2d 1343, 1344 (D.N.M. 1998) (when reviewing legal determinations made by magistrate judge, standard of review is de novo).

## III.    Discussion

In its motion to review, defendant contends that the magistrate judge's February 1, 2006 order is erroneous because the judge's order went beyond the limited issue that was presented by plaintiffs and resolved a much broader question (whether all the elements of the privilege had been met) that was not presented to the judge for resolution. Defendant contends that the magistrate judge's December 13, 2006 order is erroneous in three respects–the motion to reconsider should have been granted because the magistrate judge had ruled on an issue not presented for determination; the magistrate judge erroneously concluded that defendant "fully understood" that the issue raised by plaintiffs was whether the 426 documents were protected from disclosure by the attorney-client privilege; and that the magistrate judge erred in refusing to consider defendant's revised privilege log entries.

The court begins with defendant's argument that the February 1, 2006 order is erroneous because the magistrate judge resolved an issue that was not presented to him for determination.

7

In assessing this argument, the court has carefully reviewed the record, including transcripts of discovery conferences, orders filed by the magistrate judge and pleadings filed by the parties, in an effort to determine whether the scope of the issue before the magistrate judge included whether defendant could establish the applicability of the attorney-client privilege for each of the 426 documents on plaintiffs' List. After conducting this review, the court concludes that the magistrate judge appropriately resolved the broader issue of whether defendant had established the privilege for those documents called into question by plaintiffs.[1]

The List submitted by plaintiffs during the September 1, 2005 conference expressly challenges defendant's privilege log entries, stating that the "log itself shows there to be have been no involvement of Sprint legal department or counsel so as to support any claim of privilege." While defendant apparently construed this statement (and similar statements made by plaintiffs and the magistrate judge) as presenting solely the legal issue of whether a document can be privileged when the log fails to identify an attorney as either the author or recipient of the communication, a plain reading of the statement indicates that the issue is not so limited. Neither plaintiffs nor the magistrate judge focused exclusively on the log's failure to identify an attorney as the author or recipient of the documents at issue; rather, plaintiffs and the magistrate judge focused more broadly on the log's failure to indicate any attorney or legal involvement whatsoever in the communication. The log's failure in that respect necessarily

---

[1] In light of this conclusion, the court also rejects defendant's argument that its motion to reconsider should have been granted (and that the magistrate judge erred in failing to grant it) because the magistrate judge had ruled on an issue not presented for determination.

implicates the very issue resolved by the magistrate judge–whether the entries adequately established the application of the privilege when those entries failed to reflect any connection to an attorney, either because an attorney was not identified as the author or recipient or because the communication did not otherwise indicate the giving or receiving of legal advice.

Moreover, the magistrate judge repeatedly framed the issue as one that required defendant to "explain the basis upon which it is claiming attorney-client privilege" for those documents identified in any privilege log where the log entry did not reflect any legal involvement. A plain reading of the language used by the magistrate judge in these orders reveals that he was seeking more than a general explanation of whether a document could be privileged in the absence of a showing that an attorney either authored or received the document. Rather, he was seeking a particularized showing as to whether the specific documents were indeed privileged when the log entries for those documents revealed no connection to an attorney or the provision of legal advice. In these circumstances, the court cannot conclude that the magistrate judge resolved an issue that was not presented to him for determination and the record sufficiently demonstrates that defendant had notice (or, at the very least, should have been on notice) that the broader issue resolved by the magistrate judge was put into play by plaintiffs' challenge to the log entries.[2]

---

[2] Defendant does not appear to challenge separately the magistrate judge's rejection of its request that plaintiffs, in lieu of submitting their List and arguing in open court, be required to submit a written brief explaining their assertions with respect to the 426 documents. In any event, the magistrate judge acted within his discretion in rejecting the suggestion. *See* Fed. R. Civ. P. 7(b)(1) (oral motions made at a hearing are permitted in lieu of written motions); D. Kan. R. 7.1(a) (with approval of court, parties may be relieved from

Defendant next contends that the magistrate judge erred in concluding, in the context of defendant's motion to reconsider, that defendant "fully understood" that the issue raised by plaintiffs was whether the documents identified on plaintiffs' List were protected from disclosure by the attorney-client privilege. The court rejects this argument. In light of the court's conclusion that the magistrate judge did not err in resolving the broader issue of whether defendant had established all elements of the attorney-client privilege, defendant's misunderstanding of the scope of the issue before the magistrate judge, while perhaps unfortunate, is not a basis for reversing the magistrate judge. In other words, even if this court believed that defendant did not honestly realize the scope of the issue before the magistrate judge, defendant's mistake is not a proper basis for seeking review of the magistrate judge's decision; the key is whether the magistrate judge has made a mistake, *see Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988), and the court has concluded that he did not.

Finally, defendant asserts that the magistrate judge erred in refusing to consider, in the context of defendant's motion for reconsideration, defendant's revised privilege log entries. The court rejects this argument as well. The magistrate judge acted well within his discretion when he refused defendant a second bite at the apple by declining to review revised log entries that were not submitted until after the magistrate judge ruled that defendant had not met its burden to show the documents were privileged. While defendant urges that it submitted the revised

---

the requirement of serving and filing written briefs in support of motions).

entries as soon as it became aware that the magistrate judge viewed the scope of the issue before him more broadly than defendant, defendant's mistake as to the scope of the issue before the magistrate judge does not require the magistrate judge to provide defendant with another opportunity to establish the privileged nature of the documents.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for review (doc. 4501) is denied .

**IT IS SO ORDERED.**

Dated this 23rd day of January, 2007, at Kansas City, Kansas.

s/ John W. Lungstrum_____
John W. Lungstrum
United States District Judge
