**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**SHIRLEY WILLIAMS, et al.,**

        **Plaintiffs,**

                                      **CIVIL ACTION**

**v.**

                                      **No. 03-2200-JWL-DJW**

**SPRINT/UNITED MANAGEMENT**
**COMPANY,**

        **Defendant.**

**MEMORANDUM AND ORDER**

Plaintiff Shirley Williams filed this suit on behalf of herself and others similarly situated, asserting that her age was a determining factor in Defendant's decision to terminate her employment during a reduction-in-force (RIF).  This case has been provisionally certified as a collective action pursuant to 29 U.S.C. § 216(b) and the parties are presently engaged in discovery concerning the merits of Plaintiffs' pattern and practice allegations.  This matter is presently before the Court on Plaintiffs' Motion to Compel Answers to Supplemental (Tenth) Request for Production of Documents (doc. 3670).  For the reasons set forth below, the motion is granted in part and denied in part.

**I.**      **Nature of the Discovery Dispute**

Plaintiffs' Supplemental (Tenth) Request for Production of Documents consists of five requests for production that seek documents and databases with Defendant's alpha ratings, calibration lists, and Project Manager pools.  Specifically, these requests seek the following:

      •     All documents and databases consisting of, relating to, and/or containing

-1-

recommended alpha ratings for the 2001 performance year, including without limitation all calibration lists (see for example, Ex. 1028A). (Tenth Request No. 1)

- All documents and databases containing alpha ratings as described by Ben Watson at page 120, line 3 through page 121, line 4 (where "extremities" should be "exempts") and page 122, line 10 through page 123, line 1 of his deposition. (Tenth Request No. 2)

- All documents and databases containing one or more table(s) similar to those appearing on the last page of Exhibit 1011, the so-called "Donna Morrison Master List" and/or showing terminations, separations, and/or RIF actions correlated with alpha ratings in either 2002 or 2003. (Tenth Request No. 3)

- All documents showing the Project Manager pool(s) discussed in Exhibit 1158. (Tenth Request No. 4)

- All documents and databases used in connection with a RIF and which were changed as to the names appearing on the list after an adverse impact analysis was performed. (Tenth Request No. 5)

Defendant served its Response to Plaintiffs' Supplemental (Tenth) Request for Production of Documents on August 22, 2005.[1]  Plaintiffs briefly raised the issue of Defendant's objections to their Tenth Requests at the September 19, 2005 discovery conference.[2]  At that conference, the parties brought up the issue of whether Plaintiffs had waived their right to move to compel on certain discovery requests by not filing their motions within thirty days, as required by D. Kan. Rule 37.1(b).  The Court declined to resolve the waiver issue at that time.

At the November 17, 2005 discovery conference, Plaintiffs advised the Court that Defendant had produced documents and information over the past months, and they were in the process of sorting through it.  They requested a waiver of the thirty-day deadline for filing motions to compel.

_____

[1]*See* Certificate of Service (doc. 3178).

[2]*See* Sept. 19, 2005 Transcript ("Tr."), p. 23-24.

They specifically requested until January 31, 2006 to sort through the documents and information produced by Defendant in the last several months. After hearing no objection from Defendant, the Court stated that it considered the thirty-day issue waived until January 31, 2006, and then would re-evaluate at that time.[3]

At the January 19, 2006 discovery conference, Plaintiffs requested that they be allowed to February 28, 2006 to file any motions to compel with regard to all documents and discovery responses of Defendant from June, 2005 until that time. The Court granted Plaintiffs' request for an extension of time to February 28, 2006 to file their motions to compel.[4]

## II.    Timeliness of the Motion to Compel

Defendant urges the Court to deny Plaintiffs' motion because Plaintiffs have waived their right to compel discovery. It argues that Plaintiffs' Motion to compel is untimely by several months. To the extent Plaintiffs claim that the "moratorium" on the thirty day waiver rule somehow saves their motion, Defendant contends that Plaintiffs' right to file a motion to compel on their Tenth Requests expired on September 21, 2005 (thirty days after Defendant served its discovery responses), and, certainly no later than thirty days after September 21, 2005 (the day they certify their attempts to resolve ceased). Thus, the deadline for Plaintiffs to file their motion would have been no later than October 21, 2005. Defendant reminds the Court that the "moratorium" issue, however, was not even raised by Plaintiffs until November 17, 2005, almost a month after the last date Plaintiffs' rights could have expired, and almost two months after Defendant had served its

---

[3]*See* Nov. 17, 2005 Tr. (doc. 3470), p. 55.

[4]*See* Order extending Plaintiffs' time to file motions to compel (doc. 3541), and Jan. 19, 2006 Tr. (doc. 3546), p. 85.

discovery responses.

