IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHIRLEY WILLIAMS, et al.,

                Plaintiffs,

                                           CIVIL ACTION

v.

                                           No. 03-2200-JWL-DJW

SPRINT/UNITED MANAGEMENT
COMPANY,

                Defendant.

MEMORANDUM AND ORDER

Plaintiff Shirley Williams filed this suit on behalf of herself and others similarly situated,
asserting that her age was a determining factor in Defendant's decision to terminate her employment
during a reduction-in-force (RIF).  This case has been provisionally certified as a collective action
pursuant to 29 U.S.C. § 216(b) and the parties are presently engaged in discovery concerning the
merits of Plaintiffs' pattern and practice allegations.  This matter is presently before the Court on
Plaintiffs' Motion to Compel Defendant to Produce Document #1000194[-]203 Without Redactions
(doc. 4251).  For the reasons set forth below, the motion is granted.

I.      History of the Discovery Dispute

Listed on Defendant's "Privilege Log for 8/12/2005 Production" is a document identified
with the bates number SPR-W1000194 through SPR-W1000203 and described as:  "Spreadsheet
illustrating the demographics of the Network Services dept. with attached graphs and charts."  The
privilege log entry for this document indicates that it was withheld on the basis of attorney-client
privilege as an adverse impact document.  The document consists of ten pages of tables, charts, and
graphs analyzing the following Network Services employee demographics as of January 2003:

education level, gender, ethnicity, service years, time on job, and age.

On March 30, 2006, Plaintiffs requested that Defendant produce the document as the demographic characteristics of the Network Services department was not privileged information. Plaintiffs faxed Defendant on three more occasions requesting that Defendant produce the document.

At the meet and confer on May 25, 2006, Defendant acknowledged that the document should not be on its privilege log. It asserted, however, that the document was "non-responsive" to any discovery request. Defendant ultimately agreed to produce one page of the document.

Defendant thereafter produced the entire ten pages of the document but redacted all of the document except those sections pertaining to age demographics. The sections of the document analyzing the employee demographic characteristics of education level, gender, ethnicity, service years, and time on job were all redacted. Plaintiffs request in their Motion to Compel that Defendant produce the document with no redactions.

## II.   Defendant's Objections to Producing the Unredacted Document

Defendant argues that Plaintiffs' motion should be denied for at least two reasons. First, Plaintiffs are not entitled to document bates numbered SPR-W1000194 through SPR-W1000203 because they never requested the document. Their motion to compel further fails to identify any discovery request to which the document is responsive. Defendant claims that Plaintiffs are only aware of the existence of the document because it was mistakenly listed on a privilege log. Defendant states it produced the document as a good faith effort to meet Plaintiffs' demands.

Defendant's second argument is that Plaintiffs are not entitled to the redacted sections of the document because these sections relate to demographic characteristics other than age. Thus, according to Defendant, even if Plaintiffs were entitled to the document, they would at most be

entitled to what they already have because plaintiffs in an age discrimination case are not entitled to discover information regarding other protected characteristics.

### A.      Whether the Document Has Been Requested

Defendant argues that Plaintiffs cannot move to compel the production of the document for the simple reason that they have never identified any document request to which the document is responsive.  In their reply memorandum, Plaintiffs claim that such materials have not only been requested but are also within those materials ordered produced by the Magistrate Judge in June of 2005 and District Judge Lungstrum in August of 2005.

Although Defendant argues that Plaintiffs fail to identify the specific document request to which this document is responsive, Defendant does not dispute that it included this document on its "Privilege Log for 8/12/2005 Production."  From the title of the privilege log, the Court infers that this privilege log was created for the group of documents Defendant believed was responsive to Judge Lungstrum's August 12, 2005 Memorandum and Order.

Even if Defendant mistakenly included the document on its "Privilege Log for 8/12/2005 Production" and the document is not responsive to Judge Lungstrum's August 12, 2005 Memorandum and Order, the Court finds that Defendant subsequently agreed to produce to the document.  Defendant's objection that the redacted document has never been requested is overruled.

