**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**SHIRLEY WILLIAMS, et al.,**

   **Plaintiffs,**

           **CIVIL ACTION**

**v.**

           **No. 03-2200-JWL-DJW**

**SPRINT/UNITED MANAGEMENT**
**COMPANY,**

   **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff Shirley Williams filed this suit on behalf of herself and others similarly situated, asserting that her age was a determining factor in Defendant's decision to terminate her employment during a reduction-in-force (RIF). This case has been provisionally certified as a collective action pursuant to 29 U.S.C. § 216(b) and the parties are presently engaged in discovery concerning the merits of Plaintiffs' pattern and practice allegations. This matter is presently before the Court on Plaintiffs' Motion to Compel Responses to Plaintiffs' Tenth Interrogatories and Eleventh Requests for Production of Documents (doc. 4300). For the reasons set forth below, the motion is denied without prejudice for failure to confer prior to filing the motion.

**I.  Efforts to Confer Prior to Filing Motion**

Plaintiffs served their Tenth Interrogatories and Eleventh Requests for Production of Documents on March 28, 2006. Defendant served its Response to Plaintiffs' Eleventh Request for

Production of Documents on May 22, 2006.[1]   The parties held a "meet and confer" session on June 22, 2006.  Because Defendant had not yet answered Plaintiffs' Tenth Interrogatories and counsel for Defendant had to leave the "meet and confer" session early, counsel agreed to postpone discussions until the following week   On June 28, counsel for the parties spoke by telephone regarding Plaintiffs' Eleventh Request for Production of Documents. Counsel again agreed to postpone any further discussion relating to the Tenth Interrogatories, and the first numbered request of the Eleventh Request for Production of Documents.  Some other matters relating to the Eleventh Request for Production of Documents were discussed on June 28.  Following that telephone conversation, Plaintiffs' counsel sent a letter to Defendant's counsel confirming the conversation. Defendant's counsel responded with an e-mail dated July 1, which confirmed that there were unresolved issues.

Defendant served its Answers and Objections to Plaintiffs' Tenth Interrogatories on July 13, 2006.[2]   After receiving Defendant's answers and objections, Plaintiffs' counsel sent a letter dated August 10, 2006, which summarized the discovery requests and Defendant's objections to them. The next day, August 11, 2006, Plaintiffs' counsel sent an e-mail to Defendant's counsel, inviting a further "meet and confer" session, and suggesting a suspension of the motion to compel deadlines. After a series of e-mail exchanges that day, defense counsel made it clear that Defendant opposed Plaintiffs' suggested suspension and request for an extension of time.  The next business day, Plaintiffs requested an extension of time to file their Motion to Compel.  The Court granted their motion and Plaintiffs filed their Motion to Compel on August 31, 2006.

---

[1]*See* Certificate of Service (doc. 4136).

[2]*See* Certificate of Service (doc. 4229).

**II.**     **Whether Plaintiffs Satisfied Their Duty to Confer**

Federal Rule of Civil Procedure 37 requires the movant to make a good faith attempt to resolve the discovery dispute before filing a motion to compel discovery responses.  The motion to compel must include a certification of the effort to resolve the dispute.[3]

In conjunction with Fed. R. Civ. P. 37, District of Kansas Rule 37.2 provides:

> The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless counsel for the moving party has conferred or made reasonable efforts to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion.  A "reasonable effort to confer" . . . requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.[4]

The purpose of the local rule is to encourage the parties to satisfactorily resolve their discovery disputes prior to resorting to judicial intervention.[5]  Meet and confer requirements are not satisfied "by requesting or demanding compliance with the requests for discovery."[6]  The parties must determine precisely what the requesting party is actually seeking; what responsive documents or information the discovering party is reasonably capable of producing; and what specific, genuine objections or other issues, if any, cannot be resolved without judicial intervention.[7]

Plaintiffs' Certificate of Consultation in Compliance with Local Rule (doc. 4302) filed contemporaneously with their motion states that Plaintiffs' counsel communicated at various times

---

[3]*Id.*

[4]D. Kan. Rule 37.2.

