IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| SHIRLEY WILLIAMS, et al. | ) | |
| | ) | |
|    Plaintiffs, | ) | |
| | ) | |
| AND ALL THOSE SIMILARLY SITUATED, | ) ) | |
| | ) | |
|    Opt in Plaintiffs, | ) | Civil Action File No. |
| | ) | 03-2200-JWL |
| v. | ) | |
| | ) | |
| SPRINT/UNITED MANAGEMENT COMPANY, | ) ) | |
| | ) | |
|    Defendant. | ) | |

**ORDER OF**
**PRELIMINARY CONFIRMATION OF PROPOSED SETTLEMENT**

Based on the stipulations, statements of counsel for the parties, and the entire record before the Court, the Court finds as follows:

The parties have conditionally agreed to a settlement. It appears to the Court that the Settlement Agreement is the result of arms-length negotiations between the parties after extensive litigation, including extensive discovery of Sprint's policies, practices, and statistical data; and other exchanges of information and discussions. After reviewing the terms of the Settlement Agreement in the context of the record in this action and the controlling legal authority, the Court finds that the Settlement Agreement is reasonable, adequate, fair and consistent with relevant state and federal law and warrants notice thereof being given to the individual Plaintiffs.

IT IS THEREFORE ORDERED THAT:

1.   The Settlement Agreement (Amended), (attached hereto as Exhibit 1) is preliminarily approved by the Court as an adequate and reasonable resolution of this Action. The Court hereby preliminarily approves as reasonable Plaintiffs' Counsels' Matrix for

determination of settlement amounts for the Opt-In Plaintiffs, the identification of Opt-In Plaintiffs and their matrix distributions, and the specific settlement amounts for the Named Plaintiffs. Final confirmation is subject to the hearing of any properly filed and asserted objections to the proposed settlement embodied in the Settlement Agreement, and such Final Approval Hearing is set for Monday, September 10, 2007 at 10:30a.m.

2. Notice of Preliminary Confirmation of Settlement Agreement and Dismissal of Collective Action, in a form attached hereto as Exhibit 2, shall be sent to Plaintiffs as provided for hereby. Final confirmation is subject to the hearing of any properly filed and asserted objections to the proposed settlement embodied in the Settlement Agreement.

3. Pending the confirmation of the settlement, all further litigation of the action is STAYED nunc pro tunc as of May 1, 2007.

4. Should this Court or any reviewing court on direct appeal and/or on writ of *certiorari* to the Supreme Court of the United States invalidate the Settlement Agreement or require its modification, the Settlement Agreement and any documents associated with it shall be null and void, inadmissible and unusable in any court or proceeding regarding any issue whatsoever, and shall not be considered a binding settlement agreement, unless Plaintiffs and Sprint each expressly and voluntarily approve in writing any such required modification by this Court or by the reviewing court.

5. Notice of Procedures

   a. Settlement Administrator

   The Settlement Administrator will be Settlement Services, Inc., P.O. Box 1657, Tallahassee, FL 32302.

   b. Mailed Notice

   Plaintiffs' Counsel has provided the Settlement Administrator with their most current addresses for Plaintiffs. Within fourteen (14) days of the entry of this Order, the Settlement Administrator shall mail, via first-class postage, Notice of Preliminary Confirmation of Settlement Agreement and Dismissal of Collective Action (as set forth in Exhibit 2 hereto), the Release (as set forth as Exhibit 3A or 3B hereto), appropriate tax withholding forms, and Plaintiffs' privileged communications to their clients, (to be submitted to the Settlement Administrator by Plaintiffs' Counsel), to all 1697 Plaintiffs at their last known address as provided by Plaintiffs' Counsel and/or at the most recent address that may have been obtained through the computer database search as needed.

   The forms of Notices, the Releases attached to this Order as Exhibits 2 and 3A and 3B (as well as the tax forms and Plaintiffs' communications) are hereby found, under the circumstances, to constitute the most effective and practicable notice of the proposed settlement and confirmation hearing to all Plaintiffs and sufficient notice for all other purposes. Pursuant to the parties' agreement, except for any mailing that is returned to the Settlement Administrator as undeliverable within fifteen (15) days of its being mailed, the Court and the parties will apply a rebuttable presumption that the Notice and Release were received on or before the fifth calendar day of mail delivery of United States first-class mail following mailing.

      6.    <u>Time for Objections and/or Withdrawal</u>.

          a.    A Plaintiff shall have thirty (30) days after the date that the first Notice is received by him/her to serve on the Settlement Administrator a Notice to Withdraw from the settlement or an Objection to the settlement. Such filing shall be with the Settlement Administrator at Settlement Services, Inc., P. O. Box 10583, Tallahassee, FL 32302-2583. Any Plaintiff who wishes to withdraw must do so in writing, by mailing a signed and dated "Notice to Withdraw" statement to the Settlement Administrator at P.O. Box 10583, Tallahassee, FL 32302-2583. Such filings will be deemed filed on the date on which the Notice to Withdraw or Objection is received by the Settlement Administrator. Failure to submit a timely Notice to Withdraw or Objection that is received by the Settlement Administrator within 30 days of the postmarked date of Notice of this Settlement shall bar that Plaintiff from having his or her Objection or Notice to Withdraw considered, and any such Objection or Withdrawal shall be without force and effect. Plaintiffs who do not file a timely Notice to Withdraw shall be bound by the judgment as set forth in Paragraph 10 herein and the Release in the Settlement Agreement as attached to the Agreement, as well as the Releases executed by that Plaintiff.

          b.    <u>Withdrawal</u>.  Any Plaintiff who wishes to withdraw must do so in writing, by mailing a signed and dated "Notice to Withdraw" statement to the Settlement Administrator at Settlement Services, Inc., P.O. Box 10583, Tallahassee, Florida, 30302-2583. Withdrawal statements shall at a minimum contain the following language:

> I understand that when I consented to join this lawsuit, I executed an agreement in which I expressly agreed to be bound by any settlement of this action. Specifically, I signed a Consent to Join form which contains the following language:
>
> > I understand this suit is being brought under the federal

>Age Discrimination in Employment Act. I have read and I understand the notice accompanying this Consent. As a former employee of Sprint, I hereby consent, agree and opt-in to become a party plaintiff herein and agree to be bound by any settlement of this action or adjudication of the Court.
>
>I hereby further authorize the named Plaintiff herein to retain her counsel of record or select new counsel, as she shall determine in her discretion, and I hereby authorize such counsel to make such further decisions with respect to the conduct and handling of this action including the settlement thereof, as they deem appropriate or necessary.

Nonetheless, I also understand that the parties, as part of their settlement, have agreed to permit me to withdraw from the settlement with certain restrictions and, if I choose to do so, to continue to pursue (at my own expense) a new and separate individual action against defendant in the United States District Court for the District of Kansas. Pursuant to this agreement by the parties, I will not be permitted to pursue against defendant claims alleging pattern-or-practice discrimination or claims alleging disparate impact discrimination or to be a part of a collective action with others who have withdrawn from this settlement. However, I will be permitted to pursue against defendant (unless I have signed a separate waiver releasing such claim) an individual claim alleging disparate treatment discrimination on the basis of my age in which I will be able to seek damages relating to the termination of my employment if that termination occurred between October 1, 2001 and March 31, 2003.

 I understand that if I withdraw the Court will assign a new case number for my claim to proceed as a separate action and will immediately enter a Scheduling Order and set a trial date.

I understand that by withdrawing from the settlement, I will receive no money from the settlement approved by the Court or the Settlement Agreement entered into by the parties. I further understand that by withdrawing from the settlement and electing to pursue an individual claim of age discrimination, I may ultimately receive less in terms of a monetary settlement than what I would be entitled to receive if I filed a claim under the class monetary settlement procedure in this case. I also understand that by withdrawing from the settlement and electing to pursue an individual claim of age discrimination, I may ultimately receive nothing at all.

I understand that by withdrawing from the settlement, I will not be permitted to challenge, contest or otherwise dispute in any court at any time the fairness, validity or enforceability of the settlement, including the court's approval of the settlement, and that I must appear in person, or through counsel of my choosing, at the hearing to be held on September 10, 2007 at 10:30a.m. in the United States District Court for the District of Kansas, 500 State Avenue, Kansas City Kansas 66101, for the purpose of establishing the procedures and schedule that should be followed in my individual action against defendant.

Finally, I understand that in order to be effective, my Withdrawal Statement must be <u>received</u> by the Settlement Administrator, Settlement Services, Inc., P.O. Box 10583, Tallahassee, FL 30302-2483, <u>no later than thirty (30) days after the postmark date on the envelope in which I received the Notice of Preliminary Confirmation of Settlement Agreement and Dismissal of Collective Action.</u>

Fully aware of the foregoing, I am electing to withdraw from the collective action settlement and pursue my individual separate action against Sprint.

_____   Date:_____
Signature

_____
Printed or Typed Name

_____

_____
Address

Any attorney who intends to represent a plaintiff withdrawing from the Settlement must file a notice of appearance with the Court and serve counsel for all parties on or before ten days prior to the hearing date above. Only those Plaintiffs who withdraw in accordance with this provision shall be permitted to withdraw.

        c.    <u>Objections</u>. To be considered by the Court, any Objection to the confirmation of the Settlement must also state particular provisions of the Settlement Agreement to which an Objection is being made and explain the basis of the Objection. This statement shall be made in writing and under oath. The objection, together with any other papers the Objecting Plaintiff wishes the Court to consider, must be sent to the Settlement Administrator, Settlement Services, Inc., P.O. Box 10583, Tallahassee, Florida, 30302-2583. Such written Objection must be <u>received</u> by the Settlement Administrator no later than 30 days after the postmarked date of Notice of this Settlement. An Objecting Plaintiff must also appear in person or through counsel at the hearing set by the Court above in order to present his/her Objections to the Court.

        d.    The Settlement Administrator shall record the date of <u>receipt</u> of each Objection and shall forward copies of each Objection to Defendant's Counsel and to Plaintiffs' Counsel by .pdf file and U.S. mail within one business day of receipt. Plaintiffs' Counsel shall then be responsible for filing each Objection with the Court within five (5) business days of receipt thereof from the Settlement Administrator.

7.    It shall be the sole responsibility of each Plaintiff to notify the Settlement Administrator if he/she changes his or her address. Failure of a Plaintiff to keep the Settlement Administrator apprised of his or her address may result in his or her settlement payment if he or she does not withdraw or object, being denied or forfeited.

8. A final hearing pursuant to the Settlement Agreement (the "Confirmation Hearing") and this Order, shall be held on Monday, September 10, 2007 at 10:30a.m. at the United States District Courthouse, United States District Court for the District of Kansas, 500 State Avenue, Kansas City, Kansas 66101, at which time the Court shall consider the Settlement Agreement and whether it should be confirmed. If any attorney will be representing a Plaintiff objecting to the settlement, the attorney shall file a notice of appearance with the Court and serve counsel for all parties on or before ten days prior to such hearing.

9. If an Objection is filed, Plaintiffs' Counsel or counsel for Sprint may seek discovery from the Objecting Plaintiff concerning the filed objections prior to the Hearing. Plaintiffs' Counsel and Defendant shall serve on each other and file with the Court on or before three (3) days prior to the Hearing any further documents in support of the proposed Final Order, including responses to any papers filed by any Objecting Plaintiff.

10. If no Objections to the Settlement are upheld and all other conditions in the Settlement Agreement occur, the Court will enter judgment dismissing with prejudice the pattern-or-practice and disparate impact claims of all Named Plaintiffs and Opt-In Plaintiffs, as well as any individual disparate treatment claim, all as asserted in this case, with the sole exception of Plaintiffs who properly and timely withdraw, which Withdrawing Plaintiffs may be entitled to continue to litigate their claims solely as individual disparate treatment age discrimination claims in this Court, subject to the terms of the Settlement Agreement.

11. Plaintiffs will be permitted to withdraw Objections or their Notice to Withdraw by submitting a rescission letter to the Settlement Administrator, P. O. Box 10583, Tallahassee, FL 32302-2583, up to but not later than eight (8) days prior to the hearing provided for herein. A Plaintiff submitting such a rescission statement shall sign and date the statement. The

Settlement Administrator shall date stamp the original of each rescission statement and serve copies on both Defendant's Counsel and Plaintiffs' Counsel by .pdf file within one (1) business day of receipt of such statement.  Plaintiffs' shall also file the rescission statements with the Clerk of the Court no later than two (2) business days after receipt from the Settlement Administrator.

**IT IS SO ORDERED.**

Dated this 25th day of May, 2007, at Kansas City, Kansas

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge