IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Shirley Williams et al.,**

      **Plaintiffs,**

**v.**                                                                                           **Case No. 03-2200-JWL**

**Sprint/United Management Company,**

      **Defendant.**

## MEMORANDUM & ORDER

On September 11, 2007, this court entered its Order of Final Approval of Settlement over the objection of opt-in plaintiff Ruby Harvey-Burgin, who asserted that her portion of the settlement proceeds was not calculated appropriately.[1] In January 2008, Ms. Harvey-Burgin filed a motion for an extension of time to file an appeal regarding the settlement agreement and, more specifically, her claim that her portion of the settlement proceeds should be increased. The court denied the motion, concluding that it lacked authority to grant an extension of time because Ms. Harvey-Burgin's motion was untimely. Ms. Harvey-Burgin appealed this court's order denying her motion for an extension of time in which to appeal the order of final approval of settlement. Recently, the Circuit resolved that appeal and vacated this court's order denying the motion for an extension of time to file an appeal.

During the pendency of Ms. Harvey-Burgin's appeal concerning her request for an

---

[1] The court, however, ordered plaintiffs' counsel to reimburse Ms. Harvey-Burgin's demonstrable, out-of-pocket travel and lodging expenses associated with her deposition.

extension of time to appeal the settlement agreement, Ms. Harvey-Burgin filed with this court pursuant to Federal Rule of Appellate Procedure 8(a)(1) a "motion to stay pending appeal the invalidation and forfeiture of the monetary award from the settlement agreement (regarding verbiage in release of claims and on award check) after June 4, 2008 if not cashed before or by said date." By way of background, the parties' settlement agreement provides that defendant "will honor payments mailed to Plaintiffs for a period of six (6) months from the date on the check" and provides that any unclaimed funds due to any plaintiff's failure to cash a settlement check within six months of its issuance shall be utilized to reimburse defendant for the fees it paid to the settlement administrator and any remaining unclaimed funds shall be contributed to the March of Dimes. Ms. Harvey-Burgin has declined to negotiate her settlement check.[2] In essence, then, Ms. Harvey-Burgin seeks an order permitting her to negotiate the settlement check after the conclusion of the appeal process and requiring defendant to honor the check without regard to the six-month deadline so long as she negotiates the check within some reasonable period of time after the conclusion of the appeal process.[3]

---

[2] The court presumes that Ms. Harvey-Burgin has declined to negotiate the check because, pursuant to the Settlement Agreement and language contained on the check, Ms. Harvey-Burgin's negotiation of the check is sufficient to constitute the execution of a general release of all claims against defendant.

[3] The record reflects that the six-month period with respect to Ms. Harvey-Burgin's settlement check expired on June 5, 2008. While that date has passed, the court assumes that Ms. Harvey-Burgin's settlement proceeds have neither been utilized by defendant for reimbursement purposes nor contributed to the March of Dimes as Ms. Harvey-Burgin filed her motion for relief well in advance of the June 5, 2008 deadline such that defendant would have maintained the status quo pending resolution of the motion.

In determining whether to grant Ms. Harvey-Burgin's motion, the court considers the likelihood that Ms. Harvey-Burgin will prevail on the merits of her appeal; the likelihood that Ms. Harvey-Burgin will suffer irreparable injury unless the stay is granted; and whether granting the stay will result in substantial harm to defendant. *See In re Lang*, 414 F.3d 1191, 1201 (10th Cir. 2005).[4] The court concludes that Ms. Harvey-Burgin will suffer harm unless the relief she seeks is granted. In the absence of an order permitting Ms. Harvey-Burgin to negotiate the check at the conclusion of the appeal process and requiring defendant to honor the check at that time without regard to the six-month deadline, Ms. Harvey-Burgin, by pursuing her appeal, will relinquish her right to the settlement proceeds set aside for her. While defendant contends that she can "voluntarily avoid any harm by simply chasing the settlement check," her negotiation of the check could result in her inability to pursue an appeal in light of the release of claims attached to the check. Thus, defendant's suggestion that Ms. Harvey-Burgin is able to avoid any harm by cashing her check is not a viable one in the unique circumstances presented here.

By contrast, the court discerns no injury to defendant by an order permitting Ms. Harvey-Burgin to negotiate her settlement at the conclusion of the appeal process and requiring defendant to honor her check at that time. According to defendant, it may suffer harm from such an order because the settlement agreement contemplates that any unclaimed funds may be used to reimburse defendant for fees paid to the settlement administrator. Defendant, then, contends

---

[4]While courts also consider the effect of granting the stay upon the public interest, the issues implicated by Ms. Harvey-Burgin's motion have no bearing on the public interest and the court deems that factor inapplicable in this context.

that its reimbursement will be decreased by the amount of Ms. Harvey-Burgin's settlement check in the event the court permits Ms. Harvey-Burgin to negotiate her check outside the six-month limitations period. The court is not persuaded. The "harm" described by defendant is the loss of funds to which it would be entitled only by operation of the six-month deadline from which Ms. Harvey-Burgin seeks relief. In other words, the only harm to defendant by the court's entry of the order is defendant's inability to claim for itself settlement funds that have otherwise been set aside for Ms. Harvey-Burgin. The court does not believe that such harm constitutes "substantial harm" sufficient to deny the motion.

Finally, the Tenth Circuit has recognized that where the "harm" factors "tip decidedly" in the movant's favor, the "likelihood of success" requirement is somewhat relaxed. *FTC v. Mainstream Marketing Servs., Inc.*, 345 F.3d 850, 852-53 (10th Cir. 2003). Because the unique circumstances presented here demonstrate that the harm factors are decidedly in Ms. Harvey-Burgin's favor, the court is satisfied that the relief requested by Ms. Harvey-Burgin is appropriate.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Harvey-Burgin's motion to stay pending appeal (doc. 4681) is **granted.**

**IT IS FURTHER ORDERED BY THE COURT THAT** Ms. Harvey-Burgin shall be permitted to negotiate her settlement check within 90 days of the final termination of her case and defendant shall be required to honor the check within that time period.

**IT IS SO ORDERED.**

Dated this 24th day of June, 2008, at Kansas City, Kansas.

                                                _s/ John W. Lungstrum_____
                                                John W. Lungstrum
                                                United States District Judge