**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS**

**Shirley Williams et al.,**

      **Plaintiffs,**

**v.**                                                                                     **Case No. 03-2200-JWL**

**Sprint/United Management Company,**

      **Defendant.**

**MEMORANDUM & ORDER**

On September 10, 2007, the court held a hearing to consider final approval of the parties'

settlement of this collective action.  Opt-in plaintiff Ruby Harvey-Burgin appeared pro se at the

settlement hearing and objected to the settlement based on her asserted belief that her portion

of the settlement proceeds was not calculated appropriately.  On the following day, the court

entered its Order of Final Approval of Settlement and, in doing so, overruled Ms. Harvey-

Burgin's objection with the exception that the court ordered plaintiffs' counsel to reimburse Ms.

Harvey-Burgin's demonstrable, out-of-pocket travel and lodging expenses associated with her

deposition.

Ms. Harvey-Burgin has now filed an appeal relating to the court's September 11, 2007

Order of Final Approval of Settlement and, more specifically, her claim that her portion of the

settlement proceeds should be increased.  In connection with that appeal, and as directed by the

Clerk of the Tenth Circuit Court of Appeals, the clerk of this court recently transmitted to the

Tenth Circuit a certified copy of the transcript of the September 10, 2007 settlement hearing.

Ms. Harvey-Burgin now moves the court, pursuant to Federal Rule of Appellate Procedure 10(e), to correct the transcript of the settlement hearing (doc. 4701) on the grounds that it is "incomplete, inaccurate and omissive." As will be explained, the motion is granted in part and denied in part.

In her motion, Ms. Harvey-Burgin contends that one comment allegedly made by the court was omitted from the transcript of the settlement hearing; that one comment allegedly made by plaintiffs' counsel was omitted from the transcript; and that certain physical movements made by Ms. Harvey-Burgin at a specific point in the hearing are not reflected in the transcript (namely, looking "backwards toward plaintiff's attorney's table, then forward toward the judge"). She further contends that the transcript erroneously reflects that she qualified one of her statements with the phrase "I believe" when, according to Ms. Harvey-Burgin, she did not so qualify her statement. She also complains that the transcript contains a typographical error (*i.e.*, that line 15 on page 8 reflects that the word "should" was uttered when it was not). Finally, Ms. Harvey-Burgin asserts that she simply cannot recall certain comments made by the court as reflected at lines 16 through 25 on page 85 of the transcript.

A certified transcript is entitled to a statutory presumption of accuracy. *See* 28 U.S.C. § 753(b) (The "transcript in any case certified by the reporter . . . shall be deemed prima facie a correct statement of the testimony taken and proceedings had."). Mere assertions that the record is wrong are not sufficient to overcome this presumption. *Veillon v. Exploration Servs., Inc.*, 876 F.2d 1197 (5th Cir. 1989). In analyzing the merits of Ms. Harvey-Burgin's objections to the certified transcript of the settlement hearing, the court has carefully reviewed the transcript itself

and has relied on its own memory of what transpired at the settlement hearing. The court's review of the transcript reveals that only one of Ms. Harvey-Burgin's objections to the transcript has merit–her contention that the word "should" at line 15 on page 8 is a transcription error and should be deleted. With respect to her remaining objections, Ms. Harvey-Burgin has not overcome the statutory presumption of accuracy to which the transcript is entitled. Her contention concerning the omission of comments allegedly made by the court and plaintiffs' counsel are entirely inconsistent with the court's memory of what transpired at the hearing and, moreover, make little contextual sense. The transcript's failure to reflect certain physical movements made by Ms. Harvey-Burgin is not surprising as such intangibles are typically not captured in a transcript. Her failure to recall the comments made by the court at lines 16 through 25 on page 85 of the transcript is also not surprising given that the comments were made more than one year ago. Nonetheless, they are consistent with the court's recollection of what transpired.

The court has also asked the court reporter to review independently the transcript of the hearing as well as the stenographic notes of the hearing. As a result of her independent review, the court reporter has filed an amended certified transcript. This certified transcript, consistent with the court's analysis of Ms. Harvey-Burgin's objections, reflects only one change from the previous transcript–the deletion of the word "should" from line 15 on page 8. The fact that the amended certified transcript does not reflect any other changes suggested by Ms. Harvey-Burgin assures the court that the court reporter found no evidence supporting those changes in her stenographic notes. *See* 28 U.S.C. § 753(b).

3

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Harvey-Burgin's motion to correct the transcript of the final approval hearing (doc. 4701) is granted in part and denied in part.  It is granted to the extent that line 15 on page 8 of the transcript erroneously contains the word "should" (an error that has been corrected in the amended certified transcript) and is otherwise denied.

**IT IS SO ORDERED.**

Dated this 19th  day of December, 2008, at Kansas City, Kansas.

s/ John W. Lungstrum_____
John W. Lungstrum
United States District Judge