The Court is aware that Plaintiffs' Motion to Compel Answers to their Tenth Request was not filed within the thirty day deadline for filing motions to compel set forth in the D. Kan. Rule 37.1(b). The Court was also aware of this at the November 17, 2005 discovery conference, when Plaintiffs' requested the waiver, and at the January 19, 2006 discovery conference, when Plaintiffs requested that they be allowed to February 28, 2006 to file any motions to compel with regard to all documents and discovery responses of Defendant from June 2005 until January 2006. The Court's waiver of the thirty-day deadline for filing motions to compel was based in part on the large amount of discovery requested by Plaintiffs and produced in various formats by Defendant in this case. Waiver of the thirty day deadline or "moratorium" of that deadline was to intended to prevent piecemeal motions to compel, and to enable the parties to file motions to compel more specifically tailored to discovery that had not already been produced.

In light of the Court's rationale for waiving the thirty-day deadline for filing motions to compel at the November 17, 2005 discovery conference, the Court declines to deny Plaintiffs' motion on the grounds they have waived their right to file it by not filing it within the D. Kan. Rule 37.1(b) deadline for filing motions to compel.

## III.    Duty to Confer

Defendant also asks the Court to deny Plaintiffs' Motion to Compel based on Plaintiffs' non-compliance with their duty to confer. Defendant claims that Plaintiffs' efforts to resolve disputes over the Tenth Request have failed to meet the requirements of the Federal Rules, this Court's local rules, and the directives of this Court.

Federal Rule of Civil Procedure 37 requires the movant to make a good faith attempt to

resolve the discovery dispute before filing a motion to compel discovery responses. The motion to compel must include a certification of the effort to resolve the dispute.[5]

In conjunction with Fed. R. Civ. P. 37, District of Kansas Rule 37.2 provides:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless counsel for the moving party has conferred or made reasonable efforts to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. A "reasonable effort to confer" . . . requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.[6]

The purpose of the local rule is to encourage the parties to satisfactorily resolve their discovery disputes prior to resorting to judicial intervention.[7] Meet and confer requirements are not satisfied "by requesting or demanding compliance with the requests for discovery."[8] The parties must determine precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.[9]

Plaintiffs attached their Certificate of Compliance with Local Rule as Exhibit 2 to their instant Motion to Compel. The Certificate of Compliance states that Plaintiffs served golden letters addressing the issues raised in their Motion to Compel on August 15, 2005 and September 20, 2005. These letters requested a meet and confer session on these issues. The Certificate of Compliance

---

[5]*Id.*

[6]D. Kan. Rule 37.2 (2006).

[7]*VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. Civ. A. 98-2138-KHV, 1999 WL 386949, at *1 (D. Kan. June 8, 1999).

[8]*Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

[9]*Id.*

further states that a draft copy of Plaintiffs' Motion to Compel was served on Defendant on September 20, 2005, and counsel made three phone calls to defense counsel leaving voice mails for each requesting a meet and confer session on the motion. A meet and confer session was thereafter held on September 21, 2005 to no avail.

The Court has reviewed Plaintiffs' Certificate of Compliance, as well as the exchanges of correspondence between the parties with regard to Plaintiffs' Tenth Requests. Based on this review, the Court finds that Plaintiffs have satisfied their meet and confer obligations required by D. Kan. Rule 37.2 and Federal Rule of Civil Procedure 37.

## IV.   Defendant's Claim that Plaintiffs' Motion is Moot

Defendant next argues that Plaintiffs' motion is moot because it has produced non-privileged documents responsive to Plaintiffs' Tenth Requests. Defendant states it long ago agreed to produce any non-privileged documents responsive to Plaintiffs' Tenth Request for Production, and this was acknowledged by Plaintiffs' counsel in his September 23, 2005 letter. Defendant further states in its response that "although Defendant maintains that the Tenth Requests are objectionable for the reasons set forth in its original response . . . and [defense counsel's] September 22, 2005 correspondence, it has produced responsive documents."

The Court finds Defendant's statement that it maintains its objections to the Tenth Requests but has produced responsive documents to be ambiguous. The statement is ambiguous because it does not indicate whether Defendant is withholding responsive documents based on its objections or whether Defendant, despite its objections to the discovery requests, has nonetheless decided to produce all responsive documents. Because the Court is unable to ascertain whether Defendant is withholding responsive documents and information based on its objections, the Court must address

-6-

each request individually.

**V.      Specific Discovery Requests at Issue**

      **A**.      **Plaintiffs' Tenth Request No. 1**

Plaintiffs' Tenth Request No. 1 seeks "[a]ll documents and databases consisting of, relating to, and/or containing recommended alpha ratings for the 2001 performance year, including without limitation all calibration lists (see, for example, Ex. 1028A)." Defendant originally objected to this request as unnecessarily cumulative and duplicative with prior discovery, as well as redundant with its prior production of HRIS data in response to Plaintiffs' Fourth Request for Production, production of specific fields of HRIS data in response to Plaintiffs' informal request, and Plaintiffs' Sixth Request Nos. 37 and 38. Defendant further objected to the request as overly broad on its face and as seeking "individualized" discovery at the pattern and practice phase of the litigation.

In its response in opposition to Plaintiffs' motion to compel, Defendant reasserts its objection that Tenth Request No. 1 is duplicative of Plaintiffs' Sixth Request Nos. 37 and 38, which Defendant responded to a year and a half ago on September 7, 2004. Plaintiffs' Sixth Request Nos. 37 and 38 respectively requested all " 'Alpha' ratings for all full-time employees from 1996 through 2003," and "all documents and data regarding calibration sessions actually held, including without limitation all spreadsheets brought to calibration sessions by performance raters, with initial/original ratings and rankings." Defendant argues that Plaintiffs' Sixth Requests Nos. 37 and 38 asked for all recommended and final alpha ratings and calibration lists relating to the 2001 performance year, which is precisely information sought by Plaintiffs' Tenth Request No. 1. Defendant argues that Plaintiffs have waived their right to pursue their Tenth Request No. 1 because they failed to pursue their rights under Plaintiffs' Sixth Request Nos. 37 and 38. It claims that Plaintiffs have routinely

propounded duplicative requests after waiving their right to pursue the original request and that Judge Lungstrum has already ruled that Plaintiffs are not permitted to do this because their failure to pursue their original request the first time amounts to a waiver.

The Court determines that it need not address the issue of whether Plaintiffs waived their right to pursue their Tenth Request No. 1 due to their alleged failure to move to compel on their Sixth Request Nos. 37 and 38, which purportedly requested the same information as Plaintiffs' Tenth Request No. 1.  The Court need not resolve this issue because Defendant states that it has already produced documents responsive to Plaintiffs' Tenth Request No. 1.

Plaintiffs appear to alternatively request in their motion that, if Defendant has produced all responsive documents, the Court order Defendant to certify that has produced all responsive documents and identify the bates numbers of those documents produced.  The Court agrees with Plaintiffs that if Defendant has already produced the documents responsive to the discovery request, it should identify those documents in such a manner where Plaintiffs can ascertain what documents are being referenced.  Broad references to documents as been "previously produced" is insufficient.

The Court will therefore grant Plaintiffs' request for Defendant to identify the documents it produced in response to Plaintiffs' Tenth Request No. 1.  **Within thirty (30) days of the date of this Memorandum and Order**, Defendant shall serve an amended discovery response to Plaintiffs' Tenth Request No. 1 that identifies the documents responsive to this request.

### B.    Plaintiffs' Tenth Request No. 2

Plaintiffs' Tenth Request No. 2 asks Defendant to produce all documents and databases containing alpha ratings as described by Ben Watson, Defendant's head of its human resources, in certain portions of his May 18, 2005 deposition.   Defendant initially objected to the request as

vague, ambiguous, overly broad, unduly burdensome, unnecessarily cumulative and duplicative with prior discovery, and improperly seeking "individualized" discovery.

However, in its response in opposition to the motion to compel, Defendant states that Plaintiffs' Motion to Compel should be denied as moot with respect to Request No. 2 because the documents requested have already been produced and cannot be produced in the format requested by Plaintiffs.   It claims this request seeks information pertaining to alpha ratings, but in a very specific format.  Counsel for Defendant advised Plaintiffs in his letter of September 22, 2005 that Defendant cannot produce the information in the format requested, but that the data itself has already been produced.

Plaintiffs do not cite any law in which a court has compelled a party to produce information or a report in a particular format or to recreate a report for the requesting party.  In fact, at the April 26, 2005 hearing, Judge Lungstrum expressly advised Plaintiffs that they "need to accept in the end that the defendants do not have to do your work for you and go put the data in forms that they don't already have it."[10]  Defendant states that it cannot produce the information in the specific form requested by Plaintiffs.  The Court will not order Defendant to produce responsive documents in the particular form requested by Plaintiffs if Defendant no longer has the document in that form. Plaintiffs' Motion to Compel Defendant to produce responsive documents to Plaintiffs' Tenth Request No. 2 is denied.

**C.    Plaintiffs' Tenth Request No. 3**

Plaintiffs' Tenth Request No. 3 seeks production of   "[a]ll documents and databases containing one or more table(s) similar to those appearing on the last page of Exhibit 1011, the

---

[10]*See* April 26, 2005 Tr., p. 36.

so-called 'Donna Morrison Master List' and/or showing terminations, separations, and/or RIF actions correlated with alpha ratings in either 2002 or 2003." Defendant objected to the request as vague, ambiguous, overly broad, and unnecessarily cumulative, duplicative, and redundant with prior discovery requests.

Defendant states in its response in opposition to the motion to compel that this request seeks RIF lists and Master lists, i.e., spreadsheets pertaining to the RIFs. Defendant states it has produced responsive spreadsheets and there is nothing left for the Court to do in this regard but deny the motion as moot.

Although Defendant states that it has produced all responsive spreadsheets, it fails to identify the responsive spreadsheets it has previously produced. For the same reasons as discussed with regard to Tenth Request No. 1, the Court will grant Plaintiffs' request for Defendant to identify the spreadsheets it produced that are responsive to Plaintiffs' Tenth Request No. 3. **Within thirty (30) days of the date of this Memorandum and Order**, Defendant shall serve an amended discovery response to Plaintiffs' Tenth Request No. 3 that identifies the previously-produced spreadsheets responsive to Plaintiffs' Tenth Request No. 3.

### D.    Plaintiffs' Tenth Request No. 4

Plaintiff's Tenth Request for Production No. 4 asks for "[a]ll documents showing the Project Manager pool(s) discussed in Exhibit 1158." Defendant objected to this request on the basis it seeks to invade the attorney work product doctrine and the attorney-client privilege. It further objected to the request as assuming facts in evidence.

In its response in opposition to the motion, Defendant argues that this request seeks documents relating to John Shannon and manager pools. It states that its counsel advised Plaintiffs

-10-

five months before this motion was filed that there is only one document responsive to this request, and it has been produced.  Defendant further states that it has produced nearly two thousand emails involving John Shannon.  It further notes that  Plaintiffs' counsel has confirmed in a meet and confer session that Plaintiffs have possession of a voluminous number of Shannon documents, such that counsel was not seeking the production of more documents relating to John Shannon, but instead, he was seeking an extension of the seven hour limitation to complete Mr. Shannon's deposition due to the number of Shannon documents Plaintiffs had received.

Based upon Defendant's statement that there is only one document responsive to this request and it has been produced, the Court will require Defendant to identify the bates numbers of this document.  **Within thirty (30) days of the date of this Memorandum and Order**, Defendant shall serve an amended discovery response to Plaintiffs' Tenth Request No. 4 that identifies the document responsive to this Request.

**E.     Plaintiffs' Tenth Request No. 5**

Plaintiff's Tenth Request for Production No. 5 asks for "[a]ll documents and databases used in connection with a RIF and which were changed as to the names appearing on the list after an adverse impact analysis was performed."   Defendant objected to the request as vague, ambiguous, unnecessarily cumulative and duplicative with prior discovery, and improperly seeking "individualized" discovery. It further objected to the request on the basis it seeks to invade the attorney work product doctrine and the attorney-client privilege.

Defendant argues that this request seeks spreadsheets already generated as part of the RIFs, and is duplicative to many earlier requests and is subsumed by Judge Lungstrum's Order of August 12, 2005.  Defendant states it has produced responsive spreadsheets and the motion is therefore

-11-

moot.

As Defendant states that it has produced responsive spreadsheets, the Court will require Defendant to identify the responsive spreadsheets it has already produced. **Within thirty (30) days of the date of this Memorandum and Order**, Defendant shall serve an amended discovery response to Plaintiffs' Tenth Request No. 5 that identifies the previously-produced spreadsheets responsive to this Request.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Answers to Supplemental (Tenth) Request for Production of Documents (doc. 3670) is granted in part and denied in part. The motion is granted to the extent that for any responses where Defendant claims it has already produced the documents, Defendant shall serve amended discovery responses that sufficiently identify the documents which are responsive to those requests **within thirty (30) days of the date of this Memorandum and Order**. The motion is denied to the extent that Defendant need not re-produce documents responsive to Plaintiffs' Tenth Requests if responsive documents have been previously produced. The motion is further denied in that Defendant shall not be required to produce responsive documents in the particular format requested by Plaintiffs if Defendant no longer has the document in that format.

**IT IS FURTHER ORDERED** each party is to bear their own expenses in relation to this motion.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 24th day of January, 2007.

s/ David J. Waxse
David J. Waxse
United States Magistrate Judge

cc:     All counsel