### B.      Whether Plaintiffs are Entitled to Non-Age Information

Defendant next argues that even if Plaintiffs requested the document, at most they would be entitled to its age-related sections because plaintiffs in an age discrimination case are not entitled to discover information regarding other protected characteristics.  Defendant claims that the redacted sections of the document mostly consist of irrelevant demographic information relating to race,

ethnicity, and gender.  Defendant maintains that its redactions were appropriate to prevent Plaintiffs from discovering information to which they have could have no right.  It argues that Plaintiffs have offered no authority to satisfy their burden of demonstrating the relevance of the redacted information.

Contrary to Defendant's contention that Plaintiffs have the burden of demonstrating the relevance of the redacted sections of the document, the Court finds that Defendant, as the party redacting sections of an otherwise discoverable document on the basis of irrelevancy, has the burden to show why these redactions were proper.[1]  Defendant has the burden to assert these relevancy objections to an otherwise discoverable document before or at the time the redacted document is produced.  If a party produces a document pursuant to a court order or by agreement, that party has the obligation to produce the document "as is" without redactions.  If, however, the party producing the document asserts that sections of the document should be redacted, then that party shall either make an objection prior to producing it redacted, move for a protective order, or obtain the agreement of the party seeking the document for the redactions.  Failure to do so may result in waiver of the right to redact sections of the document.

Defendant makes the broad assertion that plaintiffs in an age discrimination case are not

---

[1]*See Smith v. MCI Telecomms. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991) (placing burden of substantiating its claims that the redacted materials were irrelevant on party  redacting the documents)*; Mackey v. IBP, Inc.*, 167 F.R.D. 186, 204 (D. Kan. 1996) (ordering that defendant to produce the reports without redaction based on finding that defendant had not shown good reason for redaction or good cause for characterizing information as confidential or private or for limiting its use to the lawsuit); *Kansas Food Packers v. Corpak*, No. 99-1418-JTM, 2000 WL 33170870, at *1-2 (D. Kan. Oct. 12, 2000) (finding redacted information relevant and requiring its production); *Youell v. Grimes*, 202 F.R.D. 643, 655 (D. Kan. 2001) (overruled on other grounds) (requiring redacting party to explain why each reaction was made along with legal authority for making each redaction).

entitled to discover information regarding other protected characteristics.  It argues that the redacted document sought by Plaintiffs primarily consists of irrelevant demographic information relating to race, ethnicity, and gender, characteristics which are all unrelated to Plaintiffs' age discrimination claims.

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[2]  Relevancy is broadly construed, and a request for discovery should be considered relevant if there is "any possibility" that the information sought may be relevant to the claim or defense of any party.[3]  Consequently, a request for discovery should be allowed "unless it is clear that the information sought can have no possible bearing" on the claim or defense of a party.[4]

The Court agrees with Defendant that if Plaintiffs, asserting an age discrimination claim, had requested information on demographic information relating to race, ethnicity, and gender, Plaintiffs would have the burden to show that the request sought relevant information.  However, because Defendant has already produced the document and it contains some relevant information, Defendant, as the party withholding information, has the burden to justify any redactions of the otherwise discoverable document.  Because Defendant failed to make an objection prior to producing the

---

[2]Fed. R. Civ. P. 26(b)(1).

[3]*Cardenas v. Dorel Juvenile Group, Inc.,* 232 F.R.D. 377, 382 (D. Kan. 2005) (citing *Owens v. Sprint/United Mgmt. Co.,* 221 F.R.D. 649, 652 (D. Kan. 2004); *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001)).

[4]*Id.*

document redacted, move for a protective order, or obtain the agreement of Plaintiffs for the redactions, the Court finds that Defendant has waived any right to assert relevancy objections regarding the non-age information it redacted.  Defendant's relevancy objection that Plaintiffs are not entitled to the non-age information on the document is therefore overruled.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Defendant to Produce Documents #1000194[-]203 Without Redactions (doc. 4251) is granted.  **Within 10 days of the date of this Memorandum and Order**, Defendant shall produce document with bates number SPR-W1000194 through SPR-W1000203 without redaction.

**IT IS FURTHER ORDERED** that Plaintiffs' request for a hearing on this matter is denied.

**IT IS FURTHER ORDERED** that although the Court overrules Defendant's work product objection, the Court finds the objection to be substantially justified under Fed. R. Civ. P. 37(a)(4)(A) so that the parties shall bear their own costs incurred with making the motion.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 27th day of February, 2007.


s/ David J. Waxse
David J. Waxse
United States Magistrate Judge


cc:     All counsel

-6-