[5]*VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. Civ. A. 98-2138-KHV, 1999 WL 386949, at *1 (D. Kan. June 8, 1999).

[6]*Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 459 (D. Kan. 1999).

[7]*Id.*

with Defendant's counsel in this case, with respect to the Defendant's responses to Plaintiffs' Tenth Interrogatories and Eleventh Requests for Production of Documents.   It further states that upon receipt of Defendant's responses to the discovery requests, counsel for Plaintiffs communicated with counsel for Defendant regarding Defendant's refusal to provide complete responses to many of Plaintiffs' discovery requests and the parties exchanged correspondence, discussed the issues at various "meet and confer" sessions and in telephone conferences, and via e-mail.

Defendant argues that because it has not been afforded the opportunity to complete the "meet and confer" process, it would be unfair for the Court to consider Plaintiffs' present motion. Defendant points out that on August 17, 2006, the parties had specifically scheduled a follow-up "meet and confer" session for August 28, 2006 so that they could resume discussion of Plaintiffs' written discovery after the two conferences to be held with Judge Lungstrum.  Defendant insists that it specifically invited further discussion regarding the discovery based on the content of the August 17, 2006 session and the hearings with Judge Lungstrum.  Plaintiffs, however, chose unilaterally to cancel the "meet and confer" scheduled for August 28, 2006, and, to instead proceed directly to filing their motion to compel. According to Defendant, Plaintiffs' refusal to complete the discussion commenced on August 17, 2006 deprived the parties and the Court of the opportunity to resolve these matters without the need for a motion.  This is directly contrary to the purpose of D. Kan. Rule 37.2, and Plaintiffs' motion should be denied on that ground alone.

The Court has reviewed Plaintiffs' Certificate of Compliance, as well as correspondence exchanged between the parties with regard to Plaintiffs' Tenth Interrogatories and Eleventh Requests.  Based on this review, the Court finds that Plaintiffs have failed to satisfy their meet and confer obligations required by D. Kan. Rule 37.2 and Federal Rule of Civil Procedure 37.  The Court

notes that the June and early July 2006 efforts cited by Plaintiffs in support of satisfying their duty to confer were held before Defendant had even served its Answers and Objections to Plaintiffs' Tenth Interrogatories.  Apparently recognizing this, counsel agreed to postpone discussions relating to the discovery requests at the June 22, 2006 "meet and confer" session and June 28 telephone conference.  Plaintiffs' counsel did send Defendant a letter on August 10, 2006 that reiterated their requests and their understanding of Defendant's objections.  This letter was followed up by a series of e-mail exchanges the next day that primarily discussed whether Defendant would agree to suspend the thirty-day deadline for filing motions to compel.  After Defendant replied that it would oppose any extension motion, Plaintiffs ceased their efforts to confer and proceeded with filing a motion for extension of time.   Based on these circumstances, the Court finds that Plaintiffs have failed to make a reasonable effort to confer before filing their motion to compel.   The Court will therefore deny Plaintiffs' Motion and will direct the parties to arrange and participate in a "meet and confer" session with the Special Master. The parties are specifically ordered to review the Court's previous orders, some of which have been entered since this motion was filed,  that relate to similar issues and attempt to resolve the current issues based on the Court's previous orders. If the parties are unable to resolve all of their discovery dispute with the assistance of the Special Master, Plaintiffs may file an Amended Motion to Compel Responses to Plaintiffs' Tenth Interrogatories and Eleventh Requests for Production of Documents on those issues that remain unresolved.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel Responses to Plaintiffs' Tenth Interrogatories and Eleventh Requests for Production of Documents (doc. 4300) is denied without prejudice subject to the parties' participation in a "meet and confer" session with the Special Master on the issues set forth in the motion.

-5-

**IT IS FURTHER ORDERED** each party is to bear their own expenses in relation to this motion.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 30th day of April, 2007.


<u>s/ David J. Waxse</u>
David J. Waxse
United States Magistrate Judge


cc:     All